# IN THE DISTRICT COURT FOR THE UNITED STATES OF AMERICA
## WESTERN DISTRICT OF MICHIGAN
### *Southern Division*

**JANE DOE NO. 1**, an individual

                                       CASE NO. 25-CV-      -

                     Plaintiff,           **HON.**

**v.**

**CLINTON COUNTY, MICHIGAN**, a state of Michigan municipality
**SHERIFF SEAN DUSH,** individually and as employee/agent Clinton County
**CLINTON COUNTY SHERIFF'S OFFICE,**
**DEPUTY ALEXIS CHAPKO,** individually and as employee/agent Clinton County
**SERGEANT RICHARD STOUT,** individually and as employee/agent Clinton County
**DAWN THELEN, L.P.N.**, individually and as employee/agent Clinton County
**JOHN DOES**, to be named individually and as employees/agents Clinton County
**ADVANCED  CORRECTIONAL  HEALTHCARE, INC.,** an Illinois corporation

                     Defendants
_____/

## PERRONE LAW PLLC
Jacob A. Perrone (P71915)
Attorneys for Plaintiff
3310 Kresge Ln.
East Lansing, MI 48823
Phone: (517) 719-4657
jacob.perrone@yahoo.com
_____/

## <u>PLAINTIFF JANE DOE NO. 1 MOTION FOR LEAVE TO PROCEED UNDER PSUEDONYM</u>
_____/

       **NOW COMES** Plaintiff (hereinafter referred to as "*Jane Doe No. 1*" or "*Plaintiff*"), by

and through her attorneys, **PERRONE LAW PLLC,** and for her Motion for Leave to Proceed

Under Pseudonym states as follows:

Plaintiff, **Jane Doe No. 1**, respectfully moves the Court to allow her to proceed in this matter under a pseudonym for the reasons stated in the attached Memorandum of Law.

Respectfully submitted,

**PERRONE LAW PLLC**

Dated: March 23, 2025                    /s/*Jacob A. Perrone*_____

Jacob A. Perrone (P71915)
Attorney for *Plaintiff*
3310 Kresge Ln.
East Lansing, MI 48823
(517) 719-4657
jacob.perrone@yahoo.com

# IN THE DISTRICT COURT FOR THE UNITED STATES OF AMERICA
## WESTERN DISTRICT OF MICHIGAN
### Southern Division

**JANE DOE NO. 1**, an individual

                              CASE NO. 25-CV-     -
              Plaintiff,           **HON.**

**v.**

**CLINTON COUNTY, MICHIGAN**, a state of Michigan municipality
**SHERIFF SEAN DUSH,** individually and as employee/agent Clinton County
**CLINTON COUNTY SHERIFF'S OFFICE,**
**DEPUTY ALEXIS CHAPKO,** individually and as employee/agent Clinton County
**SERGEANT RICHARD STOUT,** individually and as employee/agent Clinton County
**DAWN THELEN, L.P.N.**, individually and as employee/agent Clinton County
**JOHN DOES**, to be named individually and as employees/agents Clinton County
**ADVANCED CORRECTIONAL HEALTHCARE, INC.,** an Illinois corporation

              Defendants.
_____/

**PERRONE LAW PLLC**
*Jacob A. Perrone (P71915)*
Attorneys for Plaintiff
3310 Kresge Ln.
East Lansing, MI 48823
Phone: (517) 719-4657
jacob.perrone@yahoo.com
_____/

## PLAINTIFF JANE DOE NO. 1 MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSUEDONYM
_____/

       **NOW COMES** Plaintiff (hereinafter referred to as "*Jane Doe No. 1*" or "*Plaintiff*"), by and through her attorneys, **PERRONE LAW PLLC,** and for her Memorandum of Law in Support of Motion for Leave to Proceed Under Pseudonym states as follows:

## LAW

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of a complaint must name all the parties." Under limited circumstances, however, courts allow parties to proceed under a pseudonym like "*Jane Doe*" to preserve their anonymity. Neither the Sixth Circuit nor the Supreme Court has expressly addressed the circumstances under which district courts should allow parties to remain anonymous. But several other courts have confronted the issue and articulated a variety of considerations. No single factor is dispositive. The court should "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Heather K. by Anita K. v. City of Mallard, Iowa*, 887 F. Supp. 1249, 1256 (N.D. Iowa 1995) (internal quotation marks omitted). In performing the analysis, the court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (citing, *inter alia*, *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *Doe v. Frank*, 951 F.2d 320, 323-24 (11th Cir. 1992)).

Courts have nevertheless "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 685 (11th Cir.2001). Indeed, we have approved of litigating under a pseudonym in certain circumstances, *see, e.g., Smith v. Edwards,* 175 F.3d 99, 99 n. 1 (2d Cir.1999) ("For the sake of the privacy of plaintiffs child, pseudonyms for plaintiff and his family are employed throughout this opinion."), but we

have not yet set forth the standard for permitting a plaintiff to do so, *see, e.g., Doe v. Menefee,* 391 F.3d 147, 149 n. 1 (2d Cir.2004) ("We decline to address the complex question of the applicable standards for litigating under a pseudonym under these circumstances."). Other Circuits have established such a standard.  Drawing on both the rules adopted by other Circuits and the experience of the district courts of our Circuit, the standard governing the use of pseudonyms in civil litigations has been established.

The courts that have considered this issue have framed the relevant inquiry as a balancing test that weighs the plaintiffs need for anonymity against countervailing interests in full disclosure.  In *Aware Woman Center,* the 11th Circuit explained that the "ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." 253 F.3d at 685 (internal quotation marks omitted). Likewise, the 10th Circuit "weights the plaintiffs claimed right to privacy against the countervailing public interest in [open proceedings]," *M.M. v. Zavaras,* 139 F.3d 798, 803 (10th Cir.1998), as does the 5th Circuit, *see Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. Unit A Aug.1981) (discussing "the balance pitting privacy concerns against the presumption of openness of judicial proceedings"). Similarly, the 9th Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs [1] prejudice to the opposing party and [2] the public's interest in knowing the party's identity." *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir.2000).

This balancing of interests entails the consideration of several factors that have been identified by our sister Circuits and the district courts in this Circuit. We note with approval the

following factors, with the caution that this list is non-exhaustive and district courts should take into account other factors relevant to the particular case under consideration: (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," *Zavaras,* 139 F.3d at 803; *see also James v. Jacobson,* 6 F.3d 233, 238 (4th Cir.1993); *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992); (2) "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties," *Jacobson,* 6 F.3d at 238; *see also Zavaras,* 139 F.3d at 803; *Doe v. Shakur,* 164 F.R.D. 359, 361 (S.D.N.Y.1996); (3) whether identification presents other harms and the likely severity of those harms, *see Advanced Textile Corp.,* 214 F.3d at 1068, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiffs identity," *Zavaras,* 139 F.3d at 803; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, *see Advanced Textile Corp.,* 214 F.3d at 1068, particularly in light of his age, *see Jacobson,* 6 F.3d at 238; *see also Del Rio,* 241 F.R.D. at 157; (5) whether the suit is challenging the actions of the government or that of private parties, *see Jacobson,* 6 F.3d at 238; *Frank,* 951 F.2d at 323; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, *see Advanced Textile Corp.,* 214 F.3d at 1068; (7) whether the plaintiffs identity has thus far been kept confidential, *see Del Rio,* 241 F.R.D. at 157; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, *see Advanced Textile Corp.,* 214 F.3d at 1068; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the

litigants' identities," *Del Rio*, 241 F.R.D. at 157; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff, *cf. Aware Woman Ctr.*, 253 F.3d at 687.

## ANALYSIS

Because this factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests, *see, e.g., Jacobson,* 6 F.3d at 239 ("[T]he judicial recognition of such factors [serves] as [a] guide[ ] to [the] proper exercise of discretion."),

*Jane Doe No. 1* faces real and serious risks if her identity is exposed. Thus, despite the serious fears for her health that led Ms. Doe to be a plaintiff in this lawsuit, she also "fear[s] what Defendants will do to me for making these facts public." This would constitute an egregious HIPPA violation. *Jane Doe No. 1*'s fears are consistent with the experiences of inmates at the Clinton County, Michigan Jail (hereinafter referred to as "*CCJ*") especially issues involving inmate safety as evidenced in the Complaint filed in **Document No. 1, ¶42**. Her employment and/or business interests could be negatively affected by her personal information being disclosed unrelated to employment and/or business.

Allowing *Jane Doe No. 1* to proceed under pseudonym in this case is especially important because her fears of reprisal and retaliation from *Clinton County* officials including the *CCSO* present a substantial obstacle to enforcement efforts of any kind, undermining the health and safety of inmates. Allowing *Jane Doe No. 1* to proceed anonymously in this case

000008

is the only way that an inmate will be able to assert his or her rights to address a constitutional

and human rights issue involving health privacy without public humiliation.

Moreover, there is no prejudice to Defendants caused by allowing *Jane Doe No. 1*

to  proceed anonymously.  Discovery of *Jane Doe No. 1's* identity would serve no purpose for

Defendants' ability to defend themselves in this action other than to harass and attempt to shame

or discredit her due to the medical issues that form the basis of this litigation.

For the same reasons, the public interest in open proceedings is minimally affected

by allowing *Jane Doe No. 1* to proceed anonymously. There is little for the public to learn

from *Jane Doe No. 1's* identity. Instead, the public interest is served by allowing *Jane Doe*

*No. 1* the reassurances of being able to raise allegations of what is happening at the *CCJ*

without fear of reprisal.

Finally, any potential harm to the public interest or to the fair, just, and expedient

resolution of this case can be resolved by allowing Doe to answer the Court's questions on an

ex-parte basis. She is willing to make herself available for this purpose.

*The Sixth Circuit Court of Appeals* has recognized pseudonymous suits as a limited

exception to the general rule that the parties' names must be stated in the complaint.

It is a general rule that a complaint must state the names of the parties. FED. R. CIV. P.

10(a). Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances

that justify an exception to this rule. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). When

determining whether such an exception is justified, a court may consider, among others, the

following factors:

"(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children."
*Id.* at 560 (internal quotes omitted). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *See id.* at 561.

*Citizens for a Strong Ohio v. Marsh,* 123 F. App'x 630, 636-37 (6th Cir. Jan. 3, 2005) (unpublished opinion) (emphasis in original).

Plaintiff asserts that factors (1) and (2) strongly apply in this case, and they weigh in favor of Plaintiff proceeding under a pseudonym. Plaintiff provides persuasive justification under factor (1), the operations of the CCJ is a governmental activity funded by taxpayers.

With regard to factor (2), Plaintiff's mental health and medical issues are so intimate and stigmatizing that it justifies proceeding pseudonymously. The plaintiff can provide documentation if necessary to substantiate her novel medical history that should remain protected. Plaintiff contends that the safety and privacy of her and her family during this action is outweighed by the need for judicial openness as codified in Rule 10(a).

## CONCLUSION

Plaintiff does not object to sharing her identity with the Court or Counsel for Defendants, and only requests that her identity be protected from disclosure to the public. Plaintiff, ***Jane Doe No. 1***, respectfully moves the Court to allow her to proceed in this matter under a pseudonym with respect to all documents available to the public in the above matter.

Respectfully submitted,

000010

**PERRONE LAW PLLC**

Dated: March 23, 2025            /s/*Jacob A. Perrone*_____

                                    Jacob A. Perrone (P71915)

                                    Attorney for *Plaintiff*

                                    3310 Kresge Ln.

                                    East Lansing, MI 48823

                                    (517) 719-4657

                                    jacob.perrone@yahoo.com