UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JANE DOE,

        Plaintiff,

v.

CLINTON, COUNTY OF et al.,

        Defendants.
_____/

Case No. 1:25-cv-320

Honorable Sally J. Berens

**ORDER**

This is a civil rights action brought by a former inmate of the Clinton County Jail under 42 U.S.C. § 1983. This matter is presently before the Court on Plaintiff's motion for leave to proceed under a pseudonym (ECF No. 2). For the following reasons, the Court will deny Plaintiff's motion.

**I.**    **Background and Procedural History**

Plaintiff alleges that, on June 7, 2023, Plaintiff was sentenced to 30 days in the Clinton County Jail (CCJ). (Compl., ECF No. 1, PageID.6.) While at the CCJ, Plaintiff was not permitted her prescribed Xanax. (*Id.*) As a result, Plaintiff experienced withdrawal symptoms, culminating in "a Xanax withdrawal induced seizure on June 10, 2023." (*Id.*) Plaintiff alleges that she was "intentionally, deliberately, and systematically disregarded" by Defendants and that Defendants exhibited "deliberate indifference to inmates['] health and wellness." (*Id.*, PageID.7.) Plaintiff further alleges that her "quality of life declined because of the physical injuries she suffered at CCJ . . ." (*Id.*, PageID.8.)

When commencing this case, Plaintiff identified herself as "Jane Doe No. 1." (*Id.*, generally.) She simultaneously filed a motion for leave to proceed under pseudonym. (ECF No.

2.) In her motion, Plaintiff states that she "fear[s] what Defendants will do to [her] for making these facts public." (*Id.*, PageID.23.) She also claims that "[h]er employment and/or business interests could be negatively affected by her personal information being disclosed unrelated to employment and/or business." (*Id.*)

**II.    Legal Standard**

"It is a general rule that a complaint *must* state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing Fed. R. Civ. P. 10(a)). A plaintiff is permitted to proceed anonymously only in exceptional circumstances that justify an exception to the general rule. *See id.* This is because naming the parties to litigation is more than a mere formality; "First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980)); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (recognizing "a 'strong presumption in favor of openness' as to court records"). Indeed, "[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Ericksen v. United States*, No. 16-cv-13038, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017)) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).

Accordingly, a plaintiff will be permitted to proceed anonymously only where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In assessing this balance, courts are instructed to consider:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs

>   to disclose an intention to violate the law, thereby risking criminal prosecution; and
>   (4) whether the plaintiffs are children.

*Id.* (quoting *Doe v. Stegall,* 653 F.2d 180, 185–86 (5th Cir. 1981)). Courts may also consider other factors, such as whether the plaintiff would risk harm if identified and whether allowing the plaintiff to proceed anonymously would prejudice any other parties by forcing them "to proceed with insufficient information to present their arguments . . ." *Citizens for a Strong Ohio*, 123 F. App'x at 636 (citing *Porter*, 370 F.3d at 561). Ultimately, the decision of whether to grant leave to proceed anonymously lies with the discretion of the Court. *Porter*, 370 F.3d at 560.

### III.   Analysis

In this case, Plaintiff's complaint satisfies only the first *Porter* factor, meaning that Plaintiff has filed a suit challenging government activity. However, Plaintiff has not established that any of the other circumstances are present, and her motion falls far short of establishing that her need for anonymity outweighs the prejudice to Defendants and the public's interest in knowing her identity.

> Courts have permitted plaintiffs to proceed anonymously "'[w]here the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," in cases in which the plaintiffs "were challenging the constitutional, statutory or regulatory validity of government activity." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712–13 (5th Cir.1979) (footnotes and citation omitted). Many of the plaintiffs "also had to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct." *Id.* at 713. No comparable circumstances exist here.

*G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (denying leave to proceed anonymously where the plaintiff's disabilities due to "Attention Deficit Disorder/unspecified learning disorder; sleep apnea; radiculopathy; anxiety disorder; dysthymic disorder; and cervical neck pain" did "not warrant nondisclosure"). Plaintiff is not a child and has not demonstrated that her lawsuit would require her to disclose matters "of the utmost intimacy" or "an intention to violate the law." *See Porter*, 370 F.3d at 560.

3

Though the Court does not dispute that Plaintiff fears retaliation and harm to her economic interests, "fear and risk are distinct concepts." *Doe #11 v. Lee*, No. 3:22-cv-00338, 2023 WL 1929996, at *5 (M.D. Tenn. Feb. 10, 2023) (denying leave to proceed anonymously where the plaintiff presented only a generalized and conclusory fear of harm and retaliation). Plaintiff's allegations that she "fear[s] what Defendants will do to [her]" and that her undefined economic interests "could" be negatively affected in some unidentified way are simply too vague and conclusory to warrant relief.

The fact that Plaintiff has been convicted and sentenced to 30 days in jail is already public record. And cases such as this, concerning the adequacy of medical care while in jail custody, are routinely filed in this Court by named plaintiffs. Ultimately, Plaintiff has not shown that her privacy interests "substantially outweigh the presumption of open judicial proceedings." *See Porter,* 370 F.3d at 560. Plaintiff must therefore proceed with this action, if at all, in her full name rather than anonymously.

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motion (ECF No. 2) for leave to proceed under a pseudonym. Plaintiff is ordered to file a notice containing her true name and corrected proposed summonses within 14 days of the date of this Order. The Clerk is **DIRECTED** to update, at that time, the case caption. Once Plaintiff files the notice of her true name, all subsequent filings must use Plaintiff's true name in the caption. Alternatively, if she does not wish to move forward, Plaintiff may withdraw her complaint without prejudice.

**IT IS SO ORDERED**.

Dated:  April 17, 2025                    /s/ Sally J. Berens
                                          SALLY J. BERENS
                                          United States Magistrate Judge