# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

MICHEALA MICHELLE LUDWICK,
an Individual,

     Plaintiff,

v.

CLINTON COUNTY, MICHIGAN, a state of Michigan municipality,
SHERIFF SEAN DUSH, individually and as employee/agent Clinton County,
CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO,
individually and as employee/agent Clinton County, SERGEANT RICHARD
STOUT, individually and as employee/agent Clinton County, DAWN THELEN,
L.P.N., individually and as employee/agent Clinton County, JOHN DOES, to be
named individually and as employees/agents Clinton County,
ADVANCED CORRECTIONAL HEALTHCARE, INC., an Illinois corporation

     Defendants.

Case No.: 25-cv-00320
Judge Jane M. Beckering
Mag. Judge Sally J. Berens

| | |
|---|---|
| JACOB A. PERRONE (P71915) | TIMOTHY S. FERRAND (P39583) |
| Dragon Lawyers PC | Cummings, McClorey, Davis & Acho, PLC |
| Attorney for Plaintiff | Attorney for Clinton County, Dush, Sheriff's |
| 325 East Grand River Ave., Suite 250 | Office, Chapko, Stout and John Does |
| East Lansing, MI 48823 | 19176 Hall Road, Suite 205 |
| (844) 525-3529 | Clinton Township, MI  48038 |
| Jacob.perrone@yahoo.com | (586) 228-5600 |
| | tferrand@cmda-law.com |
| | tlange@cmda-law.com |

## ANSWER TO COMPLAINT

    Defendants, CLINTON COUNTY, MICHIGAN, SHERIFF SEAN DUSH,

CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO,

SERGEANT RICHARD STOUT and JOHN DOES, by and through their attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, for their Answer to Plaintiff's

Complaint provides as follows:

## COMMON ALLEGATIONS

1.      This action arises under 42 USC §1983.  Jurisdiction is conferred by 28 USC §1331, §1343(a)(3) and (4).

**ANSWER:  Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

2.      Jane Doe No. 1 is a resident of the County of Clinton, State of Michigan, in the Western District of Michigan.

**ANSWER:  Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

3.      Defendant Clinton County was at all pertinent times a political sub-unit of the State of Michigan, in the Western District of Michigan.  (hereinafter referred to as "Clinton County") Clinton County was at all pertinent times legally obligated to enact policies, procedures, protocols, and customs, both written and unwritten, for its law enforcement officers to strictly follow, that conform with the laws of the State of Michigan and the laws of the United States, including the United States Constitution and is the body responsible for the control and oversight of its departments, agencies and facilities.

**ANSWER:  Defendants admit that Clinton County is a governmental entity located in the Western District of Michigan.  Defendants deny the remainder of**

**the allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

4.    Clinton County is responsible for the operation and staffing of the Clinton County Sheriff's Office (the "CCSO") and the Clinton County Jail ("CCJ") with said operating and staffing including the organization, training, operation and discipline of staff correctional officers and medical and mental health personnel at that facility.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

5.    At all times relevant, Defendant, Advanced Correctional Healthcare, Inc. (hereinafter "ACH"), was and is an Illinois corporation, doing business in Clinton County, and contracted with Clinton County to provide medical services to CCJ inmates and is responsible for the control and oversight of the operation and staffing of medical personnel and facilities at CCJ, including the organizations, hiring, training, operation, supervision, retention, and discipline of medical staff personnel at CCJ and the medical training of Clinton County correctional employees.

**ANSWER:  Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.**

6.    Sheriff Sean Dush is a resident of Clinton County Michigan, in the

Western District of Michigan, and at all material times was employed by CCSO as Sheriff.  ("Sheriff Dush")  He was a policy maker for the CCj and represented the ultimate repository of law enforcement power in the CCJ.  Sheriff Dush was responsible for the supervision and oversight of CCJ employees including but not limited to deputies and CCJ medical personnel including those contracted through ACH.  As Clinton County Sheriff, Sheriff Dush exercised administrative command, fiscal and policy making authority over CCSO and the CCJ, and at all times herein was acting under color of state law.  Sheriff Dush was acting within the scope of his employment under the color of State Law and is being sued in his official capacity as a policy maker and Sheriff of Clinton County.

**ANSWER:  Defendants object to this allegation which is based on a false legal premise.  Subject to said objection, Defendants admit that Sheriff Dush is the duly elected Clinton County Sheriff authorized to perform the duties of Sheriff in Clinton County Michigan.  Defendants deny the remainder of the allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

7.    As the Clinton County Sheriff, Sheriff Dush, was employed by statute to protect the lives and property of Clinton County citizens by enforcing state laws and local ordinance, investigating crimes, and detaining inmates remanded to the CCJ in a manner which maintains the highest degree of professional excellence, integrity and courtesy.  His duties also included performing law enforcement, jail

and support missions in a humane manner which reflects sensitivity to the dignity and equal rights of all citizens and reinforces the values of the community. These duties further included addressing misconduct and discipline of the sergeants, officers and medical staff working within the CCJ.

**ANSWER:  Defendants admit that Sheriff Dush is the duly elected Clinton County Sheriff with the constitutional and statutory authority afforded to him by Michigan Law.  Defendants deny the remainder of the allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

8.    At all times relevant, Defendant, Sergeant Richard Stout (hereinafter "Sergeant Stout"), upon information and belief, resided in the County of Clinton, State of Michigan, and was and is employed by the CCSO and as a Sergeant was responsible for supervising officers and jail medical staff, including the John Does. Sergeant Stout was acting within the scope of his employment and under the color of state law and is being sued in his individual and official capacity.

**ANSWER:  Defendants object to this allegation which is based upon a false legal premise.  Subject to said objection, Defendants admit that Sgt. Richard Stout is a Sheriff's Deputy assigned to perform duties at the Clinton County Jail.  Defendants deny the remainder of the allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

9.    Deputy Alexis Chapko ("Deputy Chapko") is a resident of Clinton

County Michigan, in the Western District of Michigan, and at all material times was employed by CCSO as a deputy corrections officer at CCJ. Deputy Chapko was acting within the scope of his employment and under the color of state law and is being sued in his individual and official capacity.

**ANSWER:  Defendants object to this allegation which is based on a false legal premise.  Subject to said objection, Defendants admit that Deputy Alexis Chapko is a Clinton County Sheriff's Deputy assigned to perform duties at the Clinton County Jail.  Defendants deny the remainder of the allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

10.    *Sergeant Stout, Deputy Chapko*, and Defendant *John Does* were acting within in their capacities as law enforcement officers, employed by *CCSO and CCJ* as such, acting under color of state law as trained by *Clinton County,* acting in the course and scope of their duties as law enforcement officers, and they are being sued both in their individual and official capacities. Inadequate information has been provided to date upon which to identify Defendants *John Does* by name, and this Complaint will be as amended as necessary when these defendants have been identified. Upon information and belief, each of these defendants resides within the Western District of Michigan.

**ANSWER:  Defendants admit that Sgt. Stout and Deputy Chapko acted within their capacity as Sheriff's Deputies.  Defendants deny the remainder of the**

**allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

11.    Dawn Thelen, L.P.N. ("Nurse Thelen") was at all material times was employed by CCJ as jail medical personnel, and upon information and belief, is a resident of the State of Michigan, County of Clinton, and was and is a licensed practicing nurse employed by Clinton County, CCSO, CCJ, and/or ACH, and was acting under the color of state law and in the course and scope of her employment with Clinton County, CCSO, CCJ, and/or ACH, and is being sued in her individual capacity.

**ANSWER:  Defendants object to this allegation which is based on a false legal premise.  Subject to said objection, Defendants deny the allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

12.    At all times relevant, each named individuals were employees/agents of Clinton County, CCSO, and/or the CCJ, engaging in the exercise of a governmental function and conduct within the course, scope and authority of his/her/their employment/agency with Clinton County, CCSO, and/or the CCJ.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

13.    Sheriff Dush, Sergeant Stout, Deputy Chapko, Nurse Thelen, John Does, and any other yet to be named CCJ medical personnel, both individually and

in their capacity as an agent of Clinton County, CCSO, CCJ and/or ACH. (hereinafter referred to as "CCJ Staff" unless identified specifically individually otherwise)

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and incomprehensible in its present form.**

14.    When the events alleged in this complaint occurred, CCJ Staff were acting within the scope of their employment and under color of law. At all material times, CCSO and/or CCJ employed CCJ Staff and is liable for their acts. The CCJ is also liable because of its policies, practices, and customs, which led to this complaint of violation.

**ANSWER:  Defendants deny that the events alleged in the Complaint occurred and deny the remainder of the allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

15.    Defendants are all being sued in their individual and official capacities. Defendant Clinton County is being sued under a Monell theory of liability for enacting policies, whether written or unwritten, that demonstrated deliberate indifference of suspects in its custody, such as Jane Doe No. 1. Such deliberate indifference is directly responsible for Jane Doe No. 1's significant and continuing debilitating physical and mental injuries.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

16.     This Court has jurisdiction over the claims set forth herein that arise out of federal law pursuant to 28 U.S.C. §§ 1331 & 1343 and has supplemental jurisdiction over the claims set forth herein that arise out of state law pursuant to 28 U.S.C. § 1367.

**ANSWER:  Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

17.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as the claims arise out of occurrences that took place within the Western District of Michigan, in the City of St. Johns, Clinton County, Michigan.

**ANSWER:  Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

## FACTUAL BACKGROUND

18.     On June 7, 2023, at or about 8:30 a.m. at the 65A Judicial District Court for the County of Clinton, State of Michigan, Jane Doe No. 1 was wrongfully sentenced to thirty (30) days jail and transported to the CCJ. Jane Doe No. 1 was at CCJ from the morning of June 7, 2023, until she had a Xanax withdrawal induced seizure on June 10, 2023, when she was taken on an emergent basis to University of Michigan Sparrow-Clinton Hospital ("Sparrow") Although it is a prescribed

medication CCJ wouldn't allow her to take it because it is a controlled substance.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and Plaintiff is barred from re-litigating these matters.**

19.     Jane Doe No. 1's seizure was directly attributable to CCJ Staff's deliberate indifference to her health, safety, and specific medical needs by preventing her from getting the medical care that she clearly needed resulting in a more severe seizure and recurrent seizures. Xanex is known to require monitoring for withdrawal symptoms and effectively providing some form of medication to counteract the loss of the anti-anxiety effects of Xanex, because it is well known for its withdrawal symptoms that can cause amongst other things seizures.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

20.     Jane Doe No. 1 went to Sparrow after approximately 3 days in CCJ because she couldn't eat and exhibited clear and obvious symptoms of Xanex withdrawal since she was processed into CCJ. She disclosed her prescribed use of Xanax in a medical screening when she processed into CCJ on June 7, 2023, and no referral was made for her to see a physician. Jane Doe No. 1 and her father repeatedly informed CCJ Staff of her previous prescribed Xanax use and her likelihood for withdrawal.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

21.    Jane Doe No. 1 repeatedly begged for help for 3 days after arriving at CCJ because something was horribly wrong, and she begged to get medical attention. She was consistently told that "she would be ok". She began exhibiting signs of Xanax withdrawal almost immediately after arriving at the CCJ and vomited multiple times prior to her seizure. Jane Doe No. 1 was intentionally, deliberately, and systematically disregarded by CCJ Staff who knew or should have known that preventative measures were necessary because of the likelihood of seizure resulting from Xanax Withdrawal.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

22.    CCJ Staff including but not limited to, specifically Nurse Thelen, Sergeant Stout, Deputy Chapko, and by extension Sherrif Dush appear to work on an antiquated custom that disregards CCJ inmates basic human needs and rights and their deliberate indifference to inmates health and wellness will be supported by the surveillance videos. They will show someone begging for their life and their requests for help or assistance being mocked. When she finally got to talk to Nurse Thelen she was summarily disregarded, shooed away, and Nurse Thelen told her "she would have to wait days until the following Wednesday to talk to a doctor."

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

23.     Jane Doe No. 1 requested help from other CCJ Staff 4 to 5 times a day including repeated reports to Sergeant Stout and Deputy Chapko to address her Xanex withdrawal and medical needs. Her father called CCJ repeatedly and talked to CCJ Staff multiple times requesting she be allowed to use her medications or provided with some other form of treatment to alleviate the side effects of the Xanex withdrawal. He was told that if he kept calling then "she would be put in a holding cell." CCJ Staff specifically Sergeant Stout, Deputy Chapko, and Nurse Thelen all were deliberately indifferent to and their actions fell well below the standard of care required of corrections deputies in a situation where they are in charge of someone who is in custody.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

24.     On the morning of June 10, 2025, Jane Doe No. 1 had a Zofran anti-nausea medication dropped off to counteract the Xanex withdrawals. She went to the medical unit and was sat down on a bench to take the Zofran. She had a seizure while sitting on the bench from the deprivation of not only medical attention but deprivation of her basic needs and her rights. This was her 1st lifetime seizure and she has had seizures since precipitated by the 1st.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

25.    Jane Doe No. 1's seizure was caused by Xanax withdrawal that could have easily been prevented if CCJ Staff responded at all to her obvious, communicated, and imminent needs. CCJ Staff told the paramedics that Jane Doe No. 1 had a panic attack and that was why she was in medical, but video evidence will show she went to the medical unit voluntarily to take Zofran. CCJ Staff lied to paramedics to cover up their deliberate indifference to Jane Doe No. 1's health and well-being.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

26.    Jane Doe No. 1's quality of life declined because of the physical injuries she suffered at CCJ, including but not limited to the seizure and head contusion and the attendant mental and emotional health issues she has also suffered as a result. The stigma she carries with her interferes with her general ability to enjoy a normal life.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

27.    CCJ Staff were acting in a manner consistent with a general policy at CCJ that inmates don't deserve basic human and medical necessities and should

suffer while incarcerated regardless of particularized need. Jane Doe No. 1 was deprived of her right to medical treatment because of the strict customs, policies, and procedures employed by CCJ that do not account for inmates with certain health classifications. CCJ Staff's deliberate indifference to the needs of Jane Doe No. 1 and CCJ inmates historically is irrefutable as more adequately pled below.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

28.    If a CCJ inmate has a novel or pre-existing medical condition CCJ Staff will intentionally and systematically deny inmates' basic right to medical care. Nurse Thelen has been known by CCJ inmates as a controlling and abusive authoritarian who fails to provide basic assistance, blames others for her indifference, and encourages other CCJ Staff to act in a similar manner. CCJ's deliberate indifference is well documented with complaints and lawsuits against Clinton County. CCJ's pride in being a "tough" jail has led to multiple instances were CCJ Staff has shown willful deliberate indifference to CCJ inmates basic human rights and dignities.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

29.    When Jane Doe No. 1 returned to CCJ from Sparrow, CCJ Staff would not allow her to take medication prescribed by Sparrow doctors, adding further insult to injury and supporting her contention that CCJ was deliberately indifference to her

medical condition.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

30.    Xanax withdrawal standard of care was established because it is a common and well-known occurrence that is known to cause seizures. CCJ did not have any policies or procedures regarding how to deal with an inmate faced with Xanax withdrawal, or their policies were customarily and systematically disregarded. CCJ Staff's inaction in the face of a known danger equates to a deliberate indifference to Jane Doe No. 1's mental and physical health and well-being.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

## COUNT I

## FOURTH, FIFTH AND FOURTEENTH AMENDMENT VIOLATIONS

31.    Jane Doe No. 1 incorporates by reference prior paragraphs.

**ANSWER:  Defendants incorporate by reference their answers to allegations 1 – 30 above.**

32.    Jane Doe No. 1's constitutionally protected rights that CCJ violated include the following:

  a.  the right to liberty protected in the substantive component of the Due

Process Clause of the Fifth and Fourteenth Amendments, which includes personal safety, freedom from captivity, and a right to medical care and protection.

    b.  the right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment

**ANSWER:  Defendants deny this allegation which is untrue and unsupported in fact and law.  In further response, Defendants provide as follows:**

    **a.**    **Denied.**

    **b.**    **Denied.**

33.    CCJ and CCJ Staff, acting under color of state law, took Jane Doe No. 1 into physical custody, not allowing Jane Doe No. 1's transfer by medical personnel to the hospital, as was requested by Jane Doe No. 1 and her father also repeatedly requested that she be provided with some type of treatment or care to offset the Xanax withdrawal symptoms. CCJ's established a special custodial relationship with Jane Doe No. 1 by taking her into custody, giving rise to affirmative duties on their part to secure for Jane Doe No. 1 the constitutionally protected rights identified above.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

34.    CCJ's violation of their affirmative duties, their intervention in

preventing Jane Doe No. 1's transfer to the hospital, and the delay caused by CCJ Staff's deliberate indifference to Jane Doe No. 1 prevented others from providing her constitutionally protected rights when she was unable to do so. This situation, while Jane Doe No. 1 was under CCJ and CCJ Staff's custodial control, is a direct and proximate cause of the subsequent deprivation of her constitutional rights described above.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

35.    CCJ Staff acting under color of state law, and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Jane Doe No. 1's constitutional rights. Further, their actions in detaining Jane Doe No. 1, given her medical condition, showed deliberate indifference to her serious medical needs and was a deprivation of Jane Doe No. 1 's constitutionally protected rights.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

36.    CCJ's detention of Jane Doe No. 1 was done with knowing disregard of an excessive risk to her health or well-being. While Jane Doe No. 1 was incarcerated, CCJ Staff had subjective, objective, and/or actual knowledge of Jane Doe No. 1's deteriorating health condition and continuously showed substantial

disregard to this condition as described above.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

37.    The surveillance videos of Jane Doe No. 1's time at CCJ should be preserved due to this incident being an "event response". Multiple inmates witnessed CCJ Staff willfully acting deliberately indifferent towards her medical needs despite her communicating her need for help and her exhibiting medically objective signs of the need for medical intention including but not limited to, looking pale, looking extremely fatigued, and sweating.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

38.    CCJ Staff also had video monitors from which they observed Jane Doe No. 1's objective signs of health crisis. CCJ Staff had subjective, objective, and/or actual knowledge, that Jane Doe No. 1 was vomiting and was suffering from other symptoms related to Xanax withdrawal.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

39.    Despite CCJ Staff's subjective, objective, and/or actual knowledge of Jane Doe No. 1's serious medical needs, having time to consider the consequences of their actions, and as days and hours passed while she continued to needlessly

suffer, CCJ Staff, particularly Sergeant Stout and Nurse Thelen deliberately ignored and were indifferent to Jane Doe No. 1's emergent signs and symptoms of Xanax withdrawal that were apparent.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

40.    Based upon CCJ Staff's observations and knowledge of Jane Doe No. 1's condition, her communications of her pain and suffering, and inmates' communications of the same, CCJ staff repeatedly made the intentional and measured decision to prevent her from receiving necessary medical attention, including either calling for emergency transport to an acute care facility and/or hospital.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

41.    Despite CCJ and ACH policies and procedures, CCJ Staff tolerated policies exhibiting a complete disregard and deliberate indifference of inmates' health and/or sanitary and/or safety needs as illustrated by the facts as fully set forth above as well as the following:

      a. Upon information and belief, prior to Jane Doe No. 1's incarceration, another inmate had overdosed on fentanyl while in the care and custody of Defendants.

b.  Upon information and belief, subsequent to Jane Doe No. 1's incarceration Jane Doe No. 2 was an inmate at CCJ and had to be rushed to the hospital from court after the Judge saw here deteriorating physical condition due to the jails deliberate indifference to her and her heart condition requiring a defibrillator that thankfully brought her back from flat line at Sparrow.

c.  Upon information and belief, despite multiple requests for help from Defendants, an inmate with MRSA did not receive medical attention until the infection on his face developed pus.

d.  Upon information and belief, another inmate with a genital infection was not seen until the area had become swollen and exhibited signs of pus.

e.  Upon information and belief, inmates, including Jane Doe No. 1, were refused the contracted for medical attention and care that CCJ was obligated to provide until inmates' medical conditions became so severe that CCJ was forced to send them to the hospital.

f.  Upon information and belief, inmates were often not given toilet paper and told to "fight for it." If they were not given toilet paper or could not acquire it, they were left to have a bowel movement and then take a shower to clean themselves.

g.  Upon information and belief, inmates were often not given mattresses upon arrival at CCJ and were also told to "fight for it."

h.  Upon information and belief, upon arrival at CCJ, some inmates did not receive any medical screening and/or it was woefully limited.

i.  Upon information and belief, when inmates were detoxing at CCJ, they would not receive medical attention for days despite requesting assistance.

j.  Upon information and belief, inmates were administering medications to other inmates, including but not limited to, insulin, administering blood sugar tests, and administering other medications.

k.  While incarcerated at CCJ, a diabetic inmate had low blood sugar, communicated this with CCJ and was ignored. Finally, the inmate received glucose tablets, however, CCJ would not give her the correct dose, causing her blood sugar fall to alarming levels by the time she was released; and.

l.  Against the policies and procedures of CCJ, video surveillance shows deputies dragging an inmate into a cell and covering up all the windows with a Velcro padding so that it was impossible to see and/or observe the inmate inside of the cell.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in**

fact and law, vague, ambiguous and ill-defined.    In further response, Defendants provide as follows:

     a.    **Denied.**

     b.    **Denied.**

     c.    **Denied.**

     d.    **Denied.**

     e.    **Denied.**

     f.    **Denied.**

     g.    **Denied.**

     h.    **Denied.**

     i.    **Denied.**

     j.    **Denied.**

     k.    **Denied.**

     l.    **Denied.**

42.    CCJ Staff showed complete disregard for Jane Doe No. 1's disclosed medical condition. Further, evidence will show that the CCJ and/or ACH adopted a policy of carelessness and dehumanization regarding its inmates.

**ANSWER:**  **Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

43.    As a direct and proximate result of CCJ and CCJ Staff's conduct, Jane

Doe No. 1 suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights described above.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

44.    Clinton County, Sheriff Dush, CCSO, and CCJ, ACH and/or CCJ Staff acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Jane Doe No. 1. As a direct and proximate result of these policies, practices, and customs, she was deprived of her constitutionally protected rights described above.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order dismissing the above-entitled litigation and awarding these Defendants their costs and attorney fees so wrongfully incurred.

## COUNT II

## EIGHTH AMENDMENT VIOLATIONS

45.    Jane Doe No. 1 incorporates by reference prior paragraphs.

**ANSWER:  Defendants incorporate by reference their answers to allegations 1 – 44 above.**

46.    The 8th Amendment of the U.S. Constitution provides, in pertinent part, that excessive bail may not be required, nor excessive fines be imposed nor cruel and unusual punishments be inflicted.

**ANSWER:  Defendants admit that the Eighth Amendment contains provisions pertaining to excessive bail, fines, and cruel and unusual punishment. Defendants deny the remainder of the allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

47.    CCJ's decisions (a) to detain Jane Doe No. 1, while knowing her medical condition and knowing that she could be immediately transported to the local hospital facility, and (b) to take Jane Doe No. 1 into their custody, creating a special relationship with her, violated Jane Doe No. 1's constitutionally protected 8th Amendment rights by exhibiting deliberate indifference to Jane Doe No. 1's serious medical needs as a result of CCJ Staff's failure to adequately protect and/or monitor Jane Doe No. 1's known and serious medical condition.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

48.    CCJ and CCJ Staff's detained Jane Doe No. 1 for days with willful, systematic, and deliberate indifference to her basic needs. The surveillance video from CCJ, from Jane Doe No. 1's time there, will support her abhorrent lack of treatment or care by CCJ Staff. She sustained serious injuries due to CCJ Staff's

deliberate indifference to her serious medical needs. This violated Jane Doe No. 1's constitutionally protected 8th Amendment right to be free from cruel and unusual punishment.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

49.    Despite having subjective, objective, and/or actual knowledge of Jane Doe No. 1's serious medical needs, CCJ Staff were deliberately indifferent to her serious medical needs and made the conscious decision to prevent her from being transported from CCJ to receive needed medical treatment. Instead, she continued to needlessly suffer. CCJ Staff repeatedly downplayed and disregarded the consequences of their actions and inaction, thereby violating Jane Doe No. 1's Constitutional right to be free from cruel and unusual punishment.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

50.    As a direct and proximate result of CCJ's actions, Jane Doe No. 1 suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

WHEREFORE, Defendants respectfully request this Honorable Court enter

an Order dismissing the above-entitled litigation and awarding these Defendants their costs and attorney fees so wrongfully incurred.

**PRAYER FOR RELIEF**

Plaintiff, Jane Doe No. 1, respectfully requests that this Court enter judgment against Defendants jointly and severally, both individually and as agents of Clinton County in an amount consistent with the damages sustained, award Jane Doe No. 1's reasonable attorneys' fees, costs, and other costs and disbursements in this action pursuant to 42 U.S.C. § 1988, and award all other further relief to which *Jane Doe No. 1* may be entitled including exemplary and punitive damages if discovery so merits.

<u>**ANSWER:**</u>  **WHEREFORE, Defendants respectfully request this Honorable Court enter an Order dismissing the above-entitled litigation, denying all relief sought by the Plaintiff and awarding these Defendants their costs and attorney fees so wrongfully incurred.**

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, P.L.C.***

By:  <u>*/s/ TIMOTHY S. FERRAND*</u>
Timothy S. Ferrand (P39583)
Attorney for Attorney for Clinton County, Dush, Sheriff's Office, Chapko, Stout and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600

Dated: September 2, 2025    tferrand@cmda-law.com

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

MICHEALA MICHELLE LUDWICK,
an Individual,

     Plaintiff,

v.

                                  Case No.: 25-cv-00320
                                  Judge Jane M. Beckering
                                  Mag. Judge Sally J. Berens

CLINTON COUNTY, MICHIGAN, a state of Michigan municipality,
SHERIFF SEAN DUSH, individually and as employee/agent Clinton County,
CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO,
individually and as employee/agent Clinton County, SERGEANT RICHARD
STOUT, individually and as employee/agent Clinton County, DAWN THELEN,
L.P.N., individually and as employee/agent Clinton County, JOHN DOES, to be
named individually and as employees/agents Clinton County,
ADVANCED CORRECTIONAL HEALTHCARE, INC., an Illinois corporation

     Defendants.

| | |
|---|---|
| JACOB A. PERRONE (P71915) | TIMOTHY S. FERRAND (P39583) |
| Dragon Lawyers PC | Cummings, McClorey, Davis & Acho, PLC |
| Attorney for Plaintiff | Attorney for Clinton County, Dush, Sheriff's |
| 325 East Grand River Ave., Suite 250 | Office, Chapko, Stout and John Does |
| East Lansing, MI 48823 | 19176 Hall Road, Suite 205 |
| (844) 525-3529 | Clinton Township, MI  48038 |
| Jacob.perrone@yahoo.com | (586) 228-5600 |
| | tferrand@cmda-law.com |
| | tlange@cmda-law.com |

## AFFIRMATIVE DEFENSES

     Defendants, CLINTON COUNTY, MICHIGAN, SHERIFF SEAN DUSH,

CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO,

SERGEANT RICHARD STOUT and JOHN DOES, by and through their attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, for their Affirmative Defenses

provide as follows:

1.    Plaintiff has failed to state a claim and/or cause of action upon which relief may be granted.

2.    Plaintiff cannot proceed in this litigation under the pseudonym Jane Doe No. 1.

3.    Clinton County is a governmental entity which cannot be held liable for the alleged constitutional deprivations on a theory of respondeat superior or vicarious liability.

4.    Plaintiff has failed to plead or identify a policy, practice or custom of Clinton County which violates the Constitution and/or demonstrate how the policy, practice or custom was the moving force behind the alleged constitutional deprivation.

5.    Clinton County is not a proper party to this litigation as Clinton County has no constitutional or statutory authority to make operational policies for Clinton County Sheriff's Deputies, Correction's Officers or the Clinton County Jail.

6.    The Clinton County Sheriff's Office is not a legal entity subject to suit.

7.    Sheriff Sean Dush is a constitutional officer with the statutory authority to operate the Clinton County Jail.  The County Sheriff cannot be held liable on a theory of respondeat superior or vicarious liability.

8.    Plaintiff has failed to plead or identify a Sheriff's policy, practice or

custom which violates the constitution and/or demonstrate how the policy, practice or custom was the moving force behind a constitutional deprivation.

9.    Plaintiff has failed to plead and cannot prove a claim for supervisory liability against Sheriff Dush.

10.    Sheriff Dush, Deputy Alexis Chapko and Sergeant Richard Stout are entitled to good faith and qualified immunity.

11.    Plaintiff has failed to identify any act, action or occurrence attributable to Sheriff Dush, Deputy Chapko and/or Sergeant Stout which violates a clearly established constitutional right.

12.    Plaintiff has failed to plead facts which would support a claim of supervisory liability against Sergeant Richard Stout.

13.    Plaintiff has failed to identify and serve John Doe Defendants.

14.    Plaintiff's claims for failure to diagnose and properly treat an underlying medical condition sound in malpractice and are barred by governmental immunity. They do not state a claim for deliberate indifference under the Fourteenth Amendment or cruel and unusual punishment under the Eights Amendment.

15.    Plaintiff's claims regarding prescribed medications and prescribed methods of treatment sound in malpractice and are barred by governmental immunity.

16.    Plaintiff's claims under the Fourth, Fifth, Eighth and Fourteenth

Amendments of the United States Constitution are barred by Plaintiff's failure to state a Fourth, Fifth or Eighth and Fourteenth Amendment claim.

17.    Plaintiff has failed to plead a proper *Monell* claim.

18.    Plaintiff's allegations of *Monell* liability against the Clinton County Jail (which is not a legal entity)  and/or Clinton County (which does not make operational policy for the jail) are improperly framed against improper parties.

19.    Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations and the two year statute of limitations applicable to a claim against a County Sheriff.

20.    Plaintiff's claims are barred by the absence of deliberate indifference, the absence of individual Defendants' knowledge of facts from which an inference of substantial risk of harm existed and the absence of evidence that any Defendant drew an inference or should have drawn an inference of substantial risk of harm and thereafter denied medical care or acted recklessly in regard thereto.

21.    Plaintiff's claims are barred by Plaintiff's intentional negligent and grossly negligent conduct.

22.    Plaintiff's claims are barred by Plaintiff's failure to disclose underlying medical conditions, care and treatment.

23.    Plaintiff's claims are barred as Plaintiff received medical care and treatment from independent medical providers.

24.    Plaintiff's claims are barred as these Defendants are not medical providers and cannot diagnose, treat or direct medical care or treatment.

25.    Plaintiff's claims are barred by Plaintiff's negligence which was 51% or more the cause of the event and injury complained of.

26.    Plaintiff's claims are barred to the extent that Plaintiff's percentage of fault is greater than the aggregate fault of all other parties.

27.    Plaintiff's claims may be barred in whole or in part by Plaintiff's voluntary intoxication by drug and or alcohol.

28.    Plaintiff's claims are barred by Plaintiff's failure to mitigate.

29.    Defendants reserve the right to add additional Affirmative Defenses as they become known through investigation and the discovery process.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, P.L.C.***

By:    */s/ TIMOTHY S. FERRAND*
Timothy S. Ferrand (P39583)
Attorney for Attorney for Clinton County, Dush,
Sheriff's Office, Chapko, Stout and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
Dated: September 2, 2025    tferrand@cmda-law.com

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

MICHEALA MICHELLE LUDWICK,
an Individual,

      Plaintiff,                                      Case No.: 25-cv-00320
                                           Judge Jane M. Beckering
v.                                                                     Mag. Judge Sally J. Berens

CLINTON COUNTY, MICHIGAN, a state of Michigan municipality,
SHERIFF SEAN DUSH, individually and as employee/agent Clinton County,
CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO,
individually and as employee/agent Clinton County, SERGEANT RICHARD
STOUT, individually and as employee/agent Clinton County, DAWN THELEN,
L.P.N., individually and as employee/agent Clinton County, JOHN DOES, to be
named individually and as employees/agents Clinton County,
ADVANCED CORRECTIONAL HEALTHCARE, INC., an Illinois corporation

      Defendants.

| | |
|---|---|
| JACOB A. PERRONE (P71915) | TIMOTHY S. FERRAND (P39583) |
| Dragon Lawyers PC | Cummings, McClorey, Davis & Acho, PLC |
| Attorney for Plaintiff | Attorney for Clinton County, Dush, Sheriff's |
| 325 East Grand River Ave., Suite 250 | Office, Chapko, Stout and John Does |
| East Lansing, MI 48823 | 19176 Hall Road, Suite 205 |
| (844) 525-3529 | Clinton Township, MI  48038 |
| Jacob.perrone@yahoo.com | (586) 228-5600 |
| | tferrand@cmda-law.com |
| | tlange@cmda-law.com |

## <u>RELIANCE ON JURY DEMAND</u>

      Defendants, CLINTON COUNTY, MICHIGAN, SHERIFF SEAN DUSH,

CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO,

SERGEANT RICHARD STOUT and JOHN DOES, by and through their attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., hereby rely upon the Jury

Demand previously filed by Plaintiff in the above-entitled cause of action.

Respectfully Submitted,

**_Cummings, McClorey, Davis & Acho, P.L.C._**

By:     /s/ TIMOTHY S. FERRAND
        Timothy S. Ferrand (P39583)
        Attorney for Clinton County, Dush, Sheriff's
        Office, Chapko, Stout and John Does
        19176 Hall Road, Suite 205
        Clinton Township, MI 48038
        (586) 228-5600
Dated: September 2, 2025       tferrand@cmda-law.com

## <u>_CERTIFICATE OF SERVICE_</u>

I hereby certify that on September 2, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: [none]

**_Cummings, McClorey, Davis & Acho, PLC_**

By:     /s/ TIMOTHY S. FERRAND