UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHEALA MICHELLE LUDWICK,

    Plaintiff,

v.                                                  Hon. Jane M. Beckering

CLINTON, COUNTY OF, et al.,                Case No. 1:25-cv-00320

    Defendants.

**ORDER**

This is a prisoner civil rights action filed on March 23, 2025. Summonses were issued June 5, 2025, after Plaintiff's failure to comply with an Order denying her leave to proceed under a pseudonym resulting in a Report and Recommendation to dismiss for lack of prosecution. (ECF Nos. 7, 9, 11, 13, 14.) A Notice of Impending Dismissal, issued on August 5, 2025, advised Plaintiff that more than 60 days had passed from the issuance of the summonses and defendants had not been served. (ECF No. 15.) On September 3, 2025, Plaintiff filed a summons returned executed as to Defendant Advanced Correctional Healthcare, Inc. reflecting personal service was executed that day to "Front Desk." (ECF No. 18.) It is not clear that the agent ("Front Desk") receiving service was authorized by appointment or by law to receive service of process for the named defendant.

Service on a corporation, partnership or association under the Federal Rules of Civil Procedure may be made by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). This means that personal service is required.

Service may also be made as authorized by state law. Fed. R. Civ. P. 4(h)(1)(A). Under Michigan law, service on a corporation may be accomplished as follows:

(1) serving a summons and a copy of the complaint on an officer or the resident agent;

(2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired.

(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if

(a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;

(b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or

(c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105(D). Here, Plaintiff has failed to effect proper service on Defendant Advanced Correctional Healthcare, Inc. by complying with the foregoing requirements.

Accordingly, within seven days, Plaintiff shall submit a completed summons for Defendant Advanced Correctional Healthcare, Inc. to the Clerk for issuance. Service is extended to October 3, 2025. Failure to comply will result in a recommendation for dismissal of this defendant.

**IT IS FURTHER ORDERED** that Advanced Correctional Healthcare, Inc. shall file an appearance of counsel and response within 21 days of service.

IT IS SO ORDERED.

Dated: September 15, 2025     /s/ Sally J. Berens
                                                                           SALLY J. BERENS
                                                                           U.S. Magistrate Judge