**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

Micheala Ludwick

      Plaintiff,

v.

Clinton County et al

      Defendants,

Case No.: 1:25-cv-00320
District Judge: Jane M. Beckering
Magistrate Judge: Sally J. Berens

---

| | |
|---|---|
| DRAGON LAWYERS, PC<br>Jacob A. Perrone (P71915)<br>*Attorney for Plaintiff*<br>325 East Grand River Ave., Suite 250<br>East Lansing, MI 48823<br>(844) 525-3529<br>jacob.perrone@yahoo.com | CHAPMAN LAW GROUP<br>Devlin K. Scarber (P64532)<br>*Attorney for Dawn Thelen, L.P.N.*<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>dscarber@chapmanlawgroup.com |

CUMMINGS MCCLOREY DAVIS & ACHO PLC
Timothy S. Ferrand (P39583)
*Attorney for Clinton County Defendants*
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

---

### DEFENDANT DAWN THELEN, L.P.N.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6), AND ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

NOW COMES Defendant DAWN THELEN, L.P.N., by and through her attorneys, CHAPMAN LAW GROUP, and for her Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) and alternatively, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, states as follows:

1.      On March 23, 2025, Plaintiff Micheala Ludwick filed her Complaint alleging civil rights violations under 42 U.S.C. §1983, and violations of her Fourth, Fifth, Fourteenth, and Eighth Amendment rights. (**ECF No. 1, PageID.2, 9, 13, 14**. ¶¶1, 32, 46).

2. According to Plaintiff's Complaint, the incident giving rise to this matter occurred from June 7, 2023 through June 10, 2023. (**PageID.6, ¶18**). However, LPN Thelen has not worked for ACH nor at the Clinton County Jail since October 2019, nearly four years before the time of Plaintiff's alleged incident. (See **Ex A**, Affidavit of LPN Thelen).

3. In Count I of Plaintiff's Complaint, Plaintiff fails to allege which particular individual Defendant violated Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights and fails to describe how each particular individual Defendant's actions apply to or invoke the specific amendment that Plaintiff describes as being violated. (**PageID.9-13, ¶¶31-44**). Instead, Count I collectively refers to "CCJ and CCJ Staff", as committing various, general and generic actions. (*Id.*).

4. Additionally, Count II of Plaintiff's Complaint alleges Eighth Amendment violations. (**PageID.13, ¶¶45-50**). Again, Plaintiff fails to allege which particular individual violated Plaintiff's Eighth Amendment rights and fails to describe how each particular individual Defendant's actions constitute an Eighth Amendment violation. (*Id.*). Instead, Count II collectively refers to "CCJ and CCJ Staff", as committing various, general and generic actions.

5. It is well established under the holdings of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting T*wombly*, 550 U.S. at 570 (2007)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id*. at 679.

6.    "Plaintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi,* 680 F.3d 617, 626 (6th Cir. 2005).

7.    "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate…if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

8.    Plaintiff's Complaint against LPN Thelen is either mistaken or ill-contrived, since LPN Thelen has not worked for ACH nor at the Clinton County Jail since October 2019, nearly four years before the time of Plaintiff's alleged incident. (See **Ex A**, Affidavit of LPN Thelen). There is no way possible that LPN Thelen could have been involved in this matter.

9.    Courts "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc v. Treesh*, 487 F3d 471, 476 (6th Cir., 2007) (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Tam Travel, Inc v. Delta Airlines, Inc*, 583 F3d 896, 903 (6th Cir., 2009) (citing *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). For the reasons more fully discussed in the accompanying brief, Defendant LPN Thelen seeks dismissal of Plaintiff's claims against her under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

10.    In the alternative, since LPN Thelen had not worked at the jail in over four years before Plaintiff's incident, "there is no genuine issue of dispute as to any material fact" that LPN Thelen was not involved in Plaintiff's incident.  Fed. R. Civ. P. 56(a). Therefore, summary judgment is appropriate.

11.    In an effort to seek concurrence, the undersigned counsel for Defendant communicated with Plaintiff's counsel, Mr. Perrone, on October 2, 2025 via detailed email setting for the basis of the herein motion, including the facts and the legal standards and arguments upon which the motion was based, and particularly that, at the time of Plaintiff's alleged incident, LPN Thelen had not worked at the jail in four years and was not and could not have been involved. Plaintiff's counsel did not respond with his concurrence.

WHEREFORE, Defendant DAWN THELEN, L.P.N respectfully requests this Honorable Court grant her Motion to Dismiss, and/or alternatively, her Motion for Summary Judgment, and dismiss Plaintiff's Complaint against her in its entirety, and grant such other relief as this court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated:  October 3, 2025

*/s/Devlin Scarber*
Devlin K. Scarber (P64532)
Attorney for Dawn Thelen, L.P.N
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

Micheala Ludwick

       Plaintiff,

v.

Clinton County et al

       Defendants,

Case No.: 1:25-cv-00320
District Judge: Jane M. Beckering
Magistrate Judge: Sally J. Berens

---

DRAGON LAWYERS, PC
Jacob A. Perrone (P71915)
*Attorney for Plaintiff*
325 East Grand River Ave., Suite 250
East Lansing, MI 48823
(844) 525-3529
jacob.perrone@yahoo.com

CUMMINGS MCCLOREY DAVIS & ACHO PLC
Timothy S. Ferrand (P39583)
*Attorney for Clinton County Defendants*
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

CHAPMAN LAW GROUP
Devlin K. Scarber (P64532)
*Attorney for Dawn Thelen, L.P.N.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

---

**BRIEF IN SUPPORT OF DEFENDANT DAWN THELEN, L.P.N.'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6), AND ALTERNATIVELY
MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

**PROOF OF SERVICE**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................................................iii

INDEX OF EXHIBITS...................................................................................................... v

STATEMENT OF ISSUES PRESENTED...................................................................... vi

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ............................ vii

I.    FACTUAL AND PROCEDURAL BACKGROUND................................................ 1

II.    LEGAL STANDARD......................................................................................... 2

    A.    Motion to Dismiss for Failure to State a Claim ................................................. 2

    B.    Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a)..................................... 4

III.    LEGAL ARGUMENT........................................................................................ 4

    A.    Plaintiff's Complaint Fails to State a Claim Under 42 U.S.C. §1983 Pursuant to Fed. R. Civ. P. 12(b)(6) against LPN Thelen. .................................................... 4

    B.    LPN Thelen Is Entitled to Summary Judgment Pursuant to Fed. R. Civ. P. Since There Is No Genuine Dispute that LPN Thelen Was Not And Could Not Have Been Involved in Plaintiff's Incident. ........................................................................ 9

IV.    CONCLUSION................................................................................................. 12

ii

# INDEX OF AUTHORITIES

**CASES**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)..................................................................... 4, 10

*Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928 (6th Cir. 1987) ............................................ 5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).................................................................. 4, 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................... passim

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 3, 4, 8

*Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984)....................................................................... 4, 8

*City of Taylor Gen. Employees Ret. Sys. v. Astec Indus.*, 29 F.4th 802 (6th Cir. Mar. 31, 2022) ... 5

*Comstock v. McCrary*, 273 F.3d 693 (6th Cir. 2001) ............................................................... 3, 5, 8

*Directv, Inc v. Treesh*, 487 F3d 471 (6th Cir., 2007)................................................................. 3, 9

*Doshi v. Gen. Cable Corp.*, 823 F.3d 1032 (6th Cir. 2016)............................................................. 5

*Dykes-Bey v. Finco*, 2021 U.S. App. LEXIS 2870, at *7 (CA 6, Feb. 2, 2021) ........................... 11

*Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631 (6th Cir. 2007) ........................ 3

*Farmer v. Brennan*, 511 U.S. 825 (1994) ..................................................................................... 3, 5

*Greene v. Barber*, 310 F.3d 889 (6th Cir. 2002)................................................................................ 9

*Gregory v. Shelby County*, 220 F.3d 433 (6th Cir. 2000)............................................................. 3, 9

*Grinter v. Knight*, 532 F.3d 567 (6th Cir. 2008)............................................................................... 9

*Grote v. Kenton Cnty.*, 85 F.4th 397 (6th Cir. Oct. 26, 2023) ........................................................ 5

*Hudson v. McMillian*, 503 U.S. 1 (1992)........................................................................................... 5

*Johnson v. Gulick*, 2022 U.S. Dist. LEXIS 244545, at *12 (ED Mich, Dec. 8, 2022)................. 11

*Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985)................................................................. 4, 10

*McGee v. Suciu*, 2021 U.S. Dist. LEXIS 106031, at *11-12, 13-14 (SD Ohio, June 7, 2021)..... 10

*Moore v. Corizon Health*, 2020 U.S. Dist. LEXIS 231163, at *8 (ED Mich, July 31, 2020) ...... 11

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046 (6th Cir. 2011)..................... 4

*Patterson v. Novartis Pharmaceuticals Corp.*, 451 F. App'x 495 (6th Cir. 2011)......................... 4

*Phillips v. Roane Cnty.*, 534 F.3d 531 (6th Cir. 2008) ................................................................... 3

*Reilly v. Vadlamudi,* 680 F.3d 617 (6th Cir. 2005)..................................................................... 4, 8

*Rizzo v. Goode*, 423 U.S. 362 (1976)........................................................................................... 4, 8

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988) ................................... 6

*Scott v. Harris*, 550 U.S. 372 (2007) ........................................................................................ 4, 10

*Siler v. Caruso*, 2011 U.S. Dist. LEXIS 11684, at *9 (WD Mich, Jan. 7, 2011) ......................... 11

*Stewart v. Becker*, 2014 U.S. Dist. LEXIS 134429, at *6-8 (WD Tenn, Sep. 24, 2014).............. 11

*Tam Travel, Inc v. Delta Airlines, Inc*, 583 F3d 896 (6th Cir., 2009) ............................................. 3

*Williams v. Mehra*, 186 F.3rd 685 (6th Cir. 1999) ........................................................................ 3

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565 (6th Cir. 2008)......................................... 4

### STATUTES

42 U.S.C. §1983.................................................................................................................. 1, 6, 10

### RULES

Fed. R. Civ P. 12(b)(6)............................................................................................................. 3, 12

Fed. R. Civ. P. 56.............................................................................................................. 4, 10, 12

Fed. R. Civ. P. 8...................................................................................................................... 3, 5

Fed. R. Civ. P. 56(a) ................................................................................................................ 4, 9

iv

## INDEX OF EXHIBITS

**EXHIBIT A**          Affidavit of Dawn Thelen, L.P.N.

v

## STATEMENT OF ISSUES PRESENTED

WHETHER PLAINTIFF'S COMPLAINT AGAINST LPN THELEN FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, REQUIRING DISMISSAL UNDER FED. R. CIV. P. 12(B)(6)?

Defendant Answers:                                    YES.
Plaintiff Answers:                                    NO.

WHETHER LPN THELEN IS ENTITLED TO SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56 SINCE THERE IS NO GENUINE DISPUTE THAT LPN THELEN WAS NOT, AND COULD NOT HAVE BEEN INVOLVED IN PLAINTIFF'S INCIDENT?

Defendant Answers:                                    YES.
Plaintiff Answers:                                    NO.

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Fed. R. Civ. P. 8(a)(2*). Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) (stating Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Instead, factual enhancement is required to "nudge [] the[] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the alleged conduct. *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556). While Plaintiffs are not required to make "detailed factual allegations[]" to survive a Fed. R. Civ. P. 12(b)(6) motion, the pleading requirements imposed by Fed. R. Civ. P. 8 "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Courts "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc v. Treesh*, 487 F3d 471, 476 (6th Cir., 2007) (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Tam Travel, Inc v. Delta Airlines, Inc*, 583 F3d 896, 903 (6th Cir., 2009) (citing *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

To avoid dismissal of his deliberate indifference claims, Plaintiff must allege that he had a "sufficiently serious" medical need, and must also show that for each allegation, a particular Defendant was subjectively aware of that serious medical need and consciously disregarded it. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir.

vii

2001); *Williams v. Mehra*, 186 F.3rd 685, 691 (6th Cir. 1999); *Phillips v. Roane Cnty.*, 534 F.3d 531, 540 (6th Cir. 2008). The Plaintiff must also make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Plaintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi,* 680 F.3d 617, 626 (6th Cir. 2005).

Summary judgment is appropriate if the moving party shows that there is no genuine issue as to any material fact, such that a reasonable jury could find only for the moving party – even when viewing the evidence in a light most favorable to the non-moving party. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); see also *Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). Plaintiff must do more than simply show that there is some metaphysical doubt as to the material facts because allegations alone are not sufficient to avoid summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Liberty Lobby*, 477 U.S. at 248.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On March 23, 2025, Plaintiff Micheala Ludwick filed her Complaint alleging civil rights violations under 42 U.S.C. §1983.  (**ECF No. 1, ¶1**). Plaintiff initially attempted to proceed as using a pseudonym, but that request was later denied by the court's April 17, 2025, which ordered Plaintiff to file a notice containing her true name within fourteen (14) days. (**ECF No 7**).  On May 19, 2025, the Court issued a Report and Recommendation ("R&R") recommending dismissal for want of prosecution and failure to comply with the rules and orders of this court. (**ECF No. 9**). Ultimately, on May 21, 2025, Plaintiff filed her Notice of True Name. (**ECF No. 11**), and the Court rendered the May 19, 2025 R&R as moot. (**ECF No. 13**).  On August 8, 2025, nearly five (5) months after Plaintiff filed her Complaint, the Court issued a Notice of Impending Dismissal for failure to timely serve her Complaint, ordering that the case would be dismissed by September 3, 2025. (**ECF No. 15**).  On September 3, 2025, Plaintiff filed a verified petition alleging that there were multiple persons named Dawn Thelen, and that Plaintiff had attempted and accomplished service "on the wrong Dawn Thelen in Clinton County."  (**ECF No. 22, PageID.112, ¶1**).  Plaintiff declared that she would effectuate service on, allegedly, the correct Dawn Thelen within thirty (30) days. (**Id. at ¶4**).  Then, on September 16, 2025, the Court issued an order striking Plaintiff's Verified Petition at ECF No. 22. (see **ECF No. 24**).  On September 23, Plaintiff filed another Verified Petition Regarding Service of Process, this time alleging that "SVC HAS SINCE BEEN COMPLETED ON DAWN THELEN ON SEPTEMBER 12, 2025, AS EVIDENCED BY CERTIFIED RETURN RECEIPT ATTACHED."  (**ECF No. 26, PageID.122**).  The return receipt document indicates the status as "Delivered, Individual Picked Up at the Post Office." (**PageID.126**).  The signature of the recipient is illegible, but it is clearly not signed by anyone

named Dawn Thelen.   (**PageID.126**).  This does not constitute service.   However, Plaintiff presented to the Court that service was completed on September 12, 2025. (**PageID.122**).

Plaintiff's Complaint names two (2) entities, Clinton County and Advanced Correctional Healthcare.  It also directly names four (4) individual Defendants (Sheriff Dush, Deputy Chapko, Sergeant Stout, and Dawn Thelen, L.P.N.), and unnamed "John Does" who are alleged to be "employees/agents of Clinton County.  In Count I of Plaintiff's Complaint, Plaintiff generally alleges violations under the Fourth, Fifth, and Fourteenth Amendments. (**PageID.9-13, ¶¶31-44**). However, Plaintiff fails to allege which particular individual Defendant violated Plaintiff's civil rights and fails to describe how each particular individual Defendant's actions apply to or invoke the specific amendment that Plaintiff describes as being violated.   (***Id.***).   Instead, Count I collectively refers to "CCJ and CCJ Staff", as committing various, general and generic actions.

Additionally, Count II of Plaintiff's Complaint alleges Eighth Amendment violations. (**PageID.13**, **¶¶45-50**). Again, Plaintiff fails to allege which particular individual violated Plaintiff's Eighth Amendment rights and fails to describe how each particular individual Defendant's actions constitute an Eighth Amendment violation.   (**Id.**). Instead, Count II collectively refers to "CCJ and CCJ Staff", as committing various, general and generic actions.

The next sections of Plaintiff's Complaint are her "Prayer for Relief" and "Demand for Judgment," which provide no detail to any Defendant, and particularly Dawn Thelen, L.P.N. regarding a particular constitutional right that she allegedly violated. (**PageID.15**).  The Complaint ends there.

## II.    LEGAL STANDARD
### A.  Motion to Dismiss for Failure to State a Claim

Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Instead, factual enhancement is required to "nudge[] the[] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the alleged conduct. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[A] complaint plead[ing] facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. While Plaintiff is not required to make "detailed factual allegations[]" to survive a Fed. R. Civ. P. 12(b)(6) motion, the pleading requirements imposed by Fed. R. Civ. P. 8 "demand more than an unadorned, the-defendant unlawfully harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Courts "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc v. Treesh*, 487 F3d 471, 476 (6th Cir., 2007) (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Tam Travel, Inc v. Delta Airlines, Inc*, 583 F3d 896, 903 (6th Cir., 2009) (citing *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

To avoid dismissal of his deliberate indifference claims, Plaintiff must allege that he had a "sufficiently serious" medical need, and must also show that for each allegation, a particular Defendant was subjectively aware of that serious medical need and consciously disregarded it. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); *Williams v. Mehra*, 186 F.3rd 685, 691 (6th Cir. 1999); *Phillips v. Roane Cnty.*, 534 F.3d

3

531, 540 (6th Cir. 2008). The Plaintiff must also make a clear showing that each named defendant was personally involved in the activity that forms the basis of the Complaint. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Plaintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi,* 680 F.3d 617, 626 (6th Cir. 2005).

### B.  Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a)

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is appropriate if the moving party shows that there is no genuine issue as to any material fact, such that a reasonable jury could find only for the moving party – even when viewing the evidence in a light most favorable to the non-moving party. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); see also *Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). Plaintiff must do more than simply show that there is some metaphysical doubt as to the material facts because allegations alone are not sufficient to avoid summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Liberty Lobby*, 477 U.S. at 248.

### III.    LEGAL ARGUMENT

### A.  Plaintiff's Complaint Fails to State a Claim Under 42 U.S.C. §1983 Pursuant to Fed. R. Civ. P. 12(b)(6) against LPN Thelen.

Under *Twombly* and *Iqbal*, it is no longer enough for a plaintiff to promise that he will be able to come up with the facts to support a claim following discovery. *See New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011); *Patterson v. Novartis Pharmaceuticals Corp.*, 451 F. App'x 495, 499 (6th Cir. 2011); *Winget v. JP Morgan Chase Bank,*

*N.A.*, 537 F.3d 565, 573 (6th Cir. 2008). Fed. R. Civ. P. 8 does not allow a plaintiff who has nothing but legal conclusions to file a complaint devoid of facts and then conduct discovery to locate support. *See Iqbal*, 556 U.S. at 678-79. Thus, it is well-established that conclusory, unsupported allegations of constitutional deprivation do not state a claim upon which relief can be granted. *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987).

A plaintiff's claim that he has received inadequate medical treatment while incarcerated is a claim that his Eighth Amendment right to be free from cruel and unusual punishment has been violated. *Id.* at 104-05. A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The court must ask both if the alleged wronging is objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

"To satisfy the subjective component, Plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). It is unclear whether Plaintiff was serving a sentence at the jail or was a pretrial detainee. If she was a pretrial detainee, in *Grote v. Kenton Cnty.*, 85 F.4th 397 (6th Cir. Oct. 26, 2023), the Sixth Circuit recently clarified its holding on the subjective component, holding that a pretrial detainee must prove "something akin to reckless disregard" to satisfy the second element of a deliberate-indifference claim. *Id*. The Sixth Circuit has held that recklessness is defined as "highly unreasonable conduct which is an extreme departure from the standards of ordinary care." *See City of Taylor Gen. Employees Ret. Sys. v. Astec Indus.,* 29 F.4th 802, 812 (6th Cir. Mar. 31, 2022) (quoting *Doshi v. Gen. Cable Corp.*, 823 F.3d 1032, 1039 (6th Cir. 2016)) (emphasis added). Accordingly, "[r]ecklessness requires more

than [mere] negligence . . ." *Id.* (emphasis added).

As will be discussed in more detail below, Plaintiffs' Complaint alleges deliberate indifference under 42 U.S.C. § 1983, but states no specific actions by Defendant LPN Thelen that would constitute deliberate indifference. The complaint must contain either direct or inferential allegations showing all the material elements under some viable legal theory to state a claim. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

According to Plaintiff's Complaint, the incident giving rise to this matter occurred from June 7, 2023 through June 10, 2023. (**PageID.6, ¶18**).  However, LPN Thelen has not worked for ACH nor at the Clinton County Jail since October 2019, nearly four years before the time of Plaintiff's alleged incident. (See **Ex A**, Affidavit of LPN Thelen).

In particular regard to LPN Thelen, Plaintiff's Complaint alleges that "Dawn Thelen, LPN ("Nurse Thelen") was at all material times employed by CCJ as a medical personnel…and was and is a licensed nurse employed by Clinton County, CCSO,CCJ, and/or ACH and was acting…in the course and scope of her employment…" (**PageID.4, ¶11**).  Plaintiff further alleges that when Plaintiff "finally got to talk to Nurse Thelen she was summarily disregarded, shooed away, and Nurse Thelen told her "she would have to wait days until the following Wednesday to talk to the doctor." (**PageID.7, ¶22**).  In the very next sentence, Plaintiff alleges that "she requested help from **other**[1] CCJ staff) 4 to 5 times a day including repeated reports to Sergeant Stout and Deputy Chapko and address her *Xanex* withdrawal and medical needs." (**PageID.7, ¶23**).  In the very next sentence, Plaintiff alleges that her father called CCJ repeatedly and talked to CCJ Staff multiple times requesting she be allowed to use her medications…" (**Id.**).  However, Plaintiff alleges that her father ("he") "was told that if he kept calling then "she would be put in a holding cell." CCJ

---

[1] Presumably, "other" means staff members other than LPN Thelen.

Staff, specifically Sergeant Stout, Deputy Chapko, and Nurse Thelen were all deliberately indifferent to and their actions fell below the standard of care required of corrections deputies in a situation where they are in charge of someone in custody.  (**PageID.7, last sentence of ¶23**).

Lastly, as it pertains to LPN Thelen, Plaintiff's Complaint alleges that "Nurse Thelen has been known by CCJ inmates as a controlling and abusive authoritarian who fails to provide basic assistance, blames others for her deliberate indifference, and encourages other CCJ Staff to act in a similar manner."  (**PageID.9, ¶28**). Again, LPN Thelen has not worked for ACH nor at the Clinton County Jail since October 2019, nearly four years before the time of Plaintiff's alleged incident. (See **Ex A**, Affidavit of LPN Thelen).

The above-discussed allegations are the only facts and statements that specifically pertain to LPN Thelen and her alleged involvement in this matter.  Notwithstanding that the allegations appear to be misstated or ill-contrived because of the simple fact that LPN Thelen had not worked at the CCJ for almost four years prior to Plaintiff's June 2023 incident, the Complaint fails to state any constitutional violations by LPN Thelen.  The only substantive claim alleged against LPN Thelen is that when the Plaintiff allegedly spoke with LPN Thelen, during their alleged conversation "Nurse Thelen told her 'she would have to wait days until the following Wednesday to talk to a doctor.'" (**PageID.7, ¶23**).  It is unclear precisely when this alleged conversation between Plaintiff and Thelen occurred or the precise nature or context of why the conversation was even taking place, nor the setting in which it occurred.  However, merely advising a patient that she would need to wait to talk to a doctor and advising them of the date that a doctor would be available to talk to them is not deliberate indifference.  There are no other facts alleged in the Complaint for any other interaction that involves LPN Thelen.  And particularly, there are no facts alleged against Thelen regarding her actual knowledge of Plaintiff's medical condition,

medications, or any personal observations of Plaintiff.  "To satisfy the subjective component, Plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock,* 273 F.3d 693 at 702. Plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo*, 423 U.S. 362 at 377; *Bellamy*, 729 F.2d at 421.  "Plaintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly*, 680 F.3d 617, 626 (6th Cir. 2005).

Also, the statement that, allegedly, LPN Thelen (or the phantom or improperly identified nurse) is generally known by other inmates as "a controlling and abusive authoritarian who fails to provide basic medical assistance, blames others for her deliberate indifference, and encourages staff to act in a similar manner" (¶28) is not connected to any facts alleged in Plaintiff's particular incident.  In fact, Plaintiff alleges that "other CCJ staff" were directly spoken to or called ("repeatedly" and "multiple times") by Plaintiff and her father, and that these "other CCJ staff" allegedly told her father that if he kept calling "she [Plaintiff] would be put in a holding cell." (**PageID.7**, ¶23).  Allegedly, the phantom or improperly identified nurse (improperly named as LPN Thelen), is not a law enforcement officer or deputy, and therefore cannot place Plaintiff in a holding cell to punish her.  Surely, LPN Thelen cannot place Plaintiff in a holding cell, and any such claim is not plausible as to LPN Thelen. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the alleged conduct. *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556). Courts "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc*

*v. Treesh*, 487 F3d at 476; *Gregory*, 220 F.3d at 446.   Furthermore, LPN Thelen cannot be vicariously liable for a sergeant or corrections officer's conduct.   See *Ashcroft v. Iqbal*, 556 US 662, 676 (2009), holding: "officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."   A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).

As noted above, Plaintiff's Complaint alleges violations of the Fourth Amendment and Fifth Amendment. (**PageID.9**, Count I's title).   The Fourth Amendment concerns a person's rights to be free from unreasonable searches and seizures.  Surely, LPN Thelen, nor any nurse conducted any searches or seizures on Plaintiff, and there are no factual allegations supporting any such claim. The Fifth Amendment primarily concerns criminal or civil legal proceedings, guaranteeing the right to a grand jury, preventing double jeopardy, and protecting against self-incrimination. Surely, neither LPN Thelen nor any nurse was involved in such proceedings, and there is no factual allegation supporting that they were.   For fundamental purposes, any Fourth Amendment and Fifth Amendment claims must be dismissed, since there is no legal or factual basis for such claims.

**B.  LPN Thelen Is Entitled to Summary Judgment Pursuant to Fed. R. Civ. P. Since There Is No Genuine Dispute that LPN Thelen Was Not And Could Not Have Been Involved in Plaintiff's Incident.**

In the alternative, since LPN Thelen had not worked at the jail in over four years before Plaintiff's incident, "there is no genuine issue of dispute as to any material fact" that LPN Thelen was not involved in Plaintiff's incident.  Fed. R. Civ. P. 56(a).

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is appropriate if the moving party shows that there is no genuine

9

issue as to any material fact, such that a reasonable jury could find only for the moving party –

even when viewing the evidence in a light most favorable to the non-moving party. Fed. R. Civ.

P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Adickes v. S.H. Kress & Co.*,

398 U.S. 144, 157 (1970); see also *Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). Plaintiff

must do more than simply show that there is some metaphysical doubt as to the material facts

because allegations alone are not sufficient to avoid summary judgment. *Scott v. Harris*, 550 U.S.

372, 380 (2007); *Liberty Lobby*, 477 U.S. at 248.

Simply put, if Plaintiff's incident allegedly occurred at the Clinton County Jail from June

7, 2023 to June 10, 2023, and LPN Thelen had not worked at Clinton County Jail since October

2019, it is impossible that LPN Thelen was involved.  Either Plaintiff is misstating the facts,

improperly identifying LPN Thelen, or fabricating a claim against LPN Thelen.  Under any of

these circumstances, summary judgment is appropriate for LPN Thelen.[2]

Personal involvement is a necessity for a claim based upon 42 U.S.C. § 1983.  Otherwise,

summary judgment is required.  See *McGee v. Suciu*, 2021 U.S. Dist. LEXIS 106031, at \*11-12,

13-14 (SD Ohio, June 7, 2021), holding:

> Personal involvement is a prerequisite to a section 1983 claim. *See Mullins v. Hainesworth*, No. 95-3186, 1995 U.S. App. LEXIS 36082, 1995 WL 559381, at \*1 (6th Cir. Sept. 20, 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 372, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976)) ("Liability [\*12] cannot be established absent a clear showing that the defendants were personally involved in the activity forming the basis of the alleged unconstitutional behavior.")
>
> \* \* \*
>
> Here, Defendant Suciu has sworn that he had no involvement in Plaintiff's medical treatment or Plaintiff's placement in a restraint chair….he is entitled to summary judgment on Plaintiff's claims because he had no personal involvement in the actions that form the basis of Plaintiff's Complaint.

---

[2] Also, to the extent that Plaintiff's Complaint is attempting to bring a claim for an incident that occurred in 2019 when Thelen was working as a nurse at the Clinton County Jail, the claim would be time-barred.

10

See also *Siler v. Caruso*, 2011 U.S. Dist. LEXIS 11684, at \*9 (WD Mich, Jan. 7, 2011), holding: "Plaintiff has failed to make any showing that Director Caruso was involved in his medical treatment or a conspiracy to deny him treatment. Accordingly, Director Caruso is entitled to summary judgment as to all of plaintiff's claims. In *Stewart v. Becker*, 2014 U.S. Dist. LEXIS 134429, at \*6-8 (WD Tenn, Sep. 24, 2014), the court held:

> The undisputed proof here shows that Defendant Presley had no personal involvement in Plaintiff's improper bunk assignment or in the failure to follow Plaintiff's medical restrictions and assign Plaintiff to a proper bunk…Without some proof that Defendant Presley took some action or failed to take some action concerning Plaintiff's bunk assignment, Plaintiff has failed to prove that Defendant Presley was deliberately indifferent to any serious medical need. Therefore, Defendant Presley's Motion for Summary Judgment is GRANTED.

See also *Dykes-Bey v. Finco*, 2021 U.S. App. LEXIS 2870, at \*7 (6th Cir., Feb. 2, 2021) where the Sixth Circuit held:

> McKee submitted an affidavit alongside his summary judgment motion, in which he averred that he "had no personal involvement with Dykes-Bey in any capacity." It is well-settled that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012); *see also Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Considering the foregoing, McKee satisfied his initial burden of demonstrating the absence of a genuine issue of material fact concerning whether he was personally involved in the alleged illegal activity.

Similarly, *Moore v. Corizon Health*, 2020 U.S. Dist. LEXIS 231163, at \*8 (ED Mich, July 31, 2020), the court held: "Defendant Campbell had no personal involvement in the alleged constitutional violation and is entitled to summary judgment on that basis."  The same result occurred in *Johnson v. Gulick*, 2022 U.S. Dist. LEXIS 244545, at \*12 (ED Mich, Dec. 8, 2022):

> Defendants Gulick and Sherry are administrators, not doctors. They work in Lansing, not at the Macomb Correctional Facility….Because there is no evidence that they were personally involved in the events underlying Plaintiff's Eighth Amendment claim, they are entitled to summary judgment.

Based upon LPN Thelen having no involvement, and in line with the law and court decisions throughout the Sixth Circuit holding that having no involvement necessarily means summary judgment, LPN is entitled to summary judgment in her favor.

## IV.    CONCLUSION

There can be no serious dispute, pursuant to Fed. R. Civ P. 12(b)(6) that Plaintiff failed to state any constitutional claims against Defendant LPN Thelen, and that summary judgment is proper as to LPN Thelen under Fed. R. Civ. P. 56 since LPN Thelen was not involved in Plaintiff's incident.

WHEREFORE, Defendant DAWN THELEN, L.P.N respectfully requests this Honorable Court grant her Motion to Dismiss, and/or alternatively, her Motion for Summary Judgment, and dismiss Plaintiff's Complaint against her in its entirety, and grant such other relief as this Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated:  October 3, 2025

/s/Devlin Scarber
Devlin K. Scarber (P64532)
Attorney for Dawn Thelen, L.P.N
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on October 3, 2025, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system.

/s/Devlin Scarber
Devlin K. Scarber (P64532)

12