# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DIVISION OF MICHIGAN
### *Southern Division*

**MICHEALA MICHELLE LUDWICK**,

            *Plaintiff*,

vs.

**CLINTON COUNTY et. al.,**

           Defendants.

_____/

Case No.: 1:25-cv-00320-JMB

Hon. ***Jane M. Beckering***

<table>
<tr><td>

**DRAGON LAWYERS PC ©**
Jacob A. Perrone (P71915)
Attorneys for Plaintiff
325 East Grand River Ave., Suite 250
East Lansing, MI 48823
Phone: (517) 719-4657
jacob.perrone@yahoo.com

</td><td>

**CUMMINGS MCCLOREY DAVIS & ACHO**
Timothy S. Ferrand (P39583)
Attorney for Clinton County, Chapko, Stout
19176 Hall Rd., Ste 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

**CHAPMAN LAW GROUP**
Devlin Kyle Scarber (P64532)
Attorney for Defendant Thelen
1441 W Long Lake Rd., Ste 310
Troy, MI 48098
(248) 644-6324
dscarber@chapmanlawgroup.com

</td></tr>
</table>

_____/

## PLAINTIFF MICHEALA LUDWICK'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

_____/

**NOW COMES** Plaintiff, ***Micheala Michelle Ludwick***, (hereinafter referred to as the

"*Plaintiff*") by and through his or her attorneys, **DRAGON LAWYERS PC ©**, and provides this

Response to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) and alternatively,

Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56.

*Plaintiff* requests that this Honorable Court deny Defendant's Motion to Dismiss and/or for Summary Disposition. The Motion to Dismiss and/or for Summary Judgment lacks more specific details than the alleged defects in the Complaint. If *Plaintiff* was shooed away by medical personnel when she asked for a prescription and was summarily denied it necessarily implies deliberate indifference.

Respectfully submitted by,

**DRAGON LAWYERS PC ©**

Dated: October 28, 2025

By: /s/*Jacob A. Perrone*_____
Jacob A. Perrone (P71915)
Attorney for *Plaintiff*
325 East Grand River Ave., Suite 250
East Lansing, MI 48823
(517) 719-4657
jacob.perrone@yahoo.com

## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DIVISION OF MICHIGAN
### *Southern Division*

**MICHEALA MICHELLE LUDWICK**,

     *Plaintiff*,       Case No.: 1:25-cv-00320-JMB

vs.            Hon. ***Jane M. Beckering***

**CLINTON COUNTY et. al.,**

     Defendants.

_____/

**DRAGON LAWYERS PC ©**    **CUMMINGS MCCLOREY DAVIS & ACHO**
Jacob A. Perrone (P71915)     Timothy S. Ferrand (P39583)
Attorneys for Plaintiff      Attorney for Clinton County, Chapko, Stout
325 East Grand River Ave., Suite 250  19176 Hall Rd., Ste 205
East Lansing, MI 48823     Clinton Township, MI 48038
Phone: (517) 719-4657     (586) 228-5600
jacob.perrone@yahoo.com    tferrand@cmda-law.com

             **CHAPMAN LAW GROUP**
             Devlin Kyle Scarber (P64532)
             Attorney for Defendant Thelen
             1441 W Long Lake Rd., Ste 310
             Troy, MI 48098
             (248) 644-6324
             dscarber@chapmanlawgroup.com

_____/

## PLAINTIFF MICHEALA LUDWICK'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

   **NOW COMES** *Plaintiff*, ***Micheala Michelle Ludwick*** , (hereinafter referred to as the

"*Plaintiff*") by and through his or her attorneys, **DRAGON LAWYERS PC ©,** and provides this

Memorandum of Law in Support of Response to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ.

P. 12(B)(6) and alternatively, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56.

**TABLE OF CONTENTS**

I.   FACTUAL BACKGROUND..............................................................................6

II.    LEGAL STANDARD ......................................................................... 7

III.    ARGUMENT ...................................................................................... 9

      A.    *PLAINTIFF UNCORROBORATED AND BIASED AFFIDAVIT IS NOT IN LINE WITH THE PLAINTIFF'S RECOLLECTION OF MS. THELEN'S ROLE IN THE CCJ AS A MEDICAL CONSULTANT* ............................................................................ 9

      B.    *PLAINTIFF HAS PLAUSIBLY PLED SIGNIFICANT, RELIABLE, AND VERIFIABLE FACTS IN LIGHT OF THIS BEING A FACT INTENSIVE DELIBERATE INDIFFERENCE CASE………..9*

IV.    CONCLUSION ................................................................................. 20

**TABLE OF AUTHORITIES**

**FEDERAL CASES**                                                                     <u>**Page**</u>

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)……………………………..7,9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................... 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).................................................... 10

*Bell v. Hood*, 327 U.S. 678 (1946).................................................................9

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) …………………………………………9, 11

*Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)………………………………………9

*Directv, Inc v. Treesh*, 487 F3d 471, 476 (6th Cir., 2007)…………………………………10

*Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)……11

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994)………………………………………………9

*Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)………………………………10

*Phillips v. Roane Cnty.*, 534 F.3d 531, 540 (6th Cir. 2008)……………………………………11

*Scott v. Harris*, 550 U.S. 372, 380 (2007)……………………………………………………..11

*Reilly v. Vadlamudi,* 680 F.3d 617, 626 (6th Cir. 2005)………………………………………12

*Rizzo v. Goode*, 423 U.S. 362, 377 (1976)……………………………………………………9

*Tam Travel, Inc v. Delta Airlines, Inc*, 583 F3d 896, 903 (6th Cir., 2009)…………………..10

*Williams v. Mehra*, 186 F.3rd 685, 691 (6th Cir. 1999)………………………………………11


## FEDERAL RULES

Federal Rule of Civil Procedure 8………....................................................................... 10
Federal Rule of Civil Procedure 12(b)(1)................................................................... 9
Federal Rule of Civil Procedure 12(b)(6)................................................................... 9,10

Federal Rule of Civil Procedure 56........................................................................…..9

## FACTUAL BACKGOUND

*Plaintiff*, **Micheala Michelle Ludwick**, (hereinafter referred to as "*Plaintiff*"), pled all elements of the claims in the Complaint against Dawn Thelen (the "Defendant"). As explained in greater detail below, *Plaintiff* has plausibly alleged a deliberate indifference claim against Defendant, Dawn Thelen as she was the only medical personnel.

On June 7, 2023, at or about 8:30 a.m. at the *65A Judicial District Court for the County of Clinton*, State of Michigan, *Plaintiff* was sentenced to thirty (30) days jail and transported to the *Clinton County Jail.* (the "*CCJ*") *Plaintiff* was at *CCJ* from the morning of June 7, 2023, until she had a *Xanax* withdrawal induced seizure on June 10, 2023, when she was taken on an emergent basis to *University of Michigan Sparrow-Clinton Hospital,* ("*Sparrow*") Although it is a prescribed medication *CCJ* wouldn't allow her to take it because it is a controlled substance. *Plaintiff*'s seizure was directly attributable to *CCJ Staff*'s deliberate indifference to her health, safety, and specific medical needs by preventing her from getting the medical care that she clearly needed resulting in more severe seizures and recurrent seizures. *Xanex* is known to require monitoring for withdrawal symptoms and effectively providing some form of medication to counteract the loss of the anti-anxiety effects of *Xanex*, because it is well known for its withdrawal symptoms that can cause amongst other things seizures.

Accordingly, *Plaintiff* respectfully requests that the Court deny Defendant's Motion in its entirety.

## LEGAL STANDARD

In resolving a facial attack to federal question jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must "assume [the Plaintiff's] allegations to be true and draw all reasonable inferences in his favor." Moreover, "jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional," and are only warranted "where the alleged claim under

the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The motion should be denied if the claim is plausible on its face, that is, if "the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Facial plausibility exists when the complaint alleges facts that permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard does not require a Plaintiff to prove his or her case, but only that the allegations in a complaint plead "more than a sheer possibility that the defendant has acted unlawfully." *See Ashcroft v. Iqbal, 556 U.S. 662 (2009)*

A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Fed. R. Civ. P. 8(a)(2*). Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) (stating Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Instead, factual enhancement is required to "nudge [] the[] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the alleged conduct. *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556). While Plaintiffs are not required to make "detailed factual

allegations[]" to survive a Fed. R. Civ. P. 12(b)(6) motion, the pleading requirements imposed by Fed. R. Civ. P. 8 "demand more than an unadorned, the-defendant-unlawfully-harmed- me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Courts "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc v. Treesh*, 487 F3d 471, 476 (6th Cir., 2007) (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Tam Travel, Inc v. Delta Airlines, Inc*, 583 F3d 896, 903 (6th Cir., 2009) (citing *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Plaintiff must do more than simply show that there is some metaphysical doubt as to the material facts because allegations alone are not sufficient to avoid summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Liberty Lobby*, 477 U.S. at 248.

1)    **ARGUMENT:** *NURSE THELEN'S UNCORROBORATED AND BIASED AFFIDAVIT DOESN'T COMPORT WITH THE PLAINTIFF'S RECOLLECTION OF MS. THELEN'S ROLE IN THE CCJ AS A MEDICAL CONSULTANT AT THE TIME OF HER STAY.*

This Court should deny the Motion to Dismiss and allow for further discovery to rule *Nurse Thelen* out as a person who provided *Plaintiff* medical care while she was at the *CCJ* because *Plaintiff* vividly recalls *Nurse Thelen* being involved with her medical, albeit ineffectively and in a malicious manner, and is willing to testify as to such. To the best of *Plaintiff's* recollection Nurse Thelen was assigned to provide her with treatment that she did not receive. Moreover, *Nurse Thelen* and her counsel fail to provide any other indicia of reliability as to the self-serving conclusory affidavit. Therefore, *Plaintiff* demands that she be given opportunity for discovery to show *Nurse Thelen's* role in this case. *Nurse Thelen* has been the target of other deliberate indifference claims while she worked at the CCJ in the past, most notably *Hehrer*, where *Nurse Thelen's* undersigned

counsel Scarbro also represented Nurse Thelen along with *Advanced Correctional Healthcare, Inc*, ("*ACH*") who although was provided email notice July 30, 2025, and certified mail served on the front desk at their headquarters, yet I am still chasing *ACH* for service when their attorney is filing a Motion to Dismiss on behalf of the individual that would otherwise be the representative of *ACH* if she were in fact working for *ACH* or at the *CCJ* during the time periods relevant to the Complaint. It should be noted that *Nurse Thelen* was alleged to have compromised the overall environment and demeanor of staff at the *CCJ* during her time there whenever it came to an end as that is to be determined.

2)    **ARGUMENT:** *PLAINTIFF HAS PLAUSIBLY PLED SIGNIFICANT, RELIABLE, AND VERIFIABLE FACTS IN LIGHT OF THIS BEING A CLAIM LARGELY BASED ON INACTION AND PROVING A NEGATIVE.*

To avoid dismissal of his deliberate indifference claims, Plaintiff must allege that she had a "sufficiently serious" medical need, and must also show that for each allegation, a particular Defendant was subjectively aware of that serious medical need and consciously disregarded it. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); *Williams v. Mehra*, 186 F.3rd 685, 691 (6th Cir. 1999); *Phillips v. Roane Cnty.*, 534 F.3d 531, 540 (6th Cir. 2008).

The Plaintiff must also make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Plaintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi,* 680 F.3d 617, 626 (6th Cir. 2005).

The Complaint contains ==articulable specific== facts supporting *Plaintiff's* claims of *Deliberate Indifference.*

The Complaint in this matter is replete with objectively verifiable factual allegations that more than substantiate a violation of 42 U.S.C. § 1983 and Plaintiff's constitutional right to be free from cruel and unusual punishment and or deliberate indifference to health or safety. While it is argued in the motion that there are not enough specific allegations as it pertains to *Nurse Thelen*, the opposite holds true.

If this Complaint is reviewed and the light most favorable to *Plaintiff*, it is more than plausible on its face as it creates the inevitable inference that the lack of any care, including any medical care amounts to more than the sheer possibility that *Nurse Thelen's* conduct was unlawful. Further, *Nurse Thelen's* counsel argues the Complaint is full of merely labels and conclusions, but the only boiler plate description of elements is solely used as a guide post to contrast the specific identifiable and verifiable facts, even to the extent that plaintiff alleged that the videos preserved from the incident would also support her claims. *Nurse Thelen's* council will also want you to believe *Plaintiff* failed to Make her medical needs appropriately known, but that flies in the face of the allegations made in the Complaint that she disclosed it on the initial medical screening, repeatedly asked for medical help, and her father also called specifically to request medical help for *Xanax* withdrawal fears.

This is a deliberate indifference case and is largely based on inaction so the facts are unlikely to be substantial by juxtaposition. *Nurse Thelen's* counsel's claims of factual insufficiency are disingenuous at best. While he states the Complaint lack specific factual allegations, his motion is wholly devoid. Only in an exceptional circumstance should this claim be dismissed, and only in the event it's immaterial, wholly unsubstantial and/or frivolous. These classifications apply more to the *Nurse Thelen's* motion then to the specific factual allegations made by *Plaintiff* underlying her

10

deliberate indifference claim. The *Plaintiff* will also have an opportunity for discovery as there is not a requirement to detailed factual findings.  Discovery will bolster *Plaintiff's* deliberate indifference claim that requires proving a negative, that *Nurse Thelen* specifically didn't act. *Plaintiff* requests the issue of attorney's fees held in abeyance until more developments come regarding *Nurse Thelen's* standing at the *CCJ* during the relevant time periods. The motion to dismiss is merely a boilerplate motion with conclusory allegations masquerading as attacks to the veracity of this extremely detailed and well-plead Complaint, that even relies on *CCJ's* historical problems with inmate health and safety.

Factually speaking, the *Plaintiff* identified that when she arrived at *CCJ* that she was going through *Xanax* withdrawals that she couldn't eat that she vomited multiple times and that she disclosed her prescription for *Xanax* at the medical screening. Further, she begged numerous people at *CCJ* for medical treatment specifically and been denied. *Nurse Thelen* was the nurse on duty and the person responsible for inmates' medical care. The Complaint alleged when *Plaintiff* finally got to see *Nurse Thelen,* (an indication that *Nurse Thelen* was either too preoccupied or ambivalent to inmates' needs) *Nurse Thelen* shooed the *Plaintiff* away when she was approached for medical assistance and told she would have to "wait for days to see a doctor" when she inquired into seeing one.

The Complaint also alleges that *Nurse Thelen* seemed to mock and appeared to wholly disregard **Plaintiff's** medical needs. As the sole and unavailing medical treatment provider for inmates at the CCJ Nurse Thelen would be the gatekeeper to provide the medical treatment that *CCJ* contracted with through *ACH* who at some point employed *Nurse Thelen* while she worked at or for the *CCJ*. The Complaint contained specific allegations that *Plaintiff* asked 4 to 5 times a day to anyone who would

listen but specifically to her point of contacts *Sergeant Stout* and *Deputy Chapko*, including, but not limited to *Xanax* withdrawals specifically.

While *Nurses Thelen* may not have been a direct point of contact on the post floor, she was the final point of contact for any type of medical treatment at *CCJ* during *Plaintiff's* stay. *Plaintiff*, in an attempt at appropriate due diligence identified historical inmate treatment issues and specifically *Nurse Thelen's* role in claims made by prior inmates regarding deliberate indifference. The crux of this claim is inaction in the face of known danger.

*Plaintiff* adequately pled *Xanax* withdrawal being a more than well-known and objective danger, especially in an institutional setting such as *CCJ*. *Plaintiff* tied all of the players together based on their respective roles, and it's axiomatic that *Nurse Thelen's* role as a medical clinician of last resort until "*next Wednesday*" could be deliberate indifference.  This is why the *CCJ* has been sued historically though for the same issues. *ACH* will be served, and they've had notice since July 30, 2025. *Nurse Thelen's* counsel received an email with all of the documentation and Complaints and Summons because he was *Nurse Thelen* and *ACH's* representative counsel in prior deliberate indifference litigation brought against *CCJ* and/or *ACH.* The motion to dismiss and for summary judgment is frivolous on its face indisputably. Therefore, I request the attorney's fees be held in abeyance until a determination can be made as to *Nurse Thelen's* employment and/or freelance contracting with *CCJ.*

### ***EXCERPTS COMPLAINT***

11.    ***Dawn Thelen, L.P.N.*** ("*Nurse Thelen*") was at all material times was employed by *CCJ* as jail medical personnel, and upon information  and  belief,  is  a resident  of  the  State  of Michigan, County of Clinton, and was and is a licensed practicing nurse employed by *Clinton County, CCSO, CCJ*,  ***and/or*** *ACH*, and was acting under the color of state law and in the course and scope of her employment with *Clinton County, CCSO, CCJ, and/or ACH*, and is being sued in her individual capacity.

20.    *Plaintiff* went to *Sparrow* after approximately 3 days in *CCJ* because she **couldn't eat and exhibited clear and obvious symptoms of** *Xanex* withdrawal after **she disclosed her prescribed use of** *Xanax* in a medical screening when she processed into *CCJ* on June 7, 2023, and no referral was made for her to see a physician. ***Plaintiff* and her father repeatedly informed *CCJ Staff* of her previous prescribed *Xanax* use and her likelihood for withdrawal.**

21.    *Plaintiff* **repeatedly begged for help for 3 days** after arriving at *CCJ* because something was horribly wrong, and **she begged to get medical attention**. She was consistently **told that "she would be ok".** She began exhibiting signs of *Xanax* withdrawal almost immediately after arriving at the *CCJ* and **vomited multiple times** prior to her seizure. *Plaintiff* was intentionally, deliberately, and systematically disregarded by *CCJ Staff* who knew or should have known that **preventative measures were necessary** because of the likelihood of seizure resulting from *Xanax* Withdrawal.

22.    *CCJ Staff,* including but not limited to, specifically *Nurse Thelen*, *Sergeant Stout*, *Deputy Chapko,* and by extension *Sherri Dush* appear to work on an antiquated custom that disregards *CCJ* inmates basic human needs and rights and their deliberate indifference to inmates health and wellness will be **supported by the surveillance videos**. They will show someone begging for their life and their **requests for help or assistance being mocked.** When she finally got to talk to *Nurse Thelen* she was **summarily disregarded, shooed away,** and *Nurse Thelen* told her **"she would have to wait days until the following Wednesday to talk to a doctor."**

23.    ***Plaintiff* requested help from other *CCJ Staff* 4 to 5 times** a day including repeated reports to *Sergeant Stout* and *Deputy Chapko* **to address her *Xanex* withdrawal and medical needs. Her father called *CCJ* repeatedly and talked to *CCJ Staff* multiple times** requesting she be allowed to use her medications or provided with some other form of treatment to alleviate the side effects of the *Xanax* withdrawal. He was told that if he kept calling then "*she would be put in a holding cell*." *CCJ Staff*, specifically *Sergeant Stout*, *Deputy Chapko*, and *Nurse Thelen* all were deliberately indifferent to and their actions fell well below the standard of care required of corrections deputies in a situation where they are in charge of someone who is in custody.

24.    On the morning of June 10, 2023, *Plaintiff* had a **_Zofran_ anti-nausea medication** dropped off to counteract the *Xanax* withdrawals. She went to the medical unit and was **sat down on a bench to take** the *Zofran*. She had a seizure while sitting on the bench from the deprivation of not only medical attention but deprivation of her basic needs and her rights. This was her 1st lifetime seizure, and she has had seizures since precipitated by the 1st.

25.     *Plaintiff's* seizure was caused by *Xanax* withdrawal that could have easily been prevented if *CCJ Staff* **responded at all to her obvious, communicated, and imminent needs.** *CCJ Staff* told the paramedics that *Plaintiff* had a panic attack and that was why she was in medical, but video evidence will show she went to the medical unit voluntarily to take *Zofran*. ***CCJ Staff* lied to paramedics** to cover up their deliberate indifference to *Plaintiff's* health and well-being.

26.     ***OMITTED***

27.     *CCJ Staff* were acting in a manner consistent with a general policy at *CCJ* that inmates don't deserve basic human and medical necessities and should suffer while incarcerated regardless of particularized need. *Plaintiff* was deprived of her right to medical treatment because of the strict customs, policies, and procedures employed by *CCJ* that do not account for inmates with certain health classifications. **CCJ Staff's deliberate indifference to the needs of *Plaintiff* and *CCJ* inmates historically is irrefutable** as more adequately pled below.

28.     If a *CCJ* inmate has a novel or pre-existing medical condition *CCJ Staff* will intentionally and systematically deny inmates' basic right to medical care. ***Nurse Thelen* has been known by *CCJ* inmates as a controlling and abusive authoritarian who fails to provide basic assistance, blames others for her indifference, and encourages other *CCJ Staff* to act in a similar manner.** *CCJ*'s deliberate indifference is **well documented** with complaints and lawsuits against *Clinton County*. *CCJ* 's pride in being a "tough" jail has led to multiple instances were *CCJ Staff* has shown willful deliberate indifference to *CCJ* inmates basic human rights and dignities.

29.     When *Plaintiff* returned to *CCJ* from *Sparrow*, *CCJ Staff* would not allow her to take medication prescribed by *Sparrow* doctors, adding further insult to injury and supporting *her* contention that *CCJ* was deliberately indifference to her medical condition.

30.     *Xanax* withdrawal standard of care was established because it is a common and well-known occurrence that is known to cause seizures. *CCJ* did not have any policies or procedures regarding how to deal with an inmate faced with *Xanax* withdrawal, or their policies were customarily and systematically disregarded. ***CCJ Staff*'s inaction in the face of a known danger** equates to a deliberate indifference to *Plaintiff's* mental and physical health and well-being.

## CONCLUSION

For the foregoing reasons, *Plaintiff* respectfully requests that the Court deny Defendant's

Motion in its entirety and award the *Plaintiff* his or her attorney fees and costs for defending this motion so wrongfully brought.

Respectfully submitted by,

**DRAGON LAWYERS PC ©**

Dated: October 28, 2025

By: /s/*Jacob A. Perrone*
Jacob A. Perrone (P71915)
Attorney for *Plaintiff*
325 East Grand River Ave., Suite 250
East Lansing, MI 48823
(517) 719-4657
jacob.perrone@yahoo.com

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served on October 28, 2025, via e-filing herein at their respective addresses as disclosed on the pleadings.

I declare that the statements above are true to the best of my knowledge, information and belief.

/s/ *Jacob A. Perrone*