IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Micheala Ludwick

    Plaintiff,

v.

Clinton County et al

    Defendants,

Case No.: 1:25-cv-00320
District Judge: Jane M. Beckering
Magistrate Judge: Sally J. Berens

---

DRAGON LAWYERS, PC
Jacob A. Perrone (P71915)
*Attorney for Plaintiff*
325 East Grand River Ave., Suite 250
East Lansing, MI 48823
(844) 525-3529
jacob.perrone@yahoo.com

CHAPMAN LAW GROUP
Devlin K. Scarber (P64532)
*Attorney for Dawn Thelen, L.P.N.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

CUMMINGS MCCLOREY DAVIS & ACHO PLC
Timothy S. Ferrand (P39583)
*Attorney for Clinton County Defendants*
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

---

**REPLY BRIEF IN SUPPORT OF DEFENDANT DAWN THELEN, L.P.N.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6), AND ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

As an initial matter, on Defendant Thelen's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, Plaintiff has failed to support her counter arguments with any applicable case law or citation to evidence on the record tending to rebut Ms. Thelen's assertions that she has not worked for ACH since 2019. (**PageID.166-167**). Rather, all Plaintiff relies on for her "demand" that she be given discovery is her own attorney's arguments in the Response brief asserting that Plaintiff "vividly" remembers Ms. Thelen. (**PageID.166**). However, "[a]rguments in parties' briefs are not evidence." *Duha v. Agrium*, Inc., 448 F.3d 867, 879 (6th Cir. 2006). "Rule 56(e)(2) leaves

no doubt about the obligation of a summary judgment opponent to make [his] case with a showing of facts that can be established by evidence that will be admissible at trial… ..”[1] *Everson v. Leis,* F.3d 484, 496 (6th Cir. 2009). Conclusionary statements without demonstrated evidentiary support will not defeat a motion for summary judgment. *Ferrari v. Ford Motor Co.,* 826 F. 3d 885, 897-898 (6th Cir. 2016) (quoting *Pearce v. Faurecia Exhaust Systems, Inc.,* 529 Fed Appx. 454, 458 (6th Cir. 2013. As the Sixth Circuit stated, a party responding to a summary judgment motion must "put up" supporting evidence or "shut up" regarding his claim. *Street v. JC Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir. 1989); *Cox v. Kentucky Dept of Transportation*, 53 F.3d 146, 149 (6th Cir. 1995).

Here, Nurse Thelen has properly supported her Motion for Summary Judgment with an affidavit documenting her lack of personal involvement in the complained-of care. (**PageID.154-156**). "Federal Rule of Civil Procedure 56(e) requires that the non-moving party confronted with a properly supported Motion for Summary Judgment 'set forth specific facts showing that there is a genuine issue for trial.' Otherwise, a district court may properly enter judgment before trial." *Cloverdale Equipment Co. v. Simon Aerials, Inc.* 869 F.2d 934, 937 (6th Cir. 1989). Plaintiff has failed to meet this burden and therefore Defendant Thelen is entitled to summary judgment based on a lack of personal involvement. *See Grant Vahovick v. Jill Dufrene, et al, E.D. Mich case No. 2:25-cv-11372-SKD-EAS, ECF No. 22, PageID.152*, (E.D. Mich Oct. 24, 2025) (Addressing the defendants' motion for summary judgment based on lack of personal involvement):

> [Plaintiff's] response neither addresses those affidavits nor includes evidence showing [defendants'] personal involvement. Thus, he fails to set forth specific facts showing a genuine issue for trial and [defendants'] motion for summary judgment should be granted.

---

[1] Although not discussed infra, Plaintiff's reliance on references to the *Hehrer* matter would not constitute admissible evidence. Pursuant to Fed. R. Evid. 604, allegations of prior bad acts cannot be used to prove future conformity therewith. The arguments raised by Plaintiff regarding prior allegations of deliberate indifference are thus inadmissible attempts to argue prior bad acts and future conformity therewith.

2

(internal citations omitted). Moreover, Plaintiff's reference to the case of *Hehrer v. Clinton County et al*, E.D. Mich Case No. 1:20-cv-01079-JTN-RSK, is misplaced and nonsensical. First, the deliberate indifference claims against Nurse Thelen in *Hehrer* were dismissed on a Motion to Dismiss at the onset of the case. *See E.D. Mich Case No. 1:20-cv-01079-JTN-RSK ECF No. 50, PageID.640*. Second, in the *Hehrer* matter, Nurse Thelen specifically testified, under oath, that she quit working for ACH in "fall or winter of 2019." *See E.D. Mich Case No. 1:20-cv-01079-JTN-RSK ECF No. 121-5, PageID.3476-3477*.

Addressing Plaintiff's Response to Nurse Thelen's Motion to Dismiss, once again, Plaintiff fails to cite to any applicable case law supporting her assertions that her claims, as vaguely stated in her Complaint, contain enough facts to survive a motion to dismiss. As such, Plaintiff should be deemed to have waived any responsive arguments. It is axiomatic to American jurisprudence that a party must support its assertions and arguments with appropriate and applicable citations to authorities supporting that position. *See Capital Park Ltd. Dividend Hous. Ass'n v. Jackson*, 202 Fed. Appx. 873, 879-880 (6th Cir. 2006) (deeming that the plaintiff's arguments that were not supported by any citation to authority were waived); *In Re Crawford*, 653 B.R. 627, 635 (S.D. Ohio B.R. Ct. 2023) (holding that the debtors failure to cite to any legal authority supporting their position was fatal to the debtors motion); *Sanders v. JGWPT Holdings, Inc.,* 2016 U.S. Dist. LEXIS 97722, *11 (N.D. Ill. July 26, 2016) ("It is not the Court's responsibility to find arguments, facts, and supporting case law for the parties."); *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

As discussed in Nurse Thelen's principal brief, <u>the only substantive allegations raised against LPN Thelen is that when the Plaintiff allegedly spoke with her, "Nurse Thelen told her 'she</u>

3

would have to wait days until the following Wednesday to talk to a doctor.'" (**PageID.7, ¶23**). Based on the lack of facts pled in the Complaint, it is unclear precisely when this alleged conversation between Plaintiff and Nurse Thelen occurred; the precise nature or context of the conversation; nor the setting of the conversation. Merely advising a patient that she would need to wait to talk to a doctor and advising them of the date that a doctor would be available to talk to them is not deliberate indifference. It is important to remember that Ms. Thelen is an *L.P.N.* and *cannot* order medication such as the Xanax at the heart of Plaintiff's claims. As such, it is entirely reasonable for *LPN* Thelen to defer questions about prescription medication to a physician with the ability to order said medications. To the extent Plaintiff is attempting to argue that Nurse Thelen should have somehow made a physician available on demand to address the Xanax issue, such allegations are nothing more than disagreement with the care provided. However, a "difference of opinion between a plaintiff and his [medical provider] regarding his diagnosis and treatment do[es] not state an Eighth Amendment claim." *Smith v. Sator*, 102 F. App'x. 907, 909 (6th Cir. 2004).

## **CONCLUSION**

There can be no serious dispute, pursuant to Fed. R. Civ P. 12(b)(6) that Plaintiff failed to state any constitutional claims against Defendant LPN Thelen, and that summary judgment is proper as to LPN Thelen under Fed. R. Civ. P. 56 since LPN Thelen was not involved in Plaintiff's incident.

WHEREFORE, Defendant DAWN THELEN, L.P.N respectfully requests this Honorable Court grant her Motion to Dismiss, and/or alternatively, her Motion for Summary Judgment, and dismiss Plaintiff's Complaint against her in its entirety, and grant such other relief as this Court deems just and equitable.

|  |  |
|---|---|
|  | Respectfully submitted,<br>CHAPMAN LAW GROUP |
| Dated:  November 11, 2025 | */s/Devlin Scarber*<br>Devlin K. Scarber (P64532)<br>Attorney for Dawn Thelen, L.P.N<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>dscarber@chapmanlawgroup.com |

**PROOF OF SERVICE**

I hereby certify that on November 11, 2025, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system.

*/s/Carolina Andrade*
Carolina Andrade, Legal Assistant
**On Behalf of Devlin Scarber (P64532)**