UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHEALA MICHELLE LUDWICK,

               Plaintiff,                                  Hon. Jane M. Beckering

v.                                                Case No. 1:25-cv-320

CLINTON COUNTY, et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Micheala Ludwick has sued Clinton County, Clinton County Sheriff Sean Dush, the Clinton County Sheriff's Office, Deputy Alexis Chapko, Sergeant Richard Stout, Dawn Thelen, L.P.N., Unknown Parties identified as Clinton County Employees, and medical contractor Advanced Correctional Healthcare, Inc., pursuant to 42 U.SC. § 1983 alleging constitutional violations arising out of her incarceration in the Clinton County Jail (CCJ) during June 2023. In particular, Ludwick alleges that Defendants were deliberately indifferent to her serious medical need in violation of the Eighth Amendment by failing or refusing to provide her Xanax, which she had been prescribed, resulting in a withdrawal seizure.

Presently before me is Defendant Thelen's Motion to Dismiss, and Alternatively, Motion for Summary Judgment. (ECF No. 30.) The motion is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED** and that Defendant Thelen be **dismissed** from this action.

## I.      Background

Ludwick alleges that on June 7, 2023, she was sentenced to 30 days incarceration and was transported to the CCJ. She alleges that during intake, she disclosed her Xanax prescription on her

medical screening form, but she was not referred to see a physician. (ECF No. 1 at PageID.6.) Ludwick alleges that she was not allowed to take Xanax at CCJ because it was a controlled substance. However, she and her father repeatedly informed CCJ staff of her Xanax prescription and the likelihood of withdrawal symptoms if she was denied its use. (*Id.*)

Over the next few days, Ludwick experienced Xanax withdrawal symptoms, including diminished appetite and vomiting. (*Id.* at PageID.6–7.) Ludwick alleges that she begged for help for three days after arriving at CCJ because something was "horribly wrong." (*Id.* at PageID.7.) Ludwick alleges that she was "intentionally, deliberately, and systematically disregarded by CCJ Staff who knew or should have known that preventative measures were necessary because of the likelihood of seizure resulting from Xanax [w]ithdrawal," although she does not specifically identify these staff members who should have known about Xanax withdrawal. (*Id.*) Ludwick's father repeatedly called and complained to jail staff about her lack of access to her mediations or some alternate form of treatment that would alleviate the effects of Xanax withdrawal, but jail staff told him that if he kept calling "she would be put in a holding cell." (*Id.*) Ludwick claims that when she finally was able to speak to Defendant Thelen, Defendant Thelen "summarily disregarded" her, "shooed [her] away," and told her "she would have to wait days until the following Wednesday to talk to a doctor." (*Id.*) However, Ludwick does not allege when this conversation occurred or what she told Nurse Thelen. Ludwick requested help from "other CCJ Staff," including Sergeant Stout and Deputy Chapko, four to five times per day with her Xanax withdrawal symptoms, but her medical needs were ignored. (*Id.*)

On June 10, 2025, Ludwick went to the medical unit to take Zofran, an anti-nausea medication to counteract Xanax withdrawal symptoms, that someone had dropped off at the jail. Shortly after she arrived to take the Zofran, Ludwick had a seizure and was taken to a local hospital

for emergency treatment. (*Id.* at PageID.6, 8.) Ludwick alleges that, upon her return from the hospital, CCJ staff refused to allow her to take the medication prescribed by the hospital doctors. (*Id.* at PageID.9.) Ludwick alleges that as a result of Defendants' disregard of her medical need, she has since suffered several more seizures, as well as physical and emotional injury. (*Id.* at PageID.8, 15.)

In support of her motion for summary judgment, Defendant Thelen submits an affidavit stating that she has not worked at the CCJ since October 2019. (ECF No. 30-1.) Defendant Thelen thus contends that if Ludwick's allegation that the events giving rise to her action occurred in June 2023 is accurate, she could not have been involved in the alleged constitutional violation.

## II.    Discussion

Defendant Thelen brings her motion as a motion to dismiss and, alternatively, as a motion for summary judgment based on her affidavit. In light of Defendant Thelen's affidavit, I find it appropriate to consider the motion as one for summary judgment.

### A.    Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### B.    Analysis

As noted, Defendant Thelen has presented an affidavit stating that she has not worked at the CCJ since October 2019. Because the alleged unconstitutional acts occurred in June 2023, Thelen's affidavit demonstrates that she was not present in the CCJ during that time and could not have violated Ludwick's Eighth Amendment rights. Where, as here, the movant properly supports her motion for summary judgment, the nonmoving party must set forth specific facts showing that a genuine issue remains for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Ludwick fails to present any competent evidence refuting Defendant Thelen's affidavit. Ludwick contends, however, that she should be allowed an opportunity for discovery to show Thelen's role in this case. (ECF No. 32 at PageID.166.) But if Ludwick needs discovery, she or her counsel should have filed an affidavit or declaration outlining her need for discovery. Fed R. Civ. P. 56(d). The Sixth Circuit has "observed that filing an affidavit that complies with Rule 56(d) is essential, and that in the absence of such a motion or affidavit, 'this court will not normally address whether there was adequate time for discovery.'" *Unan v. Lyon*, 853 F.3d 279, 292 (6th Cir. 2017) (quoting *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995)). Ludwick's failure to file a Rule 56(d) affidavit or declaration is fatal to her request for discovery.

Alternatively, Ludwick could have simply presented her own sworn testimony through an affidavit or declaration confirming that Defendant Thelen was the nurse at CCJ assigned to provide Ludwick medical care in June 2023. By doing so, Ludwick could have created a genuine issue of material fact by presenting the factual basis for her belief that Defendant Thelen was the nurse assigned to provide her medical care during her June 2023 incarceration at the CCJ. In lieu of doing so, her counsel states, "To the best of *Plaintiff's* recollection Nurse Thelen was assigned to provide her with treatment that she did not receive." (*Id.* (italics in original).) But counsel's statement is insufficient to rebut Defendant Thelen's summary judgment evidence. *See Duha v.*

4

*Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in parties' briefs are not evidence."); *Abney v. Craig*, No. 19-10019, 2020 WL 7480547, at *3 (E.D. Mich. Dec. 18, 2020) (noting that "unsworn statements in briefs are not evidence for purposes of summary judgment") (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970)).

Ludwick also attacks Thelen's affidavit as unsupported by "any other indicia of reliability," due to its "self-serving" and "conclusory" nature. (*Id.*) This is not a basis to reject Thelen's affidavit. First, she clearly has personal knowledge about whether she has worked at the CCJ since 2019. She, of all people, should know. Second, Thelen's affidavit is not conclusory. It states a fact: Thelen has not worked at the CCJ since October 2019. Last, the affidavit is undoubtedly self-serving, but this is no basis to disregard it. *See Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 (6th Cir. 2010) ("A court may not disregard evidence merely because it serves the interests of the party introducing it."); *see also Niemi v. NHK Spring Co.*, 543 F.3d 294, 300 (6th Cir. 2008) ("[Plaintiff's] affidavit, albeit arguably self-serving, is not 'no evidence.'").

Last, citing *Hehrer v. Clinton County, et al.*, No. 1:20-cv-1079 (W.D. Mich.),[1] Ludwick argues that Defendant Thelen "has been the target of other deliberate indifference claims while she worked at the CCJ in the past." (ECF No. 37 at PageID.196.) Ludwick's mention of *Hehrer* is curious, as the events in that case occurred no later than March 2019—more than six months before Defendant Thelen claims she last worked at the CCJ. *See Hehrer*, No. 1:20-cv-1079 (ECF No. 1 at PageID.26).[2] Therefore, Defendant Thelen has demonstrated her entitlement to summary judgment.

---

[1] Defendant Thelen misidentifies *Hehrer* as an Eastern District of Michigan case. (ECF No. 37 at PageID.196.) The case was actually filed in this district.

[2] In her deposition in *Hehrer*, Defendant Thelen testified that she quit working for Advanced Correctional Healthcare in the "fall or winter of 2019." ECF No. 121-5 at PageID.3476–77. This

## IV.    Conclusion

For the reasons set forth above, I recommend that Defendant Thelen's motion for summary judgment (ECF No. 30) be **granted** and that she be **dismissed** from this action.

Dated: November 26, 2025                          /s/ Sally J. Berens
                                                   SALLY J. BERENS
                                                   U.S. Magistrate Judge

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

is consistent with Thelen's affidavit stating that she has "not worked for Advanced Correctional Health nor in the Clinton County Jail since October of 2019." (ECF No. 30-1 at PageID.156.)