## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

Micheala Ludwick

      Plaintiff,

v.

Clinton County et al

      Defendants,

Case No.: 1:25-cv-00320
District Judge: Jane M. Beckering
Magistrate Judge: Sally J. Berens

---

DRAGON LAWYERS, PC
Jacob A. Perrone (P71915)
*Attorney for Plaintiff*
325 East Grand River Ave., Suite 250
East Lansing, MI 48823
(844) 525-3529
jacob.perrone@yahoo.com

CHAPMAN LAW GROUP
Devlin K. Scarber (P64532)
*Attorney for Dawn Thelen, L.P.N. and
Advanced Correctional Healthcare, Inc.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

CUMMINGS MCCLOREY DAVIS & ACHO PLC
Timothy S. Ferrand (P39583)
*Attorney for Clinton County Defendants*
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

---

### DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6), AND FAILURE TO SERVE AND COMPLY WITH COURT ORDERS PURSUANT TO FED. R. CIV. P. 4(M), AND FED. R. CIV. P.41(B)

NOW COME Defendants ADVANCED CORRECTIONAL HEALTHCARE, INC., by and through their attorneys, CHAPMAN LAW GROUP, and for their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 4(m), and Fed. R. Civ. P. 41(b), state as follows:

1. On March 23, 2025, Plaintiff Michaela Ludwick filed her lawsuit against Defendants Clinton County, Sheriff Dush, Clinton County Sheriff, Deputy Chapko, Sergeant Stout, Dawn Thelen,

L.P.N., John Does, and Advanced Correctional Healthcare, Inc., (hereinafter "ACH") (**ECF No. 1**).

2.   Plaintiff's Complaint seeks damages for alleged violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983.

3.   Plaintiff's Complaint fails to state a constitutional claim against ACH.  ACH cannot be held liable under the theory of *respondeat superior*. *Monell v. Department of Social Servs.*, 436 U.S. 658, 663 (1978); *Dunn v. State of Tenn.*, 697 F.2d 121, 128 (1983); *Street v. Corrections Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996).  To state a claim under § 1983 against ACH, a plaintiff must plead a claim of a policy, practice, or custom by ACH that is allegedly unconstitutional, and that explanation must be specific, *i.e.*, "to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).

4.   Plaintiff failed to timely and properly serve her Summons and Complaint on ACH.  Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *United States v. Oakland Physicians Med Ctr, LLC*, 44 F.4th 565, 568 (6th Cir., 2022). Pursuant to Fed. R. Civ. P. 41(b), a failure to serve the complaint within the time allotted by the court's order extending service further requires dismissal.  (See also **ECF No. 31, PageID.157**, this court's R&R recommending that this matter be dismissed against ACH for failure to comply with the rules of this Court).

5.  For the reasons stated more fully in the accompanying Brief in Support, this Court should grant dismissal in favor of ACH due to Plaintiff's failure to state a § 1983 claim, and for failure to timely serve pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

6.  In an effort to seek concurrence, on November 28, 2025, Defense Counsel communicated with Plaintiff's Counsel through email correspondence explaining in great detail the basis of this motion, the legal arguments that would be made, providing the controlling case law, and requesting concurrence in the relief sought.  Despite such efforts, Plaintiff's Counsel would not concur.

WHEREFORE, Defendant Advanced Correctional Healthcare, Inc., respectfully requests this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint against ACH in its entirety, and grant such other relief as this Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated:  December 1, 2025

*/s/Devlin Scarber*
Devlin K. Scarber (P64532)
Attorney for Dawn Thelen, L.P.N, and
Advanced Correctional Healthcare, Inc.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

Micheala Ludwick

     Plaintiff,

v.

Clinton County et al

     Defendants,

Case No.: 1:25-cv-00320
District Judge: Jane M. Beckering
Magistrate Judge: Sally J. Berens

---

DRAGON LAWYERS, PC
Jacob A. Perrone (P71915)
*Attorney for Plaintiff*
325 East Grand River Ave., Suite 250
East Lansing, MI 48823
(844) 525-3529
jacob.perrone@yahoo.com

CHAPMAN LAW GROUP
Devlin K. Scarber (P64532)
*Attorney for Dawn Thelen, L.P.N. and*
*Advanced Correctional Healthcare, Inc.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

CUMMINGS MCCLOREY DAVIS & ACHO PLC
Timothy S. Ferrand (P39583)
*Attorney for Clinton County Defendants*
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

---

## BRIEF IN SUPPORT OF DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6), AND FAILURE TO SERVE AND COMPLY WITH COURT ORDERS PURSUANT TO FED. R. CIV. P. 4(M), AND FED. R. CIV. P.41(B)

## PROOF OF SERVICE

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES.................................................................................iii

INDEX OF EXHIBITS .................................................................................... v

STATEMENT OF ISSUES PRESENTED..................................................... vi

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ............................ vii

I.    STATEMENT OF FACTS ................................................................... 1

  A.    Procedural Facts.............................................................................. 1

  B.    Substantive Facts ............................................................................ 2

II.    LEGAL STANDARD........................................................................... 4

III.    LEGAL ARGUMENT.......................................................................... 5

  A.    Plaintiff Failed to State a Claim Against ACH Pursuant to Fed. R. Civ. 12(b)(6). ............. 5

  B.    Plaintiff's Complaint Against ACH Should Be Dismissed Pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b) Because Plaintiff Failed to Timely and Properly Serve ACH and Violated at Least Two Court Orders Regarding Service. ................................................... 11

IV.    CONCLUSION.................................................................................... 15

## <u>INDEX OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 4, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ 4, 5

*Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984) ........................................................... 9

*Connick v. Thompson*, 131 S. Ct. 1350 (2011) ............................................................ 6, 9

*Coogan v. City of Wixom*, 820 F.2d 170 (6th Cir. 1987) .................................................. 6

*Directv, Inc v. Treesh*, 487 F3d 471 (6th Cir., 2007) ...................................................... 9

*Doe v. Claiborne Cty.*, 103 F.3d 495 (6th Cir. 1996) ...................................................... 7

*Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631 (6th Cir. 2007) ...... 9

*Friedman v. Estate of Presser*, 929 F2d 1151 (6th Cir., 1991) ............................... 13, 15

*Garner v. Memphis Police Dep't*, 8 F.3d 358 (6th Cir. 1993) .......................................... 6

*Gregory v. Shelby County*, 220 F.3d 433 (6th Cir. 2000) ................................................ 9

*Johnson v. Karnes*, 398 F.3d 868 (6th Cir. 2005) ........................................................... 6

*Jones v. Duncan*, 840 F.2d 359 (6th Cir. 1988) .............................................................. 6

*LSJ Inv. Co., Inc. v. O.L.D. Inc.*, 167 F.3d 320 (6th Cir.1999) .................................... 12

*Martinez v. Wayne Cty.*, 2025 U.S. App. LEXIS 15390, at *29 (6th Cir. June 23, 2025) ........... 10

*Monell v. Dep't of Soc. Servs. Of N.Y.*, 436 U.S. 658 (1978) ......................................... 6

*Nieves v. Kiekert AG*, 2020 U.S. Dist. LEXIS 201606, *4 (E.D. Mich., Oct. 29, 2020) ............. 12

*Redding v. St Eward*, 241 F3d 530 (6th Cir., 2001) ........................................................ 6

*Reilly v. Vadlamudi,* 680 F.3d 617 (6th Cir. 2005) .......................................................... 9

*Rizzo v. Goode*, 423 U.S. 362 (1976) .............................................................................. 9

*Robertson v. Lucas*, 753 F3d 606 (6th Cir., 2014) ....................................................... 7, 8

*Rouster v. County of Saginaw*, 749 F.3d 437 (6th Cir. 2014) .......................................... 6

*Savoie v. Martin*, 673 F.3d 488 (6th Cir. 2012) ............................................................... 6

*Sensabaugh v. Halliburton*, 937 F.3d 621 (6th Cir., 2019) ............................................. 7

*Smith v. City of Salem, Ohio*, 378 F.3d 566 (6th Cir. 2004) ........................................... 5

*Street v. Corr. Corp. of Am.*, 102 F.3d 810 (6th Cir. 1996) ............................................ 6

*Tam Travel, Inc v. Delta Airlines, Inc*, 583 F3d 896 (6th Cir., 2009) ............................. 9

*Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005) ............................... 6, 7, 10

*United States v. Gluklick*, 801 F2d 834 (6th Cir., 1986) ............................................... 13

*United States v. Oakland Physicians Med Ctr*, LLC, 44 F.4th 565 (6th Cir., 2022) ............... 5, 12

**Statutes**

42 U.S.C. § 1983 ...................................................................................... 1, 5, 6, 10

**Rules**

Fed. R. Civ P. 12(b)(6) .................................................................................... 5, 7

Fed. R. Civ. P. 8………………………………………………………………..4, 5

Fed. R. Civ. P. 4(m) ................................................................................... 5, 11, 12

Fed. R. Civ. P. 41(b) ................................................................................... 1, 5, 12

W.D.Mich. LCivR 41.1 .................................................................................... 2, 12

## <u>INDEX OF EXHIBITS</u>

**Exhibit A**     https://mibusinessregistry.lara.state.mi.us/search/business re ACH

**Exhibit B**     Return of Service re ACH which was filed in the Hehrer case

## <u>STATEMENT OF ISSUES PRESENTED</u>

SHOULD THE COURT DISMISS PLAINTIFF'S CLAIMS AGAINST ADVANCED CORRECTIONAL HEALTHCARE PURSUANT TO FED. R. CIV. P. 12(B)(6) BECAUSE THEY FAIL TO STATE A CLAIM AS A MATTER OF LAW?

Defendants Answer:                                          YES.
Plaintiffs Answer:                                          NO.


SHOULD THE COURT DISMISS PLAINTIFF'S CLAIMS AGAINST ADVANCED CORRECTIONAL HEALTHCARE PURSUANT TO FED. R. CIV. P. 4(m) AND FED. R. CIV. P. 41(B) FOR PLAINTIFF'S FAILURES TO TIMELY AND PROPERLY SERVE PROCESS AND ABIDE BY THE COURT'S ORDERS?

Defendants Answer:                                          YES.
Plaintiffs Answer:                                          NO.

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8 (a)(2)). A court may decide a motion to dismiss on the basis of the pleadings alone. *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). In considering such a motion, the Court need not accept plaintiff's legal conclusions or "unwarranted factual inferences." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

To state a claim under § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). To avoid dismissal, Plaintiff must allege that he had a "sufficiently serious" medical need, and must also show that for each allegation, a particular Defendant was subjectively aware of that serious medical need and consciously disregarded it. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999); *Phillips v. Roane Cnty.*, 534 F.3d 531, 540 (6th Cir. 2008). "Plaintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted).

Advanced Correctional Healthcare ("ACH") cannot be held liable under the theory of *respondeat superior*. *Monell v. Department of Social Servs.*, 436 U.S. 658, 663 (1978); *Dunn v.*

*State of Tenn.*, 697 F.2d 121, 128 (1983); *Street v. Corrections Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996).  To state a claim under § 1983 against ACH, a plaintiff must plead a claim of a policy, practice, or custom by ACH that is allegedly unconstitutional, and that explanation must be specific, *i.e.*, "to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)), cert. denied, U.S., 114 S. Ct. 1219, 127 L. Ed. 2d 565 (1994) (Emphasis added). *See also, Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994).

"There can be no liability under Monell without an underlying constitutional violation" by an ACH employee." *Robertson v. Lucas*, 753 F3d 606, 622 (6th Cir., 2014).

Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *United States v. Oakland Physicians Med Ctr, LLC*, 44 F.4th 565, 568 (6th Cir., 2022). Pursuant to Fed. R. Civ. P. 41(b), a failure to serve the complaint within the time allotted by the court's order extending service further requires dismissal.  (**ECF No. 31, PageID.157**, this Court's R&R recommending that this matter be dismissed against ACH for failure to comply with the rules of this court).

# I.    STATEMENT OF FACTS

## A. Procedural Facts

On March 23, 2025, Plaintiff Michaela Ludwick filed her lawsuit against Defendants Clinton County, Sheriff Dush, Clinton County Sheriff, Deputy Chapko, Sergeant Stout, Dawn Thelen, LPN, John Does, and Advanced Correctional Healthcare, Inc., (hereinafter "ACH") (**ECF No. 1**). Plaintiff's Complaint seeks damages for alleged violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983.

Plaintiff initially attempted to proceed as using a pseudonym, but that request was later denied by the court's April 17, 2025 order, which ordered Plaintiff to file a notice containing her true name within fourteen (14) days. (**ECF No 7**).  On May 19, 2025, the Court issued a Report and Recommendation ("R&R") recommending dismissal for want of prosecution and failure to comply with the rules and orders of this court. (**ECF No. 9**).  Ultimately, on May 21, 2025, Plaintiff filed her Notice of True Name (**ECF No. 11**), and the Court rendered the May 19, 2025 R&R as moot. (**ECF No. 13**).  On August 8, 2025, nearly five (5) months after Plaintiff filed her Complaint, the Court issued a Notice of Impending Dismissal for failure to timely serve her Complaint, ordering that the case would be dismissed by September 3, 2025. (**ECF No. 15**). On September 15, 2025, because Plaintiff still had not timely served ACH, the Court issued an order extending Plaintiff's allotted time for service to October 3, 2025, and specifically advised that "failure to comply will result in a recommendation for dismissal of this defendant," i.e., ACH. (**ECF No. 23, PageID.117**).

As of October 14, 2025, now 205 days after the Complaint was filed, still Plaintiff had not served her Complaint and had failed to comply with the Court's September 15th order that Plaintiff must serve her Complaint on ACH by October 3rd.  Therefore, on October 14, 2025, the Court issued a Report and Recommendation (R&R) that recommended that "this matter be dismissed as

to Defendant Advanced Correctional Healthcare, Inc., pursuant to Fed. R. Civ. P. 41(b) and W.D.Mich. LCivR 41.1 for want of prosecution and failure to comply with the rules and orders of this Court." (**ECF No. 31, PageID.158**).   Objections to said order were due within 14 days of the issuance of the R&R, i.e., **on or before October 28, 2025**.  (*Id.*).  According to the Court, "Timely objections to this Report and Recommendation shall be considered Plaintiff's opportunity to show cause why this matter should not be dismissed."  (*Id.*)

According to the Court's docket, Plaintiff's filed an untimely Objection on October 29, 2025. (**ECF No. 33, PageID.176**).  Plaintiff did not seek leave or permission to file a late objection. On November 5, 2025, Plaintiff filed her First Amended Objection to the R&R. (**ECF 34, PageID.185**) to his objection.  In said Objection, Plaintiff alleges that she[1] was still attempting to serve ACH via certified mail and was seeking the Court's permission to do so (**PageID.186**), even though the Court had already advised Plaintiff that service by certified mail was not allowed. (**ECF 23, PageID.116-117**).  Plaintiff further stated that she was also attempting to utilize a process server to "deliver the Summons and Complaint to CT Corporation Systems on behalf of ACH," and anticipated that service would be perfected by the process server on November 6, 2025. (*Id.*).

On November 9, 2025, Plaintiff filed her Proof of Service, indicating that, on November 6, 2025, a process server "served Derrick Hackett, who is designated by law to accept service of process on behalf of Advanced Correctional Healthcare Inc. at 208 Lasalle St. Suite 814, Chicago, Il, 60604." (**ECF No. 36, PageID.193**).

**B.  Substantive Facts**

According to Plaintiff's Complaint, the incident giving rise to this matter occurred from June 7, 2023 through June 10, 2023. (**PageID.6, ¶18**). Plaintiff generally alleges that she was not

---

[1] At all times from the onset of this lawsuit, Plaintiff has been represented by Counsel.

allowed to take Xanax at the jail "because it is a controlled substance," and as a result she had a Xanax withdrawal induced seizure. (*Id.*).

Plaintiff's Complaint names two (2) entities, Clinton County and Advanced Correctional Healthcare.  It also directly names four (4) individual Defendants (Sheriff Dush, Deputy Chapko, Sergeant Stout, and Dawn Thelen, LPN), and unnamed "John Does" who are alleged to be "employees/agents of Clinton County.

Plaintiff's Complaint alleges that ACH contracted with Clinton County to provide medical services to the Clinton County Jail inmates.  (**ECF No. 1, PageID.2, ¶5**).  <u>The only medical Defendant that is named or discussed in the Complaint is Dawn Thelen, LPN, whom Plaintiff describes as "jail medical personnel."</u>  (**PageID.4, ¶11**.)[2] In ¶15 of Plaintiff's Complaint, **she alleges that "<u>Defendant Clinton County</u> is being sued under a Monell theory of liability for enacting policies, whether written or unwritten, that demonstrated deliberate indifference of suspects in custody**. (**PageID.5, ¶15**).  Plaintiff does not allege that ACH is being sued under a Monell theory.

In Count I of Plaintiff's Complaint, Plaintiff generally alleges violations under the Fourth, Fifth, and Fourteenth Amendments. (**PageID.9-13, ¶¶31-44**).  However, Plaintiff fails to allege which particular individual Defendant violated Plaintiff's civil rights and fails to describe how each particular individual Defendant's actions apply to or invoke the specific amendment that Plaintiff describes as being violated.  (*Id.*).  Instead, Count I collectively refers to "CCJ" and "CCJ Staff" as committing various general and generic actions.

---

[2] LPN Thelen has filed a 12(b)(6) Motion to Dismiss and Rule 56 Motion for Summary Judgment, which remains pending. (**ECF No. 30, PageID.130**).  LPN Thelen has affirmed that she has not worked for Advanced Correctional Healthcare or the Clinton County Jail since October 2019, over four (4) years prior to Plaintiff's alleged incident. (**ECF No. 30-1, PageID.155**).  On November 26, 2025, the Court issued an R&R recommending that LPN Thelen's Motion for Summary Judgment be granted. (**ECF No. 38, PageID.199**).  If the R&R is adopted, there is automatically no underlying constitutional violation for ACH could be responsible under Monell.

Additionally, Count II of Plaintiff's Complaint alleges Eighth Amendment violations. (**PageID.13**, ¶¶45-50). Again, Plaintiff fails to allege which particular individual violated Plaintiff's Eighth Amendment rights and fails to describe how each particular individual Defendant's actions constitute an Eighth Amendment violation.  (**Id.**). Instead, Count II collectively refers to "CCJ" and "CCJ Staff" as committing various general and generic actions.

Even though the Plaintiff's Complaint seems to confusingly indicate that it concerns 14th Amendment and 8th Amended constitutional violations, Plaintiff alleges that "she was wrongfully sentenced to thirty (30) days jail and transported to CCJ." (**PageID.6, ¶18**).  Therefore, presumably this case involves the 8th Amendment only.

The next sections of Plaintiff's Complaint are her "Prayer for Relief" and "Demand for Judgment," which provide no detail to any Defendant, and particularly ACH, regarding a particular constitutional right that ACH allegedly violated.  (**PageID.15**).  That is the end of the Complaint.

## II.    LEGAL STANDARD

Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Instead, factual enhancement is required to "nudge[] the[] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the alleged conduct. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[A] complaint plead[ing] facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

While Plaintiff is not required to make "detailed factual allegations[]" to survive a Fed. R. Civ. P. 12(b)(6) motion, the pleading requirements imposed by Fed. R. Civ. P. 8 "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Plaintiff's "naked assertions devoid of further factual enhancement" preclude this Court from inferring that they were responsible for violating Plaintiff's civil rights. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555.

In this action, Plaintiff failed to timely and properly serve her Summons and Complaint on ACH. Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *United States v. Oakland Physicians Med Ctr*, LLC, 44 F.4th 565, 568 (6th Cir., 2022). Additionally, pursuant to Fed. R. Civ. P. 41(b), a failure to serve the complaint within the time allotted by the court's order extending service further requires dismissal.

### III.    LEGAL ARGUMENT
#### A. Plaintiff Failed to State a Claim Against ACH Pursuant to Fed. R. Civ. 12(b)(6).

42 U.S.C. § 1983 "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal

right under color of law. *Redding v. St Eward*, 241 F3d 530, 532 (6th Cir., 2001); *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988).

ACH cannot be held liable under § 1983 on the basis of *respondeat superior* or vicarious liability. *Rouster v. County of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014); *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). ACH can only be liable under § 1983 only when execution of its own policy or custom inflicts the alleged injury. *Monell v. Dep't of Soc. Servs. Of N.Y.*, 436 U.S. 658, 694 (1978); *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005).

Plaintiff must plead specific facts proximately linking an unconstitutional policy, practice, and custom of ACH to a specific injury, *i.e.*, "to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), cert. denied, U.S., 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994). *See also, Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). (liability only when policy caused the plaintiff's injury and a direct causal link existed between the policy and the purported denial of the right to adequate medical care). It is insufficient for Plaintiff to make allegations that ACH has or had some non-specific unconstitutional policy, practice, and custom.  Plaintiff is required to identify and connect the allegedly unconstitutional policy to ACH and demonstrate a pattern. *Connick v. Thompson*, 131 S. Ct. 1350 (2011); *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005). The Sixth Circuit has stated, however, that there are at least four (4) avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom, including "(1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making

6

authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance of acquiescence of federal rights violations." *Thomas v. City of Chattanooga*, 398 F.3d at 429. The Sixth Circuit also has articulated the requirements for a municipal liability claim made on the basis of an "inaction theory," where a policy of tolerating federal rights violations is unwritten but nevertheless entrenched. Under such a theory, the plaintiff must show:

> (1) the existence of a clear and persistent pattern of [illegal activity];
>
> (2) notice or constructive notice on the part of the [defendant];
>
> (3) the [defendant's] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and
>
> (4) that the [defendant's] custom was the "moving force" or direct causal link in the constitutional deprivation.

*Doe v. Claiborne Cty.*, 103 F.3d 495, 508 (6th Cir. 1996).

Fundamentally, "there can be no liability under Monell without an underlying constitutional violation" by an ACH employee. *Robertson v. Lucas*, 753 F3d 606, 622 (6th Cir., 2014). Plaintiff's Complaint alleges that ACH contracted with Clinton County to provide medical services to Clinton County Jail inmates. (**ECF No. 1, PageID.2, ¶5**). The only medical Defendant that is named or discussed in the Complaint is Dawn Thelen, LPN, whom Plaintiff describes as "jail medical personnel." (**PageID.4, ¶11**.) If Plaintiff's Complaint fails to state a claim against LPN Thelen and/or LPN Thelen is not liable, was not involved, or did not commit an underlying constitutional violation, ACH cannot be liable under Monell. For the sake of brevity on the argument that Plaintiff's Complaint fails to state an underlying constitutional violation, Defendant ACH will adopt and incorporate LPN Thelen's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Alternatively Motion for Summary Judgment pursuant to Fed. R. Civ. 56, along with LPN Thelen's supporting affidavit. (**ECF No. 30 and 30-1**). See also *Sensabaugh v. Halliburton*, 937 F3d 621,

630 (6th Cir., 2019), holding that "because Halliburton did not violate Sensabaugh's First Amendment rights, the municipal liability claim also fails ("There can be no liability under Monell without an underlying constitutional violation.") (citing *Robertson, supra*). At the time of the filing of this Motion, the Court's R&R recommends that LPN Thelen's motion be granted, thereby dismissing her from this case. (**ECF No. 38, PageID.199**).

As to the specifics of any potential Monell claim that the Plaintiff is attempting to assert in her Complaint, Plaintiff clearly states that "Defendant Clinton County is being sued under a Monell theory of liability for enacting policies, whether written or unwritten, that demonstrated deliberate indifference of suspects in custody. (**PageID.5, ¶15**). Nowhere does Plaintiff allege that ACH is being sued under a Monell theory.

In Count I of Plaintiff's Complaint, Plaintiff alleges that "CCJ" and "CCJ staff" violated Plaintiff's rights by preventing Plaintiff from going to the hospital and not adhering to the request of her father for Xanax withdrawal treatment, showing deliberate indifference to her serious medical needs, having objective and subjective knowledge of her deteriorating health condition and disregarding it, and generally preventing her from receiving necessary medical attention. (**PageID.9-11, ¶¶33-40**).  There is not one mention of ACH in any of those paragraphs. Then, in Paragraph 41, Plaintiff lumps in ACH, alleging that "despite "CCJ and ACH policies and procedures, CCJ staff tolerated policies exhibiting a complete disregard and deliberate indifference of inmates' health and/or sanitary and/or safety needs…" (**PageID.12, ¶41**).  First, that sentence clearly demonstrates that CCJ and particularly, ACH, had proper policies and procedures, but "CCJ Staff (not ACH) tolerated procedures exhibiting disregard and deliberate indifference…"  Second, Paragraph 41 goes on to identify, allegedly, a number of unrelated and unverified instances that "CCJ [not ACH] tolerated in her subparagraphs (a) through (l), with no alleged timeframe of when

8

these alleged instances actually occurred.  (**PageID.12-13**).  While Paragraph 44 lumps ACH into the fold by stating "Clinton County, Sheriff Dush, CCSO, and CCJ/ACH and/or CCJ Staff…authorized tolerated, ratified permitted, or acquiesced in the creation of policies practices, and customs creating a de facto policy of deliberate indifference…" (**PageID.13, ¶44**), all of the underlying factual allegations expressly state that the actions were committed by "CCJ" and "CCJ staff."  Courts "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc v. Treesh*, 487 F3d 471, 476 (6th Cir., 2007) (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Tam Travel, Inc v. Delta Airlines, Inc*, 583 F3d 896, 903 (6th Cir., 2009) (citing *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In Count II of Plaintiff's Complaint, which specifically concerns the Eighth Amendment (the only amendment that is actually invoked in Plaintiff's lawsuit), all of the allegations of wrongdoing or violations again concern only "CCJ" and "CCJ Staff." (**PageID.13-15, ¶¶47-50**). There is no mention of ACH being involved in any way. The Plaintiff must also make a clear showing that each named defendant was personally involved in the activity that forms the basis of the Complaint. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Plaintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi,* 680 F.3d 617, 626 (6th Cir. 2005).

As demonstrated above, Plaintiff has not stated a valid deliberate indifference claim against Defendant ACH because Plaintiff has failed to set forth any <u>specific</u> facts whatsoever regarding exactly <u>what</u> the alleged unconstitutional policy, practice, procedure, or protocol of ACH was—let alone connect it to ACH or demonstrate a pattern. *Connick v. Thompson* at 1350 (2011); *Thomas v.*

*City of Chattanooga*, at 432-433. Dismissal of Plaintiff's constitutional claims against ACH is appropriate.

A clear reading of the crux of Plaintiff's allegations demonstrates that Plaintiff is primarily basing his claims on vicarious liability or upon actions of "CCJ" and "CCJ Staff," which undisputedly fails to state a viable § 1983 claim against ACH. Furthermore, federal courts have routinely held that such threadbare recitals and conclusory allegations are insufficient to allege a Monell claim. See *Martinez v. Wayne Cty.*, 2025 U.S. App. LEXIS 15390, at *29 (6th Cir. June 23, 2025): "But again, there are no factual allegations to support this conclusion, and the statement is just a recitation of the elements of a *Monell* claim. So the Complaint lacks sufficient facts to state a plausible claim for relief and must be dismissed." And, for reasons stated above, to the extent that Plaintiff is alleging that ACH as the medical contractor, is responsible for the conduct of LPN Thelen, ACH cannot be held vicariously liable for LPN Thelen's alleged conduct, nor can ACH be held liable if Plaintiff has failed to state a claim against LPN Thelen or if she is entitled to summary judgment. (See also R&R at **ECF No. 38, PageID.199**).

As noted above, Plaintiff's Complaint alleges violations of the Fourth Amendment and Fifth Amendment. (**PageID.9**, Count I's title). The Fourth Amendment concerns a person's rights to be free from unreasonable searches and seizures. Surely, ACH, a medical contractor, was not involved in searches or seizures on Plaintiff, and there are no factual allegations supporting any such claim. The Fifth Amendment primarily concerns criminal or civil legal proceedings, guaranteeing the right to a grand jury, preventing double jeopardy, and protecting against self-incrimination. Surely, ACH, a medical contractor, was not involved in such proceedings, and there is no factual allegation supporting that they were. For fundamental purposes, any Fourth Amendment and Fifth Amendment claims must be dismissed against ACH, since there is no legal or factual basis for such

10

claims.  But as stated above, the same holds true for any claims for which Plaintiff is attempting to bring against ACH under the Fourth and Eighth Amendments.

**B.  Plaintiff's Complaint Against ACH Should Be Dismissed Pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b) Because Plaintiff Failed to Timely and Properly Serve ACH and Violated at Least Two Court Orders Regarding Service.**

In this case Plaintiff failed to timely serve his Complaint, violating both the federal procedural rules and the Court's August 5, 2025 Order and September 15, 2025 Order.

As indicated above in this brief's Statement of Procedural Facts, Plaintiff filed her Complaint on March 23, 2025.  But because nearly five (5) months (135 days) had elapsed with Plaintiff failing to serve her Complaint on ACH, the Court issued a Notice of Impending Dismissal on August 5, 2025 for failure to timely serve her Complaint. The Court ordered that the case would be dismissed by September 3, 2025 if ACH was not served. (**ECF No. 15**). Another month went by (now a total of 175 days since the Complaint was filed) with Plaintiff still failing to timely serve ACH, in violation of the Court's August 5, 2025 Order.   Therefore, on September 15, 2025, the Court extended Plaintiff even more grace by issuing yet another order that extended Plaintiff's allotted time for service to October 3, 2025, and specifically advised that "failure to comply will result in a recommendation for dismissal of this defendant," i.e., ACH. (**ECF No. 23, PageID.117**).

Then, as of October 14, 2025, now 205 days after the Complaint was filed, still Plaintiff had not served his Complaint and had now violated the Court's September 15th order that Plaintiff must serve her Complaint on ACH by October 3rd.  This was Plaintiff's second violation of the Court's orders regarding service.  Therefore, not only had Plaintiff violated Fed. R. Civ. P. 4(m), but she violated two (2) court orders that directed Plaintiff to serve the Complaint on ACH by a date certain.

Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *United States v. Oakland Physicians Med Ctr*, LLC, 44 F.4th 565, 568 (6th Cir., 2022). Additionally, pursuant to Fed. R. Civ. P. 41(b), a failure to serve the complaint within the time allotted by the court's order extending service further requires dismissal. "Actual knowledge of a lawsuit does not cure a technically defective service of process." *Nieves v. Kiekert AG*, 2020 U.S. Dist. LEXIS 201606, *4 (E.D. Mich., Oct. 29, 2020) (citing *LSJ Inv. Co., Inc. v. O.L.D. Inc.*, 167 F.3d 320, 322 (6th Cir.1999)).

Therefore, on October 14, 2025, the Court issued its R&R that recommended that "this matter be dismissed as to Defendant Advanced Correctional Healthcare, Inc., pursuant to Fed. R. Civ. P. 41(b) and W.D.Mich. LCivR 41.1 for want of prosecution and failure to comply with the rules and orders of this Court." (**ECF No. 31, PageID.158**). Objections to the R&R were due within 14 days of the issuance of the R&R, i.e., **on or before October 28, 2025**. (*Id.*). The Court's R&R further stated that only "[t]imely objections" to the R&R would be considered an "opportunity to show cause why this matter should not be dismissed." (*Id.*) Still, according to the Court's docket, Plaintiff chose to file an untimely Objection on October 29, 2025. (**ECF No. 33, PageID.176**). Plaintiff's untimely objection, regardless of whether it was one day or ten days untimely, is just another example of Plaintiff's disregard for the federal procedural rules and this Court's orders, which are both mandatory. Indeed, the entire docket reflects Plaintiff's repeated untimeliness and violations of court-ordered deadlines.

Rule 4 of the Federal Rules of Civil Procedure renders dismissal after the allotted time for service expires to be "mandatory rather than discretionary in the absence of good cause or a request

for extension of time." *United States v. Gluklick*, 801 F2d 834, 837 (6ᵗʰ Cir., 1986). Also, it is well-settled that "counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." *Friedman v. Estate of Presser*, 929 F2d 1151, 1157 (6ᵗʰ Cir., 1991).  In *Friedman*, the court did not find good cause where the court found that " "[c]onsidering the totality of the circumstances, plaintiffs' efforts to properly serve defendants were half-hearted at best." *Id*.

For the sake of brevity, rather than continuing to specifically outline the countless instances of Plaintiff's untimeliness and unreasonableness regarding the mandatory deadlines in this case including the failures to timely and properly effectuate service on Defendant ACH and other parties in this action, Defendant ACH will incorporate the facts set forth in the Court's R&R issued on October 14, 2025 at **PageID.157-158**).

Also, this Court should bear in mind that ACH is not difficult to serve at all.  ACH is registered as a foreign profit corporation in the State of Michigan.  When simply going to the state of Michigan's website,  https://mibusinessregistry.lara.state.mi.us/search/business, and typing "Advanced Correctional Healthcare, Inc." in the search box, and then clicking the green box, all of the pertinent information that is necessary to serve ACH will pop up, including that ACH's resident agent is "The Corporation Company" and the resident agent's address.  This very simple search is reflected below (see also **Exhibit A**), and is available to anyone in the general public with access to the internet, and takes only a minute to complete:



It appears from Plaintiff's November 9, 2025 proof of service that, on November 6, 2025, **now 228 days after filing her Complaint**, she utilized a process server to serve a resident agent of ACH in Chicago, Illinois. (**ECF No. 36, PageID.193**).  The listed service address is that of a company called CT Corp – National Resident Agents, which appears to be similar to the Corporation Company who serves as ACH's resident agent in Michigan. It is unclear and unfathomable why it took Plaintiff **228 days** to do this, and why Plaintiff could not have just as easily done this with ACH's resident agent right here in Michigan within ninety (90) days of filing

this lawsuit. It simply makes no logical sense whatsoever, and this Court should not be persuaded otherwise.[3]

In light of the easy access to ACH's resident agent in Michigan, it is completely unreasonable for Plaintiff to allegedly have been unable to timely serve ACH, both within the time frame allotted under Rule 4 and the Court's orders. This is exactly the type of "half-hearted efforts to timely serve a defendant" discussed in *Friedman* that will never suffice as good cause to avoid dismissal for failure to timely serve. The Plaintiff's alleged efforts to timely serve ACH have not only been half-hearted but are simply inconceivable.

The above facts indicate that nearly all of Plaintiff's efforts regarding service on ACH have been untimely and unreasonable. Even Plaintiff's Objection to the R&R which recommends dismissal was untimely. There is no good cause to allow this action to continue against Defendant where Plaintiff has clearly failed to timely serve ACH.

## IV.    CONCLUSION

For the reasons set forth above, pursuant to Fed. R. Civ P. 12(b)(6) Plaintiff failed to state any constitutional claims against Defendant ACH. Furthermore, there can be no serious dispute that Plaintiff failed to timely serve ACH and violated at least two (2) court orders that extended Plaintiff's time to serve ACH, and that there is absolutely no good cause for Plaintiff's failure to timely serve or comply with the court's orders. Therefore, dismissal of ACH is proper under Fed. Rule P. 12(b)(6), Fed. R. Civ. P. 4(m), Fed. R. Civ. P. 41(b), and W.D.Mich. LCivR 41.1.

---

[3] Given that Plaintiff has so heavily referenced ACH's involvement in the *Hehrer* case, a case in which the deliberate indifference claims and Monell claims were promptly dismissed by the court for failure to state a claim, it makes no sense that Plaintiff did not simply look at the Proof of Service that was filed regarding ACH in *Hehrer*. Had she or her counsel done so, Plaintiff would have quickly determined that ACH was easily served via its Michigan resident agent at "The Corporation Company," i.e., the same resident agent that pops up on the State of Michigan's LARA website. (See Case **1:20-cv-01079-JTN-RSK, ECF No. 9, PageID.169** (Filed 12/21/20) **(Exhibit B)**).

WHEREFORE, Defendant Advanced Correctional Healthcare, Inc., respectfully requests this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint against ACH in its entirety, and grant such other relief as this Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated:  December 1, 2025

*/s/Devlin Scarber*
Devlin K. Scarber (P64532)
Attorney for Dawn Thelen, L.P.N, and
Advanced Correctional Healthcare, Inc.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on December 1, 2025, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system.

*/s/Carolina Andrade*
Carolina Andrade, Legal Assistant
**On Behalf of Devlin K. Scarber (P64532)**

16