UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHEALA MICHELLE LUDWICK,

    Plaintiff,

v.

CLINTON, COUNTY OF, et al.,

    Defendants.
_____/

Case No. 1:25-cv-320

HON. JANE M. BECKERING

## OPINION AND ORDER

This is civil rights action, filed pursuant to 42 U.S.C. § 1983, in which Plaintiff Michaela Ludwick alleges a violation of her constitutional rights during her detention at a county jail arising from an alleged failure to recognize or treat her "Xanax withdrawal," among other allegations (*see generally* Compl., ECF No. 1).  Now pending is a Report and Recommendation (R&R, ECF No. 31) recommending that the Court dismiss Defendant Advanced Correctional Healthcare, Inc. ("ACH"), from this case given Plaintiff's failure to prosecute her claims against Defendant ACH. Plaintiff has filed both a Response in Opposition to the Report and Recommendation and an Amended Objection modifying that response (*see* ECF Nos. 33 and 34).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court reviews de novo those portions of the Report and Recommendation to which objections have been made.  For the reasons stated in greater detail below, the Court will deny Plaintiff's response and objections, adopt the Report and Recommendation as the Order of the Court, dismiss Plaintiff's claims against Defendant ACH, and terminate Defendant ACH from the case.

Plaintiff initiated this action on March 23, 2025 (*see* Compl., ECF No. 1; R&R, ECF No. 31 at PageID.157). Plaintiff failed to follow the Federal Rules of Civil Procedure—and several instructions from the Magistrate Judge—regarding service of Defendant ACH, even after repeated warnings that failure to comply would result in dismissal for failure to prosecute (*see* R&R, ECF No. 31). The Court extended the relevant deadline for service of Defendant ACH for almost seven months after Plaintiff initiated this action—until October 3, 2025 (*see id.*). Plaintiff missed this deadline and approximately two weeks later, the Magistrate Judge filed the Report and Recommendation at bar recommending dismissal. *See id.* (stating this matter should be dismissed "pursuant to Fed. R. Civ. P. 41(b) and W.D.Mich. LCivR 41.1 for want of prosecution and failure to comply with the rules and orders of this Court"). The Magistrate Judge placed Plaintiff on notice that "[t]imely objections to this Report and Recommendation shall be considered Plaintiff's opportunity to show cause why this matter should not be dismissed" (*see id.*).

Neither of Plaintiff's responses to the Report and Recommendation "specifically identify" the portions of the Report and Recommendation to which they apply, violating this Court's rules. *See* W.D. Mich. LCivR 72.3(b); *Miller v. William Beaumont Hosp.*, 121 F.4th 556, 558 (6th Cir. 2024) (noting that a district court's "local rules carry the force of law"). Neither of Plaintiff's responses shows cause for Plaintiff's failures to follow the Federal Rules of Civil Procedure, this Court's repeated Orders, or applicable local rules (*see generally* ECF Nos. 33 and 34). Neither of Plaintiff's responses attaches an attorney declaration to verify supporting documents or even attempts to cite Sixth Circuit or persuasive authority indicating that the Court should not dismiss the claims at issue (*see id.*). Instead, over a month after the extended deadline to effectuate service, Plaintiff "requests the opportunity to complete service by the most recent Certified mailings to the Registered Agent of ACH" because "Plaintiff anticipates that service will be perfected on at least

one of the three people qualified to accept service on behalf of ACH" (*see* Am. Obj., ECF No. 34 at PageID.186–187). The Court will assume arguendo that Plaintiff's responses preserve a general objection to the Magistrate Judge's recommendation that the Court dismiss the claims against Defendant ACH, despite Plaintiff's waiver under Court rules. *See* W.D. Mich. LCivR 72.3(b).

"A federal court may sua sponte dismiss a case [or claims against certain parties] for failure to prosecute or comply with an order." *See Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)); FED. R. CIV. P. 41(b) (stating that failure to prosecute may result in dismissal of an entire "action" brought against a defendant or "any claim against it"). Under the Sixth Circuit's interpretation of Federal Rule of Civil Procedure 41(b), the Court should consider four factors in determining whether to dismiss claims: (1) "whether the party's failure to cooperate is due to willfulness, bad faith, or fault;" (2) "whether the adversary was prejudiced by the dilatory conduct of the party;" (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal;" and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (citing *Mulbah v. Detroit Bd.*, 261 F.3d 586, 589 (6th Cir. 2001)); *accord Jackson v. Coronado*, No. 21-1007, 2021 WL 6335259, at *2 (6th Cir. Nov. 22, 2021). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah*, 261 F.3d at 591 (collecting Sixth Circuit cases). These factors clearly support dismissal with prejudice here.

First, Plaintiff's repeated failures to timely comply with multiple Orders regarding service of Defendant ACH establish both "fault" and "willfulness." *See Fuller*, 468 F. App'x at 588; Orders, ECF Nos. 7, 9, 15, 23, 24, 31; *Jackson*, 2021 WL 6335259 at *2 (memorializing the Sixth Circuit's conclusion that failure to comply with multiple court orders "reflects bad faith on [a

plaintiff's] part, further justifying dismissal"). Second, the Sixth Circuit has stated on analogous facts that if a plaintiff's conduct prevents "proceedings from going forward," defendants suffer "some prejudice on account of [that] conduct." *See Jackson*, 2021 WL 6335259 at *2. Plaintiff does not dispute that she has caused months of delay by failing to comply with the Federal Rules of Civil Procedure, local rules, and multiple Court Orders. *See id.*; *cf.* Response, ECF No. 33 at PageID.177 ("Plaintiff acknowledges that service issues have been problematic[.]"). Third, the Magistrate Judge repeatedly warned Plaintiff that "failure to cooperate could lead to dismissal." *See Fuller*, 468 F. App'x at 588; Orders, ECF No. 9, 15, 23, 31. Fourth, "having considered all possible and lesser sanctions . . . the Court determines that the dismissal with prejudice" of Plaintiff's claims against Defendant ACH is "warranted" under Rule 41(b), particularly given that the Sixth Circuit "has 'never held that a district court is without power to dismiss [a plaintiff's claims], as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect' and is 'loathe to require the district court to incant a litany of the available lesser sanctions.'" *Presler v. Cnty. of Newaygo*, No. 1:21-CV-1066, 2023 WL 2139406, at *1 (W.D. Mich. Feb. 21, 2023) (quoting *Dudley El v. Michigan Dep't of Corr.*, No. 17-2288, 2018 WL 5310761, at *3 (6th Cir. May 23, 2018) (cleaned up)); *accord Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 738 (6th Cir. 2008) (noting that because Rule 41(b) dismissal is "a tool to effect management of [a district court's] docket and [avoid] unnecessary burdens on the tax-supported courts and opposing parties," a district court enjoys "substantial discretion in serving these tasks").[1]

---

[1] The Court also concludes that Plaintiff's failure to offer adequate argument or authority in response to the Magistrate Judge's Order to Show Cause provides an independently sufficient basis for the dismissal of Plaintiff's claims against Defendant ACH with prejudice. *See* W.D.Mich. LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown . . . the presiding judge may enter an order of dismissal with or without prejudice[.]"); *compare* R&R, ECF No. 31 at PageID.158

In sum, Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or to show good cause for why the Court should not dismiss the claims against Defendant ACH for failure to prosecute.

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Response and Objections (ECF Nos. 33 and 34) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 31) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 39) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Defendant ACH is TERMINATED from this case.

Dated:  December 23, 2025  /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge

---

("Timely objections to this Report and Recommendation shall be considered Plaintiff's opportunity to show cause why this matter should not be dismissed.") *with* Responses, ECF Nos. 33 and 34) (failing to cite applicable authorities, attach an attorney declaration authenticating supporting documents, or otherwise show good cause for Plaintiff's failures to timely serve); *Miller*, 121 F.4th at 558 (noting that a district court's "local rules carry the force of law"). The Court concludes that Plaintiff has failed to show good cause for the reasons stated above. *See id.*

5