**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

MICHEALA MICHELLE LUDWICK,
an Individual,

     Plaintiff,

v.

                                    Case No.: 25-cv-00320
                                    Judge Jane M. Beckering
                                    Mag. Judge Sally J. Berens

CLINTON COUNTY, MICHIGAN, a state of Michigan municipality,
SHERIFF SEAN DUSH, individually and as employee/agent Clinton County,
CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO,
individually and as employee/agent Clinton County, SERGEANT RICHARD
STOUT, individually and as employee/agent Clinton County, ~~DAWN THELEN,
L.P.N., individually and as employee/agent Clinton County~~, JOHN DOES, to be
named individually and as employees/agents Clinton County,
~~ADVANCED CORRECTIONAL HEALTHCARE, INC., an Illinois corporation~~,

     Defendants.

| | |
|---|---|
| JACOB A. PERRONE (P71915) | TIMOTHY S. FERRAND (P39583) |
| Dragon Lawyers PC | Cummings, McClorey, Davis & Acho, PLC |
| Attorney for Plaintiff | Attorney for Clinton County, Dush, Sheriff's |
| 325 East Grand River Ave., Suite 250 | Office, Chapko, Stout and John Does |
| East Lansing, MI 48823 | 19176 Hall Road, Suite 205 |
| (844) 525-3529 | Clinton Township, MI  48038 |
| Jacob.perrone@yahoo.com | (586) 228-5600 |
| | tferrand@cmda-law.com |
| | tlange@cmda-law.com |

**JOINT RULE 26(f) PLAN AND STATUS REPORT**

The parties hereto, by and through their respective counsel of record, pursuant

to this Court's **Order Setting Rule 16 Scheduling Conference** dated **December**

**29, 2025**, submit the following Rule 26(f) Plan and Status Report:

A Rule 16 Scheduling Conference is scheduled for January 29, 2026, at 10:00

{02475645-1 }

a.m., before Magistrate Judge Sally J. Berens.  Appearing for the parties as counsel will be:

- Jacob A. Perrone on behalf of Plaintiff

- Timothy S. Ferrand on behalf of Defendants

1.  **Jurisdiction**:  The basis for the Court's jurisdiction is 28 U.S.C. §1331 and §1343(a)(3).

2.  **Relationship to other cases**:  There are no pending state or federal actions concerning the subject matter raised in the Complaint.

3.  **Judicial Availability**:  The parties do not agree to have a United States Magistrate Judge conduct all further proceedings in the case, except for trial, and to order entry of final judgment.

4.  **Proposed Amendments to Pleadings**:  The parties do not currently anticipate amendments to the pleadings.

5.  **Statement of the Case:**  While incarcerated, post-conviction, in the Clinton County Jail, Micheala Ludwick passed-out, fell and was injured. She filed this lawsuit against Clinton County, the Clinton County Sheriff, the Clinton County Sheriff's Office, Sheriff's Deputy Chapko and Sgt. Stout alleging violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. The Defendants answered and provided affirmative defenses indicating that the Sheriff is a separate Constitutional Officer and that the County does not make jail policy,

the Sheriff's Office is not a legal entity, the Fourth and Fifth and Fourteenth Amendments are inapplicable to a failure to provide medical attention claims (post-conviction) and the Defendants are entitled to Qualified Immunity.

      **6.**    **Discovery Plan**:  The parties have agreed to the following discovery plan:

    a.    The parties agree that the initial disclosures required by Rule 26(a) should be made on or about **March 9, 2026**, forty-five (45) days after the **January 21, 2026**, date established by this Court for the submission of a Rule 26(f) Plan and Status Report.

    b.    The parties believe that all discovery should remain open through **September 9, 2026**.  The parties will exchange Interrogatories and Requests for Production of Documents and other discovery requests.  The parties will depose each of the named parties, Plaintiff and Defendants.  The parties will depose select witnesses identified by Plaintiff and Defendants in their Rule 26(a) disclosures and discovery responses.  The parties will depose the expert witnesses identified in Rule 26(a) expert disclosures.

    c.    The parties agree that Plaintiff will serve witness and expert witness lists on or before **June 9, 2026**, and Defendants will serve witness and expert witness lists on or before **July 9, 2026**.

    d.    The parties will file dispositive motions on or before **October 9, 2026**.

    e.    The parties propose the following changes should be made in the timing and substance of mandatory disclosures under Rule 26(a) as follows:

        (1)    Plaintiff's expert disclosures and reports shall be provided to Defendants on or about **July 9, 2026**.

(2)    Defendants' expert disclosures and reports shall be provided to Plaintiff on or about **August 9, 2026**.

f.    The parties are not aware of existing issues regarding the production of electronically stored information.  However, issues regarding the production of electronically stored information shall be brought to the Court's attention as they arise.

g.    The parties are not aware of issues involving claims of privileges or protection of trial preparation materials.  However, issues regarding privileges and protective orders shall be brought to the Court's attention as they arise.

h.    The parties are unaware of any other orders that the Court should issue under Rule 26(c) or Rule 16(b) and (c).

i.    The parties are not currently seeking leave to serve more than twenty-five (25) interrogatories, including subparts.

j.    The parties are not currently aware of any outstanding or anticipated discovery disputes.

k.    The parties request that the presumptive time limits for depositions (1 day of 7 hours) should be modified to allow additional time (if necessary) to depose the named parties, but not other witnesses.  Further, the parties agree that the depositions of expert witnesses should be provided after the disclosure of expert reports.

7.    **Case Evaluation:**  Counsel for the parties have not agreed to case evaluation as defined by MCR 2.403, including the section dealing with sanctions.

8.    **Alternative Dispute Resolution:** Counsel for the parties have discussed the possibility of prompt resolution (including the advisability of

alternative dispute resolution, arbitration, early facilitation/mediation, and early

Settlement Conference with the Court, etc.) and report as follows:

    a.    The parties believe that alternative dispute resolution, arbitration, early facilitation/mediation and early settlement conference are not currently likely to be productive.  However, the parties agree to keep these prompt resolution possibilities in mind as the discovery phase of this litigation unfolds.

**9.**    **Anticipated Motion Practice:**  Defendants anticipate filing Motions for Summary Disposition at the conclusion of discovery.  Plaintiff also reserves the right to do so. The parties may file motions pertaining to expert witnesses, and discovery, as necessary.

**10.**    **Trial:**  This case is a Jury Trial.  Counsel estimates the trial will last approximately 7 days total, allocated as follows:

3.5 days for Plaintiff

3.5 days for Defendants

**11.**    **Settlement/Resolution:**  The parties explored early settlement and will continue to consider all settlement options as this litigation proceeds.

Respectfully Submitted,

|  |  |
|---|---|
| JACOB A. PERRONE (P71915) | /s/ Timothy S. Ferrand<br>TIMOTHY S. FERRAND (P39583) |
| Dragon Lawyers PC | Cummings, McClorey, Davis & Acho, PLC |
| Attorney for Plaintiff | Attorney for Clinton County, Dush, Sheriff's Office, Chapko, Stout and John Does |

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  none.

*Cummings, McClorey, Davis & Acho, PLC*

By:    /s/ Timothy S. Ferrand