**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

MICHEALA MICHELLE LUDWICK,
an Individual,

Plaintiff,

v.

Case No.: 25-cv-00320
Judge Jane M. Beckering
Mag. Judge Sally J. Berens

CLINTON COUNTY, MICHIGAN, a state of Michigan municipality, SHERIFF SEAN DUSH, individually and as employee/agent Clinton County, CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO, individually and as employee/agent Clinton County, SERGEANT RICHARD STOUT, individually and as employee/agent Clinton County, ~~DAWN THELEN, L.P.N., individually and as employee/agent Clinton County~~, JOHN DOES, to be named individually and as employees/agents Clinton County,
~~ADVANCED CORRECTIONAL HEALTHCARE, INC., an Illinois corporation~~

Defendants.

JACOB A. PERRONE (P71915)
Dragon Lawyers PC
Attorney for Plaintiff
325 East Grand River Ave., Suite 250
East Lansing, MI 48823
(844) 525-3529
Jacob.perrone@yahoo.com

TIMOTHY S. FERRAND (P39583)
Cummings, McClorey, Davis & Acho, PLC
Attorney for Clinton County, Dush, Sheriff's Office, Chapko, Stout and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com
tlange@cmda-law.com

## DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37

Defendants CLINTON COUNTY, MICHIGAN, SHERIFF SEAN DUSH, CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO, SERGEANT RICHARD STOUT, and JOHN DOES, by and through their attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, hereby moves this Court for the entry of sanctions against Plaintiff and/or Plaintiff's Counsel for failure to obey an order to provide or permit discovery pursuant to Federal Rule of Civil Procedure 37.

Defendants rely on the law and argument in the attached brief in support of this motion.

Defendants sought concurrence in the relief requested in this motion from Plaintiff. Concurrence was not obtained.

WHEREFORE, for all these reasons and for those in the attached brief, Defendants Clinton County, Michigan, Sheriff Sean Dush, Clinton County Sheriff's Office, Deputy Alexis Chapko, Sergeant Richard Stout, and John Does respectfully requests this Honorable Court enter an Order imposing sanctions on Plaintiff and/or Plaintiff's Counsel for failure to obey an order to provide or permit discovery, up to and including a dismissal of this case with prejudice and the payment of reasonable expenses caused by the failure.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By: /s/ TIMOTHY S. FERRAND
TIMOTHY S. FERRAND (P39583)
Attorney for Clinton County, Dush, Sheriff's Office, Chapko, Stout and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600

Dated: August 26, 2026

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

MICHEALA MICHELLE LUDWICK,
an Individual,

Plaintiff,

v.

Case No.: 25-cv-00320
Judge Jane M. Beckering
Mag. Judge Sally J. Berens

CLINTON COUNTY, MICHIGAN, a state of Michigan municipality, SHERIFF SEAN DUSH, individually and as employee/agent Clinton County, CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO, individually and as employee/agent Clinton County, SERGEANT RICHARD STOUT, individually and as employee/agent Clinton County, ~~DAWN THELEN, L.P.N., individually and as employee/agent Clinton County~~, JOHN DOES, to be named individually and as employees/agents Clinton County,
~~ADVANCED CORRECTIONAL HEALTHCARE, INC., an Illinois corporation~~

Defendants.

JACOB A. PERRONE (P71915)
Dragon Lawyers PC
Attorney for Plaintiff
325 East Grand River Ave., Suite 250
East Lansing, MI 48823
(844) 525-3529
Jacob.perrone@yahoo.com

TIMOTHY S. FERRAND (P39583)
Cummings, McClorey, Davis & Acho, PLC
Attorney for Clinton County, Dush, Sheriff's Office, Chapko, Stout and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com
tlange@cmda-law.com

**BRIEF REGARDING DEFENDANTS MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**

# TABLE OF CONTENTS


Table of Authorities .................................................. ii

Statement of Relevant Facts .................................................. 1

Law and Argument .................................................. 5

I. Legal Standards .................................................. 5

II. Sanctions are Justified .................................................. 7

III. Sanctions Requested .................................................. 11

A. Interrogatory 5 and Request to Produce 4 .................................................. 11

B. Interrogatory 6-8 and Request to Produce 5, 7 & 8 .................................................. 12

C. Requests to Produce 9 & 11 .................................................. 14

D. Interrogatory 13 and Request to Produce 14 .................................................. 14

E. Interrogatory 15 and Request to Produce 16 .................................................. 16

F. Interrogatories 17-21 and Requests to Produce 18-23 .................................................. 17

G. Request to Produce 24, 26-28 .................................................. 20

Relief Requested .................................................. 20

# TABLE OF AUTHORITIES

**Cases**

*Bank One of Cleveland v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)......................6
*Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)............................................6
*Bass*, 71 F.3d at 241 ..........................................................................................7
*Bass*, 71 F.3d at 242 ..........................................................................................9
*Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 Fed. Appx. 514, 521 (6th Cir. 2016)..........................................................................................8
*Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013).............................7
*Carpenter v. City of Flint*, 723 F.3d 700, 709 (6th Cir. 2013) ..................................7
*Carpenter*, 723 F.3d at 707 .....................................................................................9
*Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) .....................................6, 7
*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997).............................8
*Harmon*, 110 F.3d at 368.....................................................................................9, 10
*Jones-McNamara v. Holzer Health Systems*, No. 2:13-cv-616, 2014 WL 3563406, at *1 (S.D. Ohio July 18, 2014)..........................................................................19
*Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 366 (6th Cir. 1999).......................8
*Kubik v. Central Mich. Univ. Bd. of Trustees*, No. 15-cv-12055, 2016 WL 9631633, at *5 (E.D. Mich. Mar. 17, 2016)....................................................................13
*Link v.* Wabash Railroad Co., 370 U.S. 626 (1962) ...............................................10
*Miller v Joaquin*, 431 F. Supp 3d 906, 922 (2019).................................................19
*Mooney v. City of Dearborn,* No. 08-12124, 2008 WL 4539513, at *2 (E.D. Mich. Oct. 8, 2008) ..........................................................................................................15
*Peterson v. Payton*, No. 10-14403, 2012 WL 7018238, at *2 (E.D. Mich. Nov. 28, 2012), *report and recommendation adopted*, No. 10-14403, 2013 WL 489713 (E.D. Mich. Feb. 8, 2013)..............................................................................6
*Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988) ..........................................................................................................6
*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008)............7
Wright & Miller, 8A Fed. Prac. & Proc. Civ.2d § 2178 ........................................15

**Rules**

Fed. R. Civ. P. 33(d)(1) ......................................................................................15
Fed. R. Civ. P. 37(b)(2) ......................................................................................10
Fed. R. Civ. P. 37(b)(2)(A)....................................................................................5
Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii)..........................................................................5
Fed. R. Civ. P. 37(b)(2)(C) ....................................................................................6

**STATEMENT OF RELEVANT FACTS**

This lawsuit was filed by Plaintiff Micheala Michelle Ludwick. ("Plaintiff") Plaintiff claims she was sentenced to 30 days in jail by the 65A Judicial District Court and transported to the Clinton County Jail on June 7, 2023. While incarcerated, she alleges suffered a medical condition, fell to the ground, and struck her head. She filed this lawsuit against Clinton County, Sheriff Dush, the Clinton County Sheriff's Office, Deputy Alex Chapko, Sgt. Richard Stout, Nurse Dawn Thelen, and Advanced Correctional Health Care, Inc. Ms. Ludwick is alleging violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution for failure to provide medical attention.

Clinton County, Michigan, Sheriff Sean Dush, Clinton County Sheriff's Office, Deputy Alexis Chapko, Sergeant Richard Stout, and John Does ("Defendants") served Plaintiff with their First Interrogatories and Requests for Production of Documents on April 9, 2026. Plaintiff did not respond. Counsel for Defendants had repeated contact with Plaintiff counsel. During each contact, Plaintiff counsel he agreed to provide discovery and asked for an extension to do so. On each occasion, Defendants' counsel granted the extension.

On June 17, 2026 Defendants filed a Motion to Compel. (ECF 53) Within that motion, Defendants outlined the date upon which they served discovery and each extension granted to Plaintiff to respond. Defendant noted that despite each

extension, Plaintiff had not provided discovery.

On July 8, 2026, the Court granted Defendants' motion and ordered Plaintiff to provide answers to the outstanding discovery within fourteen days. ECF 57.

Plaintiff provided its Response to Defendants First Interrogatories and Requests for Production of Documents on July 28, 2026. Plaintiff later filed a Supplemental Response on August 4, 2026. (**Ex. A**) Plaintiff's Responses are evasive and incomplete. Thee essential interrogatories regarding factual and legal basis for the claims, the Plaintiff's medical history, both for her alleged injuries and also any pre-existing conditions have not been sufficiently answered, leaving Defendants unable to properly engage the necessary expert witnesses to defend against Plaintiff's claims.

Plaintiff produced over 1,900 pages of documents. The materials provided, however, have all been extracted from court records regarding other litigations involving the Sheriff and/or the jail (ironically decided in the Defendants' favor) and have no bearing at all on the present matter. The responses regarding expert witnesses who will provide testimony in the present litigation are extracted from depositions of experts who testified in prior litigation and who have not been retained in the present litigation. The documents are not numbered or bates stamped and more importantly, no attempt has been made to identify which documents purport to satisfy any particular document request of Defendants.

To date, Plaintiff has failed or refused to respond to the following discovery requests:

- Interrogatory #5 – Plaintiff's medical providers for injuries incurred in this incident.
- Request For Production Of Documents #4 – Seeking authorizations for the release of Plaintiff's medical records.
- Interrogatory #6 – Regarding Plaintiff's historical medical providers.
- Request For Production Of Documents #5 – Regarding authorizations for the release of historical medical provider records.
- Interrogatory #7 – Regarding the aggravation of pre-existing conditions.
- Request For Production Of Documents #7 – Regarding authorizations for the release of medicals showing the aggravation of a pre-existing condition.
- Interrogatory #8 – Identifying all medical or psychological providers scheduling future treatment.
- Request For Production Of Documents #8 – Authorizations for the release of medical records regarding medical or psychological providers demonstrating future medical treatment.
- Request For Production Of Documents #9 – Authorizations for the release of employment records.
- Request For Production Of Documents #11 – Authorizations for the release of income tax records
- Interrogatory #13 – Regarding witnesses and the anticipated testimony
- Request For Production Of Documents #14 – Regarding witness statements
- Interrogatory #15 – Regarding expert witnesses
- Request For Production Of Documents #16 – Records and materials provided to expert witnesses

- Interrogatory #17 – Regarding Count I of the Complaint, 4th Amendment, 5th Amendment and 14th Amendment claims
- Request For Production Of Documents #18 – Regarding documents evidencing 4th Amendment, 5th Amendment and 14th Amendment claims
- Interrogatory #18 – Count I claims for Deliberate Indifference to Serious Medical Needs
- Request For Production Of Documents #19 – Records supporting claims of deliberate indifference
- Interrogatory #19 – Count II 8th Amendment claims for cruel and unusual punishment
- Request For Production Of Documents #20 – Documents supporting 8th Amendment claims
- Interrogatory #20 – Paragraph 15 of the Complaint alleging *Monell* violations
- Interrogatory #21 – Regarding allegations of loss of quality of life
- Request For Production Of Documents #22 – Records supporting the loss of quality of life claim
- Request For Production Of Documents #23 – Records supporting Plaintiff's claim of a policy that inmates don't deserve basic human and medical necessities
- Request For Production Of Documents #24 – Regarding documents supporting damage claims
- Request For Production Of Documents #26 – Regarding trial documents
- Request For Production Of Documents #27 – Regarding tangible information supporting claims

Within its response, Plaintiff repeated states that she has executed the requested authorizations. This is simply not true. To date, Plaintiff has only executed authorizations for CVS Pharmacy and Walgreens Pharmacy. Plaintiff's responses

have clearly not complied with the Court's prior Order regarding discovery. The parties met and conferred regarding the issues with the discovery responses on August 10, 2026 and Plaintiff's counsel agreed to fully and completely answer Defendants Interrogatories and Request for Production of Documents by August 21, 2026. Plaintiff has failed again to do so.

## LAW AND ARGUMENT

### *I. Legal Standards*

A court may order sanctions if a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Sanctions may include any of the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make the award of

expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

A motion for sanctions under these Rules is addressed to the Court's discretion, which is informed by four factors: "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate would lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)). "[A] sanction should be 'sufficient, but not greater than necessary' to accomplish its purpose." *Peterson v. Payton*, No. 10-14403, 2012 WL 7018238, at *2 (E.D. Mich. Nov. 28, 2012), *report and recommendation adopted*, No. 10-14403, 2013 WL 489713 (E.D. Mich. Feb. 8, 2013)

"The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). *See also Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir. 1997). "[D]ismissal is an appropriate sanction where the party's

failure to cooperate with the court's discovery orders is due to willfulness. A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." *Id.* Alternative sanctions to dismissal with prejudice may include "'levying a fine, barring [counsel] from participating in oral argument, or any other disciplinary action,' even dismissal without prejudice." *Carpenter v. City of Flint*, 723 F.3d 700, 709 (6th Cir. 2013).

### *II. Sanctions are Justified*

All four factors justifying sanctions up to and including dismissal with prejudice have been met in this case.

First, Plaintiff's failure to cooperate in discovery is due to willfulness, bad faith, or fault. "A willful violation occurs whenever there is conscious and intentional failure to comply with the court order." *Bass*, 71 F.3d at 241. That is, the failure to comply was "intentional and did not arise from an inability to comply." *Id.* This element is met when there is "a clear record of contumacious conduct." *Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). "Contumacious conduct refers to behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Id.* (quoting *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008)). Where dismissal is warranted by contumacious conduct, "the importance 'of the remaining three factors' fades 'in the fact of th[is] conclusion.'" *Bradley J. Delp Revocable Tr.*

*v. MSJMR 2008 Irrevocable Tr.*, 665 Fed. Appx. 514, 521 (6th Cir. 2016) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 366 (6th Cir. 1999)). That is, when the offending party has engaged in bad faith or contumacious conduct, the district court is free to impose a penalty of dismissal even if the other three factors have not been met. *Id.* (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997)).

Defendants Interrogatories and Request to Produce were served several months ago. At Plaintiff's request, Defendant extended the time to respond repeatedly. When it became clear that Plaintiff had no intention of responding, Defendant filed its motion to compel. On July 8, 2026, this Court ordered Plaintiff to provide answers to the outstanding discovery within fourteen days. ECF 57. Despite the Court Order Plaintiff has not complied. These are essential Interrogatories regarding the factual support for Plaintiff's claims; documenting Plaintiff's injuries and pre-existing medical conditions; identifying boy lay and expert witnesses. All of these areas have not been ignored and/or not answered.

The documentation provided by Plaintiff is not responsive to the Requests for production of documents and appears to have been gathered from prior litigation using a search function and/or an AI tool. The responses regarding witnesses and expert witnesses have been lifted from depositions taken in prior litigation and involve expert witnesses who have not been retained by the Plaintiff for this litigation. Plaintiff claims injury and the exacerbation of a preexisting injury,

however, Plaintiff has not identified any current or historical medical providers and has failed to provide authorizations for the release of those medical records.

Plaintiff has completely failed to comply with the Court's directive. Plaintiff has not identified any reason why compliance is impossible nor contacted Defense Counsel to seek an extension. Plaintiff acknowledged the Court's order, and then simply refused to follow it. Plaintiff has engaged in bad faith and contumacious conduct in failing to cooperate in discovery.

Second, Defendants have been prejudiced by Plaintiff's failure to cooperate. "A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (quoting *Harmon*, 110 F.3d at 368). A defendant is also prejudiced when the plaintiff's refusal to cooperate prevents him from gathering evidence to support his defense. *Bass*, 71 F.3d at 242.

Defendants' discovery requests have been pending since April 9, 2026. Defendants have been unable to identify the underlying facts that form the basis for Plaintiff's claims, the witnesses and records that support Plaintiff's clams, the medical records regarding Plaintiff's physical condition while incarcerated, and the medical records showing Plaintiff's current medical condition treatment for her alleged injuries. Defendants are now faced with a discovery deadline and no

pertinent information which would allow counsel to identify witnesses, take depositions, procure experts (including medical experts), conduct an IME and/or prepare for the deposition of the Plaintiff or any other important witness. The or delay has been solely due to Plaintiff's refusal to comply with the Court's Order.

Third, this Court has previously warned of sanctions for failure to comply with court ordered discovery. Plaintiff has engaged in bad faith and contumacious conduct as outlined above. Additional warning is not necessary to proceed with a dismissal. *Harmon*, 110 F.3d at 368.

Finally, while this Court can consider and impose lesser sanctions, including dismissal without prejudice, it has the power to dismiss a complaint with prejudice as the first and only sanction. *Harmon*, 110 F.3d at 368. "[T]he district court's consideration or imposition of lesser sanctions is a *factor* in our review, not a *sine qua non* for affirmance. We have never held that a district court is without power to dismiss a complaint, as the first and only sanction, on the basis of the plaintiff's counsel's neglect." *Id.* at 368. *See also Link v. Wabash Railroad Co.,* 370 U.S. 626 (1962)); Fed. R. Civ. P. 37(b)(2).

Any of the requested sanctions, up to and including dismissal with prejudice, are appropriate in this case for the reasons outlined above. The Court does not have to institute a lesser sanction before dismissal with prejudice.

## *III. Sanctions Requested*

### *A. Interrogatory 5 and Request to Produce 4*

Plaintiff claims Defendants' actions have caused her mental and emotional health issues and interferes with her general ability to enjoy a normal life. (**ECF No. 1**, Page ID. 8) Interrogatory 5 sought the name, address, and telephone number each hospital, emergent care facility, clinic, practice, doctor, psychiatrist, psychologist, therapist, social worker, counselor, caregiver, and medical/psychological provider who examined, attended, evaluated, counseled, treated or examined Plaintiff because of this incident. Within its Amended Responses, Plaintiff has named one provider, Life Stance Therapy, but has stated that Plaintiff stopped treatment as one of the therapists made her feel uncomfortable. (**Ex. A** at 10) Request to Produce 4 sought authorizations for the release of records from each of the identified providers. (**Id.** at 12) Plaintiff responded that the authorizations were attached, but the only authorizations included were for CVS and Walgreens pharmacies.

Defendants are unable to properly defend this action without this vital information. Defendant cannot identify the serious medical condition which Plaintiff claims was left untreated. Defendant cannot identify any injury allegedly resulting from the failure to provide medical care. There are no applicable privileges and Plaintiff has not objected to these requests. Plaintiff even states it has provided the necessary authorizations when it not done so. As a result of Plaintiff's malfeasance,

Defendants seek an order dismissing Plaintiff's case for failure to obey the Court's order to provide discovery.

***B. Interrogatory 6 - 8 and Request to Produce 5, 7 & 8***

Interrogatory 6 seeks the identity of each doctor, psychiatrist, psychologist, therapist, social worker, counselor, and caregiver with whom Plaintiff treated for the previous 20 years.(**Ex. A** at 11-12) Request to Produce 5 seeks authorization for the release of these records. (**Id.** at 12) Although Plaintiff lists a series of doctors, she does not identify any dates of the visits, the reason for the visit, the diagnosis or care actually provided or the cost of each visit. (**Id.** at 11-12) Instead Plaintiff responds as follows: "LUDWICK HAS PROVIDED MOST MEDICAL RECORDS THAT ARE REMOTELY RELEVANT TO THIS INQUIRY, WILL ALLOW ACCESS TO MYSPARROW CHART, AND WILL UPLOAD WHOLE MEDICAL HISTORY WHEN SPARROW PROCESSES THE REQUEST." Plaintiff has not provided authorizations for the release of any medical records, nor provided the promised access to this vital information. This is simply not responsive.

Interrogatory 7 requests information regarding the aggravation of any pre-existing conditions and Request to Produce 7 seeks authorization for the release of these records. (**Id.** at 12-18)

Interrogatory 8 requests information regarding future medical or psychological providers that Plaintiff has scheduled treatment with. (**Id.** at 14-15)

Request to Produce 8 seeks authorization for release of these records. (**Id.** at 15)

Plaintiff did not object to any of these requests, but also did not provide the information requested. Plaintiff also responded "Attached" to the requests for authorizations, <u>but does not actually include authorizations</u>. Plaintiff has not provided access to any online portals to Defendant in order to obtain records.

Plaintiff claims physical injury and mental and emotional health issues and interferes with her general ability to enjoy a normal life arising out of her confinement in the Clinton County Jail and seeks damages for these injuries. She also alleges the exacerbation of a pre-exiting medical/psychological condition, however, she has refused to produce the underlying medical and psychological records, or to provide an authorization for the release of these documents. The requested records are necessary to identify any historical mental health treatment Plaintiff received and any pre-existing conditions or outside factors which may be the true cause of Plaintiff's alleged emotional or mental problems. As Plaintiff has put her mental condition at issue in this case, these records are required to be produced. *See Kubik v. Central Mich. Univ. Bd. of Trustees*, No. 15-cv-12055, 2016 WL 9631633, at *5 (E.D. Mich. Mar. 17, 2016)

Plaintiff was required to produce *all* of records in her possession. Defendants are entitled to examine these records and needs to have their expert witnesses review the same in order to properly defend against Plaintiff's claims.

Plaintiff has not answered this request, as ordered by the Court. As such, Defendant seeks an order either dismissing Plaintiff's case for failure to obey the Court's order to provide or permit discovery, or to waive, relinquish, and dismiss Plaintiff's claim for physical, emotional and/or psychological injury.

***C. Requests to Produce 9 & 11***

Defendants Request to Produce 9 seeks authorizations for the release of employment records. (**Ex. A** at 18) Request to Produce 11 seeks authorizations for the release of tax records. (**Id.** At 19) Plaintiff has not objected to these requests and once again responds "attached" but has failed to include the requested authorizations.

Defendants are entitled to all this information. As such, Defendants seek an order either dismissing Plaintiff's case for failure to obey the Court's order to provide discovery.

***D. Interrogatory 13 and Request to Produce 14***

Interrogatory 13 seeks the names of witnesses and the topics about which witnesses will testify. (**Ex. A** at 21-22) Request to Produce 14 seeks any statements from each witness. (**Id.** at 21) Plaintiff has not objected but instead referred Defendants to an attached witness list, which does not give a summary of that witnesses testimony. Plaintiff has also refused to produce documentation given to, or obtained from, witnesses, responding "N/A, will supplement appropriately". (**Id.**)

Additionally, if a party elects to answer an interrogatory by reference to records pursuant to Fed. R. Civ. P. 33(d), the response must "specify[] the records that must be reviewed, in sufficient detail to enable to interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). "When a party invokes Rule 33(d), it must first affirm 'that the information sought by the interrogatory is in fact available in the specified records,' represent 'that the information is in the designated records,' and must 'specify where in the records it can be found.'" *Mooney v. City of Dearborn,* No. 08-12124, 2008 WL 4539513, at *2 (E.D. Mich. Oct. 8, 2008) (quoting Wright & Miller, 8A Fed. Prac. & Proc. Civ.2d § 2178) The party cannot simply blanket direct the requesting party to the entirety of a production.

Similarly, under Fed. R. Civ. P 34(b)(2)(E)(i) requires that a "party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request". As there is no business at issue here, Plaintiff must organize and label the documents to correspond to Defendants' requests, instead of just offering up thousands on unorganized pages from other litigations.

Plaintiff cannot refuse to identify known witnesses and the topics about which they will testify, then be allowed to call those witnesses at trial. As such, Defendant seeks an order either dismissing Plaintiff's case for failure to obey the Court's order

to provide or permit discovery or striking the witnesses and prohibiting their testimony.

### *E. Interrogatory 15 and Request to Produce 16*

Interrogatory 15 seeks the names of expert witnesses and the topics about which expert witnesses will testify. (**Ex. A** at 22-24) Request to Produce 16 seeks any documentary evidence either taken by each expert, or provided to each expert to be used in formulating their opinion, as well as any reports or writing produced by said expert. (**Id.** at 25)

In response, Plaintiff identifies expert witness, Will Adams. Mr. Adams was a retained plaintiff's expert in a prior lawsuit involving the Sheriff and the Jail-not for this case. He was deposed in that lawsuit, however, the prior lawsuit was dismissed on those defendants' motion. Mr. Adams has not been retained by the Plaintiff in this lawsuit. However, it appears that Plaintiff counsel intends to lift Mr. Adams testimony from his prior depositions in a prior lawsuit and cut and paste his testimony into the present lawsuit. This is clearly improper. During the latest meet and confer regarding discovery, Plaintiff's counsel admitted that he has retained Mr. Adams with respect to this case. Plaintiff's document production further states "see attached", but does not identify which, if any of the 1900 pages of materials attached are responsive to this request.

The information regarding experts for Plaintiff is vital for Defendants to be

able to properly defend against this action. If Plaintiff is not going to retain an expert, she needs to state so. Defendants seek an order either dismissing Plaintiff's case for failure to obey the Court's order to provide discovery or, alternatively, barring any expert witness(es) from testifying.

***F. Interrogatories 17-21 and Requests to Produce 18-23***

Interrogatories 17 requested the following:

> 17. In Count I of your Complaint, you allege Fourth Amendment, Fifth Amendment, and Fourteenth Amendment violations against Defendants for not allowing Plaintiff, "transfer by medical personnel to the hospital". In relation to these allegations, please provide the following information:
>
> > (a) Identify by name, each Defendant who allegedly violated your Fourth Amendment rights
> >
> > (b) Identify each right secured by the Fourth Amendment that each Defendant violated and describe factually how you were deprived of the right and the injury you sustained.
> >
> > (c) Identify each act, action and occurrence taken by each Defendant which you claim violated each right secured by the Fourth Amendment and describe how each act caused or contributed to the resulting injury.
> >
> > (d) Identify by name, each Defendant who allegedly violated your Fifth Amendment rights.
> >
> > (e) Identify each right secured by the Fifth Amendment that each Defendant violated and describe factually how you were deprived of the right and the injury you sustained.
> >
> > (f) Identify each act, action and occurrence taken by each Defendant which violated each right secured by the Fifth Amendment and how each act caused and or contributed to the resulting injury.

> (g) Identify by name, each Defendant who allegedly violated your Fourteenth Amendment rights.
>
> (h) Identify each right secured by the Fourteenth Amendment that each Defendant violated and describe factually how you were deprived of the right and the injury which you sustained.
>
> (i) Identify each act, action and occurrence taken by each Defendant which you claim violated each right secured by the Fourteenth Amendment and how each act contributed to the resulting injury.
>
> (j) Identify by name, address, and telephone number each witness to with knowledge and/or information supportive of your allegations regarding each constitutional violation and each supportive of each subpart of this interrogatory.
>
> (k) Identify by name address and telephone number each witness with knowledge and/or information supportive of your claims of each injury you sustained in relation to each alleged constitutional violation.

Ex A. pp. 27-28) In response to these detailed request, Plaintiff responds "4TH, 14TH, AND 5TH". (**Ex. A p.** 28) This type of response is also given for Interrogatories 18-21, which request similar specific information regarding the other Counts in Plaintiff's Complaint, with similar non-responsive, conclusory statements from Plaintiff. (**Id.** at 28-34)

At the end of Plaintiff's responses, she includes a section titled "CCJ – The House of Horrors and Torture, Answer To Questions 17,18, 19, 20, 21 narratives for ease of responding." Instead of responding to the Interrogatories as requested, in discrete subparts, Plaintiff launches into a 38 page rambling, non-responsive narrative regarding prior litigation involving the Clinton County Jail. The response

contains no information regarding the present litigation nor the claims at issue herein. See (**Id.** at 37-57). Interrogatory answers "must be responsive, full, complete and unaversive. Further, a party may not defer answering or refuse to answer by suggesting that the information may be forthcoming." *Miller v Joaquin*, 431 F. Supp 3d 906, 922 (2019) citing *Jones-McNamara v. Holzer Health Systems*, No. 2:13-cv-616, 2014 WL 3563406, at *1 (S.D. Ohio July 18, 2014).

Defendants Requests to Produce 18-23 similarly request documents relating to the Plaintiff's Interrogatory responses. To each Plaintiff Responds "Attached. Plaintiff will supplement as required and/or appropriate" without identifying which attached documents are purportedly related to this request. For Defendants Request to Produce 23, which asks Plaintiff to "Produce all copies of documents, records, writings, and recordings of every kind and nature, evidencing your allegation in paragraph 27 of your Complaint that Clinton County Jail's policy that "inmates don't deserve basic human and medical necessities and should suffer while incarcerated regardless of particularized need", Plaintiff responded with the statement "Inmates Don't Deserve Basic Human And Medical Necessities And Should Suffer While Incarcerated Regardless Of Particularized Need", which clearly does not satisfy a document request.

Defendants are entitled to all this information in order to determine the actual facts of the case that are at issue for trial. As such, Defendants seek an order

dismissing Plaintiff's case for failure to obey the Court's order to provide discovery.

***G. Request to Produce 24, 26-28***

In its final Requests to Produce, Defendants requested Plaintiff to produce all documentation evidencing Plaintiff's damage claims, documents that Plaintiff may introduce or rely upon at trial, tangible materials that Plaintiff may introduce and any documents, ESI and tangible things in Plaintiff's possession related to this litigation. (**Ex. A**, pp 35-36) For each request, Plaintiff again responds "Attached" without reference to any documents and that it will "supplement as appropriate".

Once again, this information is relevant and discoverable. Defendants have waited for these requests to be responded to fully, has given numerous extensions both before and after the Order of the Court, including the most recent promise to provide the materials by August 21st. But that has not been done. Based on these facts Defendants seek an order either dismissing Plaintiff's case for failure to obey the Court's order to provide discovery.

## RELIEF REQUESTED

WHEREFORE, for all these reasons, Defendants CLINTON COUNTY, MICHIGAN, SHERIFF SEAN DUSH, CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO, SERGEANT RICHARD STOUT, and JOHN DOES respectfully requests this Honorable Court enter an Order imposing sanctions on Plaintiff and/or Plaintiff's Counsel for failure to obey an Order to provide or permit

discovery, up to and including a dismissal of this case with prejudice and the payment of reasonable expenses caused by the failure.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By: /s/ TIMOTHY S. FERRAND
TIMOTHY S. FERRAND (P39583)
Attorney for Clinton County, Dush, Sheriff's Office, Chapko, Stout and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600

Dated: August 26, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: none.

***Cummings, McClorey, Davis & Acho, PLC***

By: /s/ Timothy S. Ferrand

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of LCivR 7.3(b)(1) because, excluding the parts exempted by LCivR 7.3(b)(1), it contains 4,622 words. The word count was generated using Microsoft Word for Microsoft 365 MSO (Version 2402).

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, P.L.C.***

By: */s/ TIMOTHY S. FERRAND*
Timothy S. Ferrand (P39583)
Attorney for Clinton County, Dush, Sheriff's Office, Chapko, Stout and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

Dated: August 26, 2026