UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHEALA MICHELLE LUDWICK,

Plaintiff,

v.

CLINTON COUNTY, et al.,

Defendants.

Hon. Jane M. Beckering

Case No. 1:25-cv-320

______________________________________/

**ORDER**

Presently before the Court is Defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37. (ECF No. 65.) Plaintiff failed to respond timely.

On June 17, 2026, Defendants filed a motion to compel Plaintiff to answer their first set of interrogatories and request for production of documents. (ECF No. 53.) Defendants had served their discovery requests on Plaintiff on April 9, 2026, but Plaintiff failed to answer them timely. (*Id.* at PageID.338.) In spite of Defendants' counsel's subsequent efforts to obtain answers, Plaintiff failed to provide them. (*Id.* at PageID.338–39.) Plaintiff did not file a timely response to the motion, so on July 8, 2026, the Court ordered Plaintiff to respond to the discovery requests within 14 days. (ECF No. 57.) Defendants filed their present motion for sanctions after Plaintiff failed to provide complete and non-evasive answers to their discovery requests.

Pursuant to their motion, Defendants request sanctions under Rule 37(b)(2) against Plaintiff and/or her counsel up to and including dismissal with prejudice and payment of reasonable expenses caused by Plaintiff's failure to comply with the July 8, 2026 Order. (ECF No. 65 at PageID.505.) The Sixth Circuit requires district courts to consider the following four factors when deciding whether a sanction of dismissal is warranted under Rule 37(b): "(1) whether the

party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks omitted). While some of these factors may be present and would warrant dismissal, the Court finds that dismissal is not supported at this juncture because it has not previously warned Plaintiff that her failure to comply with discovery orders could result in a dismissal. Although the July 8, 2026 Order granted Defendants' motion to compel and directed Plaintiff to respond to Defendants' discovery requests within 14 days, it did not warn Plaintiff of the possibility of dismissal with prejudice.

Defendants are entitled to an order compelling Plaintiff to provide complete, non-evasive, and timely answers to their discovery requests as outlined in Defendants' motion. Specifically, Plaintiff must provide complete answers to Interrogatories 5, 6–8, 13, 15, and 17–21 and Request to Produce Nos. 4, 5, 7–9, 11, 14, 16, 18–24, and 26–28 as set forth in Defendants' motion. Plaintiff must do so within **seven days** of the date of this Order and must cure the deficiencies set forth in Defendants' motion. Furthermore, Plaintiff must file with the Court on the date of compliance a notice that she has fully responded to the discovery requests within the time set forth herein. Plaintiff is warned that failure to comply with this Order by the deadline may result in dismissal of this action with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b).

Pursuant to Rule 37(b)(2)(C), Defendants are entitled to an award of expenses, including attorney's fees incurred in bringing their motion, to be paid by Plaintiff and her counsel. Accordingly, within **seven days** of this Order, Defendants' counsel shall submit a declaration

setting forth their attorney's fees and expenses incurred in bringing this motion. Plaintiff shall have **seven days** from the date Defendants file their declaration to file a response. Therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37 (ECF No. 65) is **GRANTED** as set forth above.

Dated: September 29, 2026

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge