**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

MICHEALA MICHELLE LUDWICK,
an Individual,

Plaintiff,

v.

Case No.: 25-cv-00320
Judge Jane M. Beckering
Mag. Judge Sally J. Berens

CLINTON COUNTY, MICHIGAN, a state of Michigan municipality, SHERIFF SEAN DUSH, individually and as employee/agent Clinton County, CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO, individually and as employee/agent Clinton County, SERGEANT RICHARD STOUT, individually and as employee/agent Clinton County, ~~DAWN THELEN, L.P.N., individually and as employee/agent Clinton County~~, JOHN DOES, to be named individually and as employees/agents Clinton County,
~~ADVANCED CORRECTIONAL HEALTHCARE, INC., an Illinois corporation~~

Defendants.

JACOB A. PERRONE (P71915)
Dragon Lawyers PC
Attorney for Plaintiff
325 East Grand River Ave., Suite 250
East Lansing, MI 48823
(844) 525-3529
Jacob.perrone@yahoo.com

TIMOTHY S. FERRAND (P39583)
Cummings, McClorey, Davis & Acho, PLC
Attorney for Clinton County, Dush, Sheriff's Office, Chapko, Stout and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com
tlange@cmda-law.com

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH COURT ORDERED DISCOVERY**

Defendants CLINTON COUNTY, MICHIGAN, SHERIFF SEAN DUSH, CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO, SERGEANT RICHARD STOUT, and JOHN DOES, by and through their attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, hereby moves this Court for an Order of Dismissal for Failure to Comply with Court Order Discovery.

Defendants rely on the law and argument in the attached brief in support of this motion.

Defendants sought concurrence in the relief requested in this motion from Plaintiff. Concurrence was not obtained.

WHEREFORE, for all these reasons and for those in the attached brief, Defendants Clinton County, Michigan, Sheriff Sean Dush, Clinton County Sheriff's Office, Deputy Alexis Chapko, Sergeant Richard Stout, and John Does respectfully requests this Honorable Court enter an Order of Dismissal for Failure to Comply with Court Order Discovery.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By: /s/ TIMOTHY S. FERRAND
TIMOTHY S. FERRAND (P39583)
Attorney for Clinton County, Dush, Sheriff's Office, Chapko, Stout and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600

Dated: November 10, 2026

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

MICHEALA MICHELLE LUDWICK,
an Individual,

Plaintiff,

v.

Case No.: 25-cv-00320
Judge Jane M. Beckering
Mag. Judge Sally J. Berens

CLINTON COUNTY, MICHIGAN, a state of Michigan municipality, SHERIFF SEAN DUSH, individually and as employee/agent Clinton County, CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO, individually and as employee/agent Clinton County, SERGEANT RICHARD STOUT, individually and as employee/agent Clinton County, ~~DAWN THELEN, L.P.N., individually and as employee/agent Clinton County~~, JOHN DOES, to be named individually and as employees/agents Clinton County,
~~ADVANCED CORRECTIONAL HEALTHCARE, INC., an Illinois corporation~~

Defendants.

JACOB A. PERRONE (P71915)
Dragon Lawyers PC
Attorney for Plaintiff
325 East Grand River Ave., Suite 250
East Lansing, MI 48823
(844) 525-3529
Jacob.perrone@yahoo.com

TIMOTHY S. FERRAND (P39583)
Cummings, McClorey, Davis & Acho, PLC
Attorney for Clinton County, Dush, Sheriff's Office, Chapko, Stout and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com
tlange@cmda-law.com

**<u>BRIEF REGARDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH COURT ORDERED DISCOVERY</u>**

# TABLE OF CONTENTS


Table of Authorities ........ ii

Statement of Relevant Facts ........ 1

Plaintiff's Failure to Comply with Court Ordered Discovery ........ 1

Law and Argument ........ 3

I. Legal Standards ........ 3

II. Sanctions are Justified ........ 5

III. Sanctions Requested ........ 8

Relief Requested ........ 8

# TABLE OF AUTHORITIES

## Cases


*Bank One of Cleveland v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) ..... 4
*Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) ..... 4
*Bass*, 71 F.3d at 241 ..... 5
*Bass*, 71 F.3d at 242 ..... 7
*Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 Fed. Appx. 514, 521 (6th Cir. 2016) ..... 5
*Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013) ..... 5
*Carpenter v. City of Flint*, 723 F.3d 700, 709 (6th Cir. 2013) ..... 5
*Carpenter*, 723 F.3d at 707 ..... 7
*Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) ..... 4, 5
*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) ..... 5
*Harmon*, 110 F.3d at 368 ..... 7, 8
*Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 366 (6th Cir. 1999) ..... 5
*Link v.* Wabash Railroad Co., 370 U.S. 626 (1962) ..... 8
*Peterson v. Payton*, No. 10-14403, 2012 WL 7018238, at *2 (E.D. Mich. Nov. 28, 2012), *report and recommendation adopted*, No. 10-14403, 2013 WL 489713 (E.D. Mich. Feb. 8, 2013) ..... 4
*Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988) ..... 4
*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) ..... 5


## Rules


Fed. R. Civ. P. 37(b)(2) ..... 8
Fed. R. Civ. P. 37(b)(2)(A) ..... 3
Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) ..... 3
Fed. R. Civ. P. 37(b)(2)(C) ..... 3

## STATEMENT OF RELEVANT FACTS

This lawsuit was filed by Plaintiff Micheala Michelle Ludwick. ("Plaintiff") Plaintiff claims she was sentenced to 30 days in jail by the 65A Judicial District Court and transported to the Clinton County Jail on June 7, 2023. While incarcerated, she alleges that she suffered from a medical condition, fell to the ground and struck her head. She filed this lawsuit against Clinton County, Sheriff Dush, the Clinton County Sheriff's Office, Deputy Alex Chapko, Sgt. Richard Stout, Nurse Dawn Thelen, and Advanced Correctional Health Care, Inc. Ms. Ludwick is alleging violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution for failure to provide medical attention.

## PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERED DISCOVERY

Defendants Clinton County, Michigan, Sheriff Sean Dush, Clinton County Sheriff's Office, Deputy Alexis Chapko, Sergeant Richard Stout, and John Does ("Defendants") served Plaintiff with their First Interrogatories and Requests for Production of Documents on April 9, 2026. Plaintiff did not respond. Counsel for Defendants had repeated contact with Plaintiff counsel, during which he agreed to provide discovery and asked for an extension to do so. On each occasion, Defendants' counsel granted the extension.

On June 17, 2026 Defendants filed a Motion to Compel. (ECF 53) Within that motion, Defendants outlined the date upon which they served discovery and each

extension granted to Plaintiff to respond. Defendant noted that despite each extension, Plaintiff had not provided discovery.

On July 8, 2026, the Court granted Defendants' motion and ordered Plaintiff to provide answers to the outstanding discovery within fourteen days. ECF 57.

Plaintiff provided its Response to Defendants First Interrogatories and Requests for Production of Documents on July 28, 2026. Plaintiff later filed a Supplemental Response on August 4, 2026.

Plaintiff's responses to the discovery were incomplete and evasive. Defendants filed a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37. (**ECF 60**). On September 29, 2026 this Court entered an Order compelling Plaintiff to provide full and complete answers to Interrogatories 5, 6-8, 13, 15 and 17-21 and Requests for Production of Documents 4, 5, 7-9, 11, 14, 16, 18-24 and 26-28 within seven days of the date of the Order and to cure any other deficiencies as set forth in Defendants' Motion. (**ECF 67**).

Plaintiff has not complied with the Court Order. Plaintiff has not supplemented the answers to Interrogatories and/or Requests for Production of Documents as directed by the Court. Plaintiff has not taken any other action or provided any reason for non-compliance. Defendants seek an Order for Sanctions under Rule 37 including the dismissal of the above-entitled litigation upon Plaintiff's repeated failure to comply with court ordered discovery.

# LAW AND ARGUMENT

## *I. Legal Standards*

A court may order sanctions if a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Sanctions may include any of the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make the award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

A motion for sanctions is addressed to the Court's discretion, which is informed by four factors: "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third

factor is whether the party was warned that failure to cooperate would lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)). "[A] sanction should be 'sufficient, but not greater than necessary' to accomplish its purpose." *Peterson v. Payton*, No. 10-14403, 2012 WL 7018238, at *2 (E.D. Mich. Nov. 28, 2012), *report and recommendation adopted*, No. 10-14403, 2013 WL 489713 (E.D. Mich. Feb. 8, 2013)

"The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). *See also Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir. 1997). "[D]ismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness. A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." *Id.* Alternative sanctions to dismissal with prejudice may include "'levying a fine, barring [counsel] from participating in oral argument, or any other disciplinary action,' even dismissal without prejudice." *Carpenter v. City of Flint*,

723 F.3d 700, 709 (6th Cir. 2013).

## *II. Sanctions are Justified*

All four factors justifying sanctions up to and including dismissal with prejudice have been met in this case.

First, Plaintiff's failure to cooperate in discovery is due to willfulness, bad faith, or fault. "A willful violation occurs whenever there is conscious and intentional failure to comply with the court order." *Bass*, 71 F.3d at 241. That is, the failure to comply was "intentional and did not arise from an inability to comply." *Id.* This element is met when there is "a clear record of contumacious conduct." *Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). "Contumacious conduct refers to behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Id.* (quoting *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008)). Where dismissal is warranted by contumacious conduct, "the importance 'of the remaining three factors' fades 'in the fact of th[is] conclusion.'" *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 Fed. Appx. 514, 521 (6th Cir. 2016) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 366 (6th Cir. 1999)). That is, when the offending party has engaged in bad faith or contumacious conduct, the district court is free to impose a penalty of dismissal even if the other three factors have not been met. *Id.* (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997)).

Defendant's interrogatories and requests to produce were served months ago. At Plaintiff's request, Defendant extended the time to respond repeatedly. When it became clear that Plaintiff had no intention of responding, Defendant filed its Motion to Compel. On July 8, 2026, this Court ordered Plaintiff to provide answers to the outstanding discovery within fourteen days. (**ECF 57**). Despite the Court Order Plaintiff has not complied. These are essential Interrogatories regarding the factual support for Plaintiff's claims; documenting Plaintiff's injuries and pre-existing medical conditions; identifying lay and expert witnesses.

Defendants filed a second Motion to Compel Discovery and for Sanctions under Rule 37. (**ECF 37**). On September 29, 2026, this Court entered an Order compelling Plaintiff to provide full and complete answers to the outstanding Interrogatories and Requests for Production of Documents within seven days and to cure other deficiencies set forth in Defendants' Motion (**ECF 67**).

Plaintiff has failed to comply with the Court's Order. Plaintiff has not filed supplemental answers to Interrogatories or Requests for Production of Documents. Plaintiff has taken no action to cure the deficiencies set forth in Defendants' Motion. More than 40 days have passed since the Court entered its Order.

Plaintiff's refusal to cooperate in the discovery process and failure to comply with the Court Orders regarding discovery is clear and unambiguous.

Second, Defendants have been prejudiced by Plaintiff's failure to cooperate.

"A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (quoting *Harmon*, 110 F.3d at 368). A defendant is also prejudiced when the plaintiff's refusal to cooperate prevents him from gathering evidence to support his defense. *Bass*, 71 F.3d at 242.

Defendants' discovery requests have been pending since April 9, 2026. Defendants have been unable to identify the underlying facts that form the basis for Plaintiff's claims, the witnesses and records that support Plaintiff's clams, the medical records regarding Plaintiff's physical condition while incarcerated, and the medical records showing Plaintiff's current medical condition treatment for her alleged injuries. Defendants are now faced with a discovery deadline and no pertinent information which would allow counsel to identify witnesses, take depositions, procure experts (including medical experts), conduct an IME and/or prepare for the deposition of the Plaintiff or any other important witness. The or delay has been solely due to Plaintiff's refusal to comply with the Court's Order.

Third, this Court has previously warned of sanctions for failure to comply with court ordered discovery. Plaintiff has engaged in bad faith and contumacious conduct as outlined above. Additional warning is not necessary to proceed with a dismissal. *Harmon*, 110 F.3d at 368.

Finally, while this Court can consider and impose lesser sanctions, including dismissal without prejudice, it has the power to dismiss a complaint with prejudice as the first and only sanction. *Harmon*, 110 F.3d at 368. "[T]he district court's consideration or imposition of lesser sanctions is a *factor* in our review, not a *sine qua non* for affirmance. We have never held that a district court is without power to dismiss a complaint, as the first and only sanction, on the basis of the plaintiff's counsel's neglect." *Id.* at 368. *See also Link v. Wabash Railroad Co.,* 370 U.S. 626 (1962)); Fed. R. Civ. P. 37(b)(2).

Any of the requested sanctions, up to and including dismissal with prejudice, are appropriate in this case for the reasons outlined above. The Court does not have to institute a lesser sanction before dismissal with prejudice.

### *III. Sanctions Requested*

Defendants seek an Order dismissing the above-entitled litigation. Plaintiff has repeatedly refused to participate in discovery and has now failed twice to comply with Court Orders compelling discovery. Therefore, the only appropriate sanction is dismissal.

## RELIEF REQUESTED

WHEREFORE, Defendants CLINTON COUNTY, MICHIGAN, SHERIFF SEAN DUSH, CLINTON COUNTY SHERIFF'S OFFICE, DEPUTY ALEXIS CHAPKO, SERGEANT RICHARD STOUT, and JOHN DOES respectfully request

this Honorable Court enter an Order dismissing the above-entitled litigation with prejudice and without costs to these Defendants.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By: /s/ TIMOTHY S. FERRAND
TIMOTHY S. FERRAND (P39583)
Attorney for Clinton County, Dush, Sheriff's Office, Chapko, Stout and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600

Dated: November 10, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: none.

By: /s/ Timothy S. Ferrand

**CERTIFICATE OF COMPLIANCE**

This brief complies with the word limit of LCivR 7.3(b)(1) because, excluding the parts exempted by LCivR 7.3(b)(1), it contains 2,029 words. The word count was generated using Microsoft Word for Microsoft 365 MSO (Version 2402).

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, P.L.C.***

By: */s/ TIMOTHY S. FERRAND*

Timothy S. Ferrand (P39583)
Attorney for Clinton County, Dush, Sheriff's Office, Chapko, Stout and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

Dated: November 10, 2026